UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLE CHASE | : NO.: 3:18-cv-00683 (VLB) |
| | : |
| v. | : |
| | : |
| NODINE'S SMOKEHOUSE, INC., CALVIN NODINE, TOWN OF CANTON, JOHN COLANGELO, ADAM GOMPPER, MARK J. PENNEY AND CHRISTOPHER ARCIERO | : |
| | : |
| | : |
| | : OCTOBER 2, 2018 |

### DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

The undersigned defendants, TOWN OF CANTON, JOHN COLANGELO, ADAM GOMPPER, MARK J. PENNEY, and CHRISTOPHER ARCIERO (the "defendants"), submit this reply to plaintiff's Objection to Motion to Dismiss dated September 21, 2018 [Doc. 43].

I. **The Plaintiff Cannot Rely on Extrinsic Evidence**

At the outset, the plaintiff has improperly included extrinsic evidence as exhibits to her objection. In particular, she has attached audio-video recordings and transcripts of same. The Court should not consider such evidence on a motion to dismiss under Rule 12(b)(6).

It is unclear who made the transcripts, although it appears they were created by the plaintiff for purposes of this litigation. There is no signed verification by a stenographer attesting to the accuracy of the transcriptions. The defendants reserve the right to challenge the authenticity and admissibility

of the transcripts and, generally, disagree with the plaintiff's interpretation and/or summarization of her police interview and/or that of co-defendant Calvin Nodine.  Nevertheless, as the transcripts, as well as the corresponding audio-video recordings, are not incorporated within the Complaint by reference they may not be considered by this Court in ruling on the defendants' Motion to Dismiss.

It is well-established that "a district court is limited to consideration of the *four corners of the complaint* when reviewing a motion to dismiss."  See SBA Communications, Inc. v. Zoning Com'n of Town of Brookfield, 96 F.Supp.2d 139, 141 (D.Conn. 2000) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir.1991)) (emphasis added); see also IHS Acquisition XV, Inc. v. Kings Harbor Care Center, No. 98 CIV 7621(LBS), 1999 WL 223152, at *2 (S.D.N.Y. April 16, 1999).  There are only two narrow exceptions to this rule, as the Second Circuit has held that courts may consider materials that are subject to judicial notice or materials that are integral to the plaintiff's complaint when ruling on a Rule 12(b)(6) motion. See Cortec Indus., Inc., 949 F.2d at 47–48.

The plaintiff's exhibits are not subject to judicial notice, as they are not documents filed in another court being offered to establish the fact of such litigation. See Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 156 (2d Cir. 2006).  The exhibits are also not integral to the plaintiff's complaint.  "[A] necessary prerequisite for that exception is that the 'plaintiff

2

rel[y] on the terms and effect of [the] document in drafting the complaint... [M]ere notice or possession is not enough.'" Global Network Commc'ns, Inc., 458 F.3d at 156 (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)).  The Second Circuit has explained that in most cases where this exception is recognized, "the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." Id. at 157.  The purpose of the exception is to allow the defendant to include certain extrinsic evidence in a motion to dismiss, as the plaintiff should not be permitted to "generat[e] complaints invulnerable to rule 12(b)(6) simply by clever drafting." Id.

      That is not the case in the present action.  The justification of preventing the plaintiff from making herself invulnerable to Rule 12(b)(6) through clever drafting is nonexistent because it is not the defendants who are attempting to introduce the extrinsic evidence but instead the plaintiff.  As explained in the defendants' Motion to Dismiss, the Complaint fails to state a cognizable legal claim.  By attempting to introduce evidence in support of her claims, the plaintiff seeks to contravene the purpose of Rule 12(b)(6), "which is to streamline litigation by dispensing with needless discovery and factfinding where the plaintiff has failed to state a claim under the law." Kaufman v. All Seasons

Marine Works, Inc., No. 3:11cv1874(VLB), 2012 WL 4928862, at *7 (D.Conn. Oct. 16, 2012), aff'd, 554 Fed.Appx. 71 (2d Cir. 2014). Accordingly, this Court should not consider the extrinsic evidence offered by the plaintiff in support of her objection.

## II.   The False Arrest and Malicious Prosecution Claims Should Be Dismissed

As set forth in the defendants' Motion to Dismiss, the plaintiff's false arrest and malicious prosecution claims fail because her arrest was pursuant to a warrant issued by a Superior Court Judge. To overcome the presumption of probable cause under such circumstances, the plaintiff must demonstrate that the defendants knowingly and intentionally made a false statement in the warrant affidavit, and that such false information was necessary to the finding of probable cause. See Soares v. Connecticut, 8 F.3d 920 (2d Cir. 1993).

The plaintiff fails to make any such showing. Her first argument is that the criminal statute for making a false statement, C.G.S. § 53a-157b, includes an "intent" element, and the arrest warrant contained no evidence of her intent. While the plaintiff may personally interpret the warrant application as not containing evidence of intent, it is undisputed that a Superior Court Judge disagreed when he signed the warrant. This determination by a judge creates a presumption that it was objectively reasonable for the defendants to believe there was probable cause. See Golino v. City of New Haven, 950 F.2d 864, 870

(2d Cir. 1991). The plaintiff's disagreement with a Superior Court Judge does not rebut the presumption of probable cause. In other words, the plaintiff's own subjective interpretation of a warrant affidavit has no bearing on whether the defendants knowingly or intentionally made a false statement, or whether any false or omitted information was necessary to a finding of probable cause.

      The plaintiff's second argument is that the defendants should have "withdrawn" the arrest warrant after she provided further information to Detective Colangelo. The plaintiff has not plead any facts to support a claim that the defendants had the ability to withdraw an arrest warrant application after it had been submitted to the State's Attorney. Even assuming the defendants could somehow withdraw the warrant, it has no bearing on whether the defendants knowingly or intentionally made a false statement, or whether any such information was necessary to a finding or probable cause at the time the arrest warrant application was submitted by the defendants. Any subsequent acts or omissions are irrelevant to the probable cause determination.

      As for her third argument, the plaintiff claims that the arrest warrant contained "lies, misleading information and material omissions." However, the plaintiff never explains which of the alleged lies, misleading information, or omissions she believes were necessary to the finding of probable cause. As explained in the defendants' motion, it is the plaintiff's burden to plead such facts. Instead, she states in conclusory terms that she "has plainly met her

burden under *Franks* to overcome any presumption pertaining to the warrant" [Doc. 43, p. 25]. Such conclusory statements are insufficient. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

Reading the plaintiff's allegations broadly, she alleges that the defendants failed to include corroborating witness statements by her co-workers relating to the plaintiff's allegations against Calvin Nodine. It is possible that she believes a lack of such information in the arrest warrant application constituted a material omission. It also appears that she believes the defendants' omission of Mr. Nodine's polygraph test results constituted a false statement or omission. However, the plaintiff makes no attempt to explain how any such alleged false statements or omissions were necessary to a finding of probable cause *as to the charge against the plaintiff*. Any such statements or omissions relating to the corroborating witness statements or Mr. Nodine's polygraph tests could only conceivably relate to the plaintiff's allegations against Mr. Nodine, which is a separate issue from whether the plaintiff made a false statement to the defendants. Regardless of whether the defendants included all information relating to the plaintiff's allegations against Mr. Nodine, none of those facts change the analysis of whether there was probable cause for the plaintiff's arrest.

Finally, the plaintiff argues that an "inference" can be drawn that the defendants acted in "bad faith, with malice and/or for corrupt purposes." She

6

relies almost entirely on extrinsic evidence, which the Court should not consider for the reasons stated above. Even if the Court were to consider the extrinsic evidence, the evidence does not support the plaintiff's argument. In order to overcome the presumption of probable cause, the plaintiff must show that the defendants knowingly and intentionally, or with reckless disregard for the truth, made a false statement or omitted material information from the arrest warrant affidavit. See Soares, 8 F.3d 920. Conclusory and opinionated statements about Detective Colangelo and Mr. Nodine making small talk and discussing mutual acquaintances during their meeting are simply irrelevant, and the plaintiff cites no legal authority in support of her position.

### III. The Equal Protection Claims Should Be Dismissed

The plaintiff acknowledges that she is not making an equal protection claim based on a "class of one" theory, and therefore, any such claim should be dismissed. As to her selective enforcement claim, the defendants explain in their motion that the plaintiff has not identified any similarly situated individuals from whom she was treated differently. In her objection, the plaintiff continues to offer nothing more than conclusory allegations to the contrary. In particular, she does not identify any similarly situated individuals outside of her protected class (i.e. males who submitted false statements to the defendants) who were treated more favorably. The only such person identified in the Complaint is Calvin Nodine. As explained in the defendants' motion, the plaintiff had no right

to have Mr. Nodine investigated or arrested, and such an argument cannot support her claim.  See Linda R.S. v. Richard D., 410 U.S. 614 (1973).

## IV. The Due Process and State Law Claims Should Be Dismissed

The plaintiff does not even attempt to address the defendants' argument that her due process claim should be dismissed because there is an explicit source of protection under the Fourth Amendment.  As explained in the Motion to Dismiss, the law is well-settled and the plaintiff has failed to state a cognizable due process claim.

As to her claim for intentional infliction of emotional distress, the plaintiff continues to assert nothing more than a threadbare recital of the elements of that cause of action, which is not sufficient to overcome the defendants' motion.

The plaintiff's claim for negligent infliction of emotional distress should also be dismissed because the defendants are entitled to governmental immunity for the reasons stated in their motion.  The plaintiff now argues that immunity does not apply because she is subject to the identifiable person-imminent harm exception.  As a matter of law, the plaintiff cannot assert that exception because she failed to plead it in her Complaint.  In order for a plaintiff to raise the identifiable person-imminent harm exception, it must be explicitly set forth in the plaintiff's pleadings.  See Haynes v. Middletown, 122 Conn.App. 72, 80–81 (2010), rev'd, 306 Conn. 471 (2012).  When a plaintiff fails to specifically plead the identifiable person-imminent harm exception in her

8

pleadings, courts will not consider such an argument if subsequently raised on a dispositive motion. See e.g., Kajic v. Marquez, HHDCV166065320S, 2017 WL 4399631, at *9 (Conn.Super.Ct. Aug. 16, 2017) (refusing to consider the identifiable victim-imminent harm exception raised by plaintiff in his objection to summary judgment where plaintiff failed to assert that exception in his initial pleadings).  The plaintiff has failed to allege any facts to support that she qualifies for the exception and, therefore, this Court should dismiss her negligence claim.

      V.      The Monell Claims Should Be Dismissed

The plaintiff makes the novel argument that she has alleged a cognizable Monell claim because Paragraph 61 of her Complaint sets forth a number of "standards" from the International Association of Police Chiefs (IAPC) and End Violence Against Women International (EVAW).[1] She then claims in Paragraph 62 of the Complaint that the defendants failed "dismally" in meeting those standards.

The plaintiff appears to misunderstand the nature of a Monell claim. There are four ways that a plaintiff can prove such a claim, as set forth in the defendants' motion.  None of those ways involves proving that a police department failed to meet standards set by an outside agency or group.  Put

---

[1] The Complaint does not specify which of the alleged standards were adopted by which of these groups, when they were adopted, the context in which they were adopted, or the scope of any such standards. The plaintiff also has not produced a copy of the alleged standards.

differently, a police department's failure to meet someone else's standards for what constitutes proper police work does not establish a <u>Monell</u> claim. Such a claim must be demonstrated by showing that the police department had a specific policy that resulted in a constitutional violation, an employee with decision-making authority violated the plaintiff's civil rights, a persistent and widespread custom or usage within the department, or a failure by a policy-maker to train or supervise employees that amounts to deliberate indifference to civil rights. <u>See</u> <u>McLaurin v. New Rochelle Police Officers</u>, 368 F.Supp.2d 289, 293-294 (S.D.N.Y. 2005) (citing cases). Plaintiff's Complaint does not make any such allegations and, therefore, it does not establish a <u>Monell</u> claim.

### VI.     Personal Involvement/Qualified Immunity

The defendants do not believe a response is necessary to plaintiff's counterarguments concerning the personal involvement of defendants Mark J. Penny and Christopher Arciero and/or the doctrine of qualified immunity and rely solely on their memorandum at Section II, C and D.

For all the foregoing reasons and the reasons set forth in the defendants' Motion to Dismiss and supporting memorandum, the Canton defendants respectfully request that their Motion to Dismiss be granted.

                      **DEFENDANTS,
TOWN OF CANTON, JOHN COLANGELO, ADAM GOMPPER, MARK J. PENNEY AND CHRISTOPHER ARCIERO**

                      By */s/ Christopher A. Clark*
                          **Christopher A. Clark
Ct29582
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114-1190
(860) 249-1361
(860) 249-7665 fax
cclark@hl-law.com**

## CERTIFICATION

       This is to certify that on October 1, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

| | |
|---|---|
| **Lewis H. Chimes, Esq.**<br>**Mary-Kate Smith, Esq.**<br>**Law Office of Lewis Chimes, LLC**<br>**45 Franklin Street**<br>**Stamford, CT  06901** | **Katie Ann Roy, Esq.**<br>**Robert Fortgang Associates, LLC**<br>**Greystone Court**<br>**573 Hopmeadow Street**<br>**Simsbury, CT  06070** |
| **David A. Moraghan, Esq.**<br>**Smith, Keefe, Moraghan & Waterfall, LLC**<br>**32 City Hall Avenue, # C**<br>**Torrington, CT  06790** | **Elizabeth K. Acee, Esq.**<br>**LeClair Ryan, PLLC**<br>**545 Long Wharf Drive, 9th Floor**<br>**New Haven, CT  06511** |

                          */s/ Christopher A. Clark*
                          **Christopher A. Clark**