UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLE CHASE | :     NO.: 3:18-cv-00683 (VLB) |
| | : |
| v. | : |
| | : |
| NODINE'S SMOKEHOUSE, INC., CALVIN NODINE, TOWN OF CANTON, JOHN COLANGELO, and ADAM GOMPPER | : : :     March 20, 2019 |

**PLAINTIFF'S MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER**

The plaintiff, Nicole Chase, hereby respectfully moves this Court to quash a subpoena served by Defendants Town of Canton, John Colangelo, and Adam Gompper upon Verizon Wireless to obtain Nicole Chase's personal cell phone records, including all calls, call logs, text logs, text messages, voice mail messages, photos, etc. from April 1, 2017 to the present. The subpoena seeks highly confidential and private as well as irrelevant information. It is also unduly overboard. Alternatively, the plaintiff requests that the Court issue a protective order to prohibit disclosure of her private information.

I.     BACKGROUND

    A.     Plaintiff's Allegations.

The heart of this case is twofold: 1) sexual harassment and sexual assault in the workplace; and 2) malicious prosecution/false arrest.

Nicole Chase brings various claims for sexual assault by her employer, Calvin Nodine, and his company, Nodine's Smokehouse that took place the evening of May 6, 2017. The Complaint alleges that Calvin Nodine pulled her into the men's room of his restaurant and forced her to perform oral sex on him.

The following morning, she reported the sexual assault to Police Officers of

the Canton Police department. Over the next three months, Nicole Chase was victimized again, this time by the defendant police officers. Instead of investigating and prosecuting her assailant, they treated her with disrespect and never took her complaint seriously. On September 8, 2017, the police wrongfully charged Ms. Chase with making a false statement based upon a warrant that was demonstrably false and palpably biased.

    **B.**    **Defendants' Subpoena Served on Verizon Wireless**

On March 11, 2019, the Canton Police Defendants served a subpoena on Verizon Wireless to take the deposition of its Keeper of Records on April 11, 2019. The subpoena at issue also commands Verizon Wireless to produce the following with respect to Nicole H. Chase's cell phone number:

    1.    Copies of any and all cell phone records for the period from April 1, 2017 to the present.

    2.    Copies of any and all call detail records for the period from April 1, 2017 to the present.

    3.    Copies of any and all call logs regarding incoming/outgoing call activity, to include the time calls started and completed, for the period from April 1, 2017 to the present.

    4.    Copies of any and all voicemail messages received, to include time calls started and completed, for the period from April 1, 2017 to the present.

    5.    Copies of any and all text message activity, to include time texts started and completed, for the period from April 1, 2017 to the present.

    6.    Copies of any and all pictures received and sent via text message, to include time texts started and completed, for the period from April 1, 2017 to

the present.

7.    Copies of any and all videos received and sent via text message, to include time texts started and completed, for the period from April 1, 2017 to the present.

8.    Copies of any and all Internet activity, to include time activity started and completed, for the period from April 1, 2017 to the present.

9.    Copies of any and all purchase agreements, lease agreements and/or rental agreements between Nicole H. Chase and Verizon Wireless.

II.   ARGUMENT

The Subpoena should be quashed because it impermissibly infringes on Ms. Chase's privacy interest, is overly broad and requests irrelevant information.

A subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1). *Syposs v. U.S.*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998); *Weinstein v. Univ. of Conn.*, No. 07 Civ. 3219, 2012 WL 3443340, at *2 (D. Conn Aug. 15, 2012). Although Rule 26 allows for broad discovery, it is not an unlimited license for a fishing expedition. *Collens v. City of N.Y.*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004); *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

In addition, pursuant to Fed. R. Civ. P. 45(c)(3)(B)(I), "a court may quash, modify or condition a subpoena to protect a person affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information." *Syposs*, 181 F.R.D. at 226. Moreover, Rule 45(c)(3)(A) states that, "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it ... (iii) requires disclosure of privileged or other protected matter and no exception or

waiver applies or (iv) subjects a person to undue burden." Rule 26 authorizes a court to issue a protective order limiting the scope of discovery when necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Here, the Subpoena's document requests impermissibly and unnecessarily intrude upon the plaintiff's private, privileged, personal, medical and legal matters. Confidential information in cell phone records is "entitled to protection against unwarranted public disclosure resulting from discovery in federal civil litigation." *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998).[1] Much of the requested information will not pertain to this case but, rather, to Ms. Chase's personal life. The plaintiff's personal cell phone records contain text messages, photos, voice mails and other information she sent to or received from her family members, her partner, her daughter, and friends outside of work. Ms. Chase's correspondence with her doctors, therapists and attorneys is privileged and must be protected from disclosure.  Therefore, the subpoena must be quashed.

Not only does the subpoena served on Verizon Wireless infringe Ms. Chase's privacy interests, but it is overly broad on its face.  The requests are not limited to a reasonable temporal range.  The events in this case occurred almost two years ago and yet the defendants seek Ms. Chase's personal cell phone records from April 2017 to the present.  The requests are also not limited to the

---

[1] Federal legislation also demonstrates the privacy interest in cell phone records. The Telecommunications Act of 1996 protects the privacy of customer information. See Fred H. Cates, "Privacy and Telecommunications", 33 Wake Forest L. Rev. 1, 40 (1998). The Telephone Records and Privacy Protection Act of 2006 established criminal penalties for the unauthorized disclosure of phone records. *See Morano v. Slattery Skanska, Inc.*, 18 Misc. 3d 464, 472, 846 N.Y.S.2d 881, 886 (Sup. Ct. 2007).

claims or defenses of the parties in this case.  Most of the requested information is irrelevant to this matter.   Purchase agreements, lease agreements and/or rental agreements between Nicole Chase and Verizon Wireless are entirely irrelevant.

There is no reason that the defendants should be granted unfettered access to plaintiff's entire personal cell phone records during the time period specified in the subpoena.  Allowing defendants this unrestricted access exceeds the scope of reasonable discovery.  *See Quinby v. WestLB AG,* No. 04 Civ. 7406 WHP HBP, 2006 WL 59521, *1-2 (S.D.N.Y. Jan. 11, 2006) (granting motion to quash subpoenas; seeking all of plaintiff's e-mails from her personal account during a two-year period were clearly overbroad); *Sovereign Partners Ltd. P'ship v. Rest. Teams Int'l, Inc.,* No. 99 Civ. 0564 RJW JCF, 1999 WL 993678, at *4 (S.D.N.Y. Nov. 2, 1999)(unrestricted access to plaintiff's personal cell phone records was unwarranted); *Hedenburg v. Aramark Am. Food Servs.,* No. C06-5267 RBL, 2007 WL 162716, at *2 (W.D. Wash. Jan. 17, 2007) (finding plaintiff's personal e-mails with third parties wholly unrelated to the central claims of gender discrimination and wrongful termination, stating that "[d]efendant is hoping blindly to find something useful in its impeachment of the plaintiff"); *Pappillion v. Hyosung Motors Am., Inc.*, No. 1:07-CV-0900-BBM-RGV, 2008 WL 11335185, at *3 (N.D. Ga. Jan. 14, 2008)(quashed overbroad subpoena defendants served on Microsoft seeking access to plaintiff's personal e-mails without any subject-matter limitation); *Mackelprang v. Fid. Nat'l Title Agency of Nev., Inc.,* No. 2:06-cv-00788-JCM-GWF, 2007 WL 119149, at *6-8 (D. Nev. Jan. 9, 2007)(denying motion to compel production of myspace.com e-mails because request not limited to relevant material, it was nothing more than fishing expedition); *Moll v. Telesector Res. Grp.,*

*Inc.*, No. 04-CV-0805S(SR), 2017 WL 2241967, at *2 (W.D.N.Y. May 23, 2017).

Ms. Chase should be protected from the defendants' harassing fishing expedition and intrusion into her personal life.

### III. CONCLUSION

Wherefore, the plaintiff requests that the Court grant her motion to quash, as the Subpoena served on Verizon Wireless is overly broad, seeks records not relevant to the claims and defenses in this case, and unduly invades Ms. Chase's privacy interests.

THE PLAINTIFF,
NICOLE CHASE

By: *Mary-Kate Smith (Juris No. 423804)*
Lewis Chimes (Juris No. 303446)
Mary-Kate Smith (Juris No. 423804)
Law Office of Lewis Chimes LLC
45 Franklin Street
Stamford, CT 06901
Phone: (203)32407744
Facsimile: (203)969-1319
Email: lchimes@chimeslaw.com
msmith@chimeslaw.com

## **CERTIFICATION**

I HEREBY CERTIFY that on the 20th day of March, 2019 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

**Elizabeth K. Acee**
LeClair Ryan, PLLC
545 Long Wharf Drive, 9th Floor
New Haven, CT  06511

**David A Moraghan**
Smith Keefe Moraghan & Waterfall LLC
P.O. Box 1146
257 Main Street, 2nd floor
Torrington, CT 06790

**Kristan M. Maccini**
**Christopher A. Clark**
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190

**Elizabeth M. Smith**
LeClair Ryan, PLLC
One Financial Plaza
755 Main Street, Suite 2000
Hartford, Connecticut 06103

On the 20th day of March, 2019, a copy of the foregoing was served via facsimile and regular mail to:

Cellco Partnership D/B/A Verizon Wireless,
Attn: Subpoena Compliance Center
180 Washington Valley Road
Bedminster, New Jersey 07921

_____*/s/ Mary-Kate Smith*_____
Mary-Kate Smith

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLE CHASE | : NO.: 3:18-cv-00683 (VLB) |
| v. | : |
| NODINE'S SMOKEHOUSE, INC., CALVIN NODINE, TOWN OF CANTON, JOHN COLANGELO, ADAM GOMPPER, MARK J. PENNEY, AND CHRISTOPHER ARCIERO | : MARCH 20, 2019 |

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH

The undersigned, being duly sworn, deposes and says that:

1. I am counsel for the plaintiff in this action, along with Lewis Chimes.

2. This is a case involving egregious police misconduct. The plaintiff, Nicole Chase, was sexually assaulted by her former employer, Calvin Nodine. Plaintiff promptly reported it to the Canton Police Department. Instead of conducting a thorough, complete, and unbiased investigation, the Canton Police defendants wrongfully arrested plaintiff for making a false statement.

3. On March 11, 2019, the Canton Police Defendants served a subpoena on Verizon Wireless to take the deposition of its Keeper of Records on April 11, 2019. The subpoena at issue also commands Verizon Wireless to produce all Nicole Chase's personal cell phone records, including all calls, call logs, text logs, text messages, voice mail messages, photos, etc. from April 1, 2017 to the present.

4. Late on Thursday, March 14, 2019, the undersigned called and left a

voice message for Kristan Maccini, counsel for the Canton Police Defendants, seeking to discuss the document requests in the Subpoena and to try reach a resolution on narrowing the requests.

5. The undersigned was out of the office on Friday, March 15, 2019 for a trial lawyers conference.

6. On Monday, March 18th, the undersigned emailed Kristan Maccini to follow up concerning the voice message from March 14th and indicating that the plaintiff would produce records if they are limited to the issues or individuals in this case and limited in time and scope. Attorney Maccini did not respond on Monday, March 18th.

7. On Tuesday, March 19th, Attorney Maccini emailed the undersigned and indicated that Attorney Christopher Clark of her office is handling the Verizon deposition and that he had just returned from vacation. She also stated that as soon as he is able, he will contact the undersigned in an attempt to resolve the plaintiff's objection to Verizon producing the plaintiff's complete cell records from April 1, 2017 to present.

8. As of late afternoon on March 20, 2019, the undersigned has not received any communications from the Canton Police Defendants' attorneys.

9. Given that objections to Subpoena's must be filed within fourteen days of the service of the subpoena, the plaintiff's motion to quash should be served on Verizon in advance to also give Verizon an opportunity to object.

10. While plaintiff's counsel is still willing to attempt to resolve the plaintiff's objections, the motion to quash must also be filed sufficiently in

2

advance of the deposition, which is scheduled for April 11, 2019.

11.     I make this affidavit pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37 of the Local Rules of Civil Procedure, and the Court's procedures for resolution of discovery disputes.

_____
Mary-Kate Smith

Subscribed and sworn to me before on the 20[h] day of March, 2019.

_____
Notary/Commissioner of the Superior Court

3