UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE CHASE, | : | |
|     Plaintiff, | : | |
| | : | No. 3:18-CV-00683 (VLB) |
| v. | : | |
| | : | |
| NODINE'S SMOKEHOUSE, INC., | : | April 3, 2019 |
| CALVIN NODINE, TOWN OF | : | |
| CANTON, JOHN COLANGELO, | : | |
| ADAM GOMPPER, MARK J. | : | |
| PENNEY, CHRISTOPHER ARCIERO, | : | |
|     Defendants. | : | |
| | : | |
| | : | |

## RULING ON THE COURT'S IN CAMERA DOCUMENT REVIEW

On March 6, 2019, the Court held a discovery status teleconference with the parties in this case. During the teleconference, Plaintiff and the Town Defendants argued for and against, respectively, production of all complaints, incident reports, and the like, relating to Defendants Colangelo and Gompper. Thereafter, the Court ordered the Town Defendants to review and produce said documents. To the extent Defendants had legitimate legally supported objections to production of certain complaints and/or incident reports, the Court allowed Defendants to submit those complaints and reports to the Court for in camera review. Accordingly, the Town Defendants submitted three limited sets of documents to the Court for in camera review on March 18, 2019, along with a letter brief arguing against production. For the reasons discussed below, the Court orders production of only one set of documents, the Investigative Report regarding Defendant Gompper.

1

## Discussion

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial to be discoverable. *Id.*

Here, Plaintiff sought all disciplinary records and complaints against Defendants Colangelo and Gompper. "Plaintiffs [in civil rights cases] are presumptively entitled to discovery of documents on prior complaints and police histories of individual defendants because it could yield relevant information." *Gibbs v. City of New York*, 243 F.R.D. 96, 96 (S.D.N.Y. 2007) (citing *King v. Conde*, 121 F.R.D. 180, 198 (E.D.N.Y. 1988); *Hurley v. Keenan*, 1984 U.S. Dist. LEXIS 16888, at *8 (S.D.N.Y. 1984)). However, plaintiffs are not entitled to disciplinary records and complaints unrelated to the issues in the pending case or the truthfulness of potential witnesses, as such complaints have no relevance to the claims or defenses. *See Gross v. Lunduski*, 304 F.R.D. 136, 144 (W.D.N.Y. 2014) (requiring production of "complaints of similar misconduct"); *Sowell v. Chappius*, No. 07-cv-6355, 2010 WL 1404004, at *1 (W.D.N.Y. Mar. 31, 2010) (holding that prior complaints are discoverable "so long as the complaints are similar to the constitutional violations alleged in the complaint or are relevant to the defendant's truth or veracity"); *Henry v. Hess*, No. 11 Civ. 2707, 2012 WL 4856486, at *1 (S.D.N.Y. Oct. 12, 2012) (finding "complaints of misconduct and disciplinary records against a defendant police officer . . . that are similar to the allegations in the civil action against him would be subject to discovery").

Two of the sets of documents submitted by the Town Defendants for in camera review concern Defendant Colangelo's fitness for duty, the particulars of which are not relevant to the claims or defenses in this case or Defendant Colangelo's credibility. Accordingly, Plaintiff is not entitled to these documents.

A third set of documents submitted constitute an investigative report concerning Defendant Gompper from 2018. In May 2018, a Canton woman emailed a complaint to the Canton Police Department requesting that Defendant Gompper not respond to any future calls from her home. The email alleged that Defendant Gompper previously had a relationship with the woman's daughter, noting that she had seen photographs of Defendant Gompper in his police vehicle which he sent the daughter. After the relationship ended, Defendant Gompper responded to a domestic disturbance report at the home. His presence reportedly greatly upset the daughter. This email precipitated an investigation into potential inappropriate conduct by Defendant Gompper. The investigation included a number of interviews and documented relationships between Defendant Gompper and several women, including another city employee, and involving communication and conduct while Defendant Gompper was on duty. Defendant Gompper resigned in October 2018, prior to the conclusion of the investigation.

The Court finds that these documents are relevant to the claims and defenses in this case—Plaintiff's equal protection and malicious prosecution claims in particular. Plaintiff alleges that Defendants Colangelo and Gompper denied her police protective services in choosing not to seriously consider and investigate her sexual assault claim because of their animus towards women who

assert such complaints. The investigative report at issue is probative of Defendant Gompper's motivations in handling Plaintiff's complaint. It is most probative of Defendant Gompper's credibility and propensity for untruthfulness. Defendant Gompper represented to the community and the Police Department that he was executing his responsibilities while on duty, while at the same time engaging in inappropriate communications and conduct—including taking and sending photographs of himself in uniform and in his police vehicle, abusing his position of trust and misuse of office. In addition to his misappropriation of public funds, abuse of office and betrayal of public trust, he was unfaithful to his spouse. Infidelity usually involves breaking one's marriage vows and dishonesty with one's partner (and others), thereby implicating one's character for truthfulness. The Court recognizes that individuals have a privacy interest in their personnel files but concludes that the investigative file is relevant to the case and therefore must be produced.

Defendant suggests that the report should not be produced because he resigned before the investigation was complete and therefore did not have an opportunity to rebut or grieve the findings or advocate that it be removed from his file. The report includes multiple transcripts of interviews with Defendant Gompper discussing the alleged misconduct. In these interviews, Defendant Gompper admitted to much of the conduct. He then proceeded to voluntarily resign from the police force. This does not render the investigative report undiscoverable.

Privacy concerns will be addressed via redaction and limitation on disclosure of the documents. The report must be designated for "Attorneys' Eyes

4

Only" and may not be shown to non-counsel. Additionally, the Court will hold a teleconference to provide clear instructions regarding allowable use of the information in the report to address third-party privacy concerns.

Finally, Defendant argues that the documentation does not meet the proportionality standard of Rule 26(b)(1). This argument is unfounded. The proportionality limitation in Rule 26 concerns volume as well as the effort involved in complying with a discovery request. *See* Fed. R. Civ. P. 26(b)(1), advisory committee notes. Production of the investigative report does not implicate either of these concerns. Defendants have already collected the investigative report, which is quite short in length, and production will involve minimal effort on the part of Defendant's counsel.

## Conclusion

For the foregoing reasons, the Court orders Defendants to produce the 2018 investigative report concerning Defendant Gompper with the "Attorneys' Eyes Only" designation within 7 days of this decision. The Court will enter a calendar notice on the docket with the date and time of a teleconference to discuss the contours of permissible use of the information in the report.

**IT IS SO ORDERED.**

                                                      /s/
                                           Hon. Vanessa L. Bryant
                                           United States District Judge

**Dated at Hartford, Connecticut: April 3, 2019**