UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLE CHASE | : NO.: 3:18-cv-00683 (VLB) |
| | : |
| v. | : |
| | : |
| NODINE'S SMOKEHOUSE, INC., CALVIN | : |
| NODINE, TOWN OF CANTON, JOHN | : |
| COLANGELO, ADAM GOMPPER, MARK J. | : |
| PENNEY AND CHRISTOPHER ARCIERO | : APRIL 22, 2019 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR ORDER RE: PRIVILEGE LOG IDENTIFYING INFORMATION SUBJECT TO ERASURE**

The undersigned defendants, TOWN OF CANTON, JOHN COLANGELO and ADAM GOMPPER ("defendants"), hereby object to the "Plaintiff's Motion for Order Requiring the Town of Canton, John Colangelo and Adam Gompper to Produce a Privilege Log of All Records Relating to Complaints, Reports and Investigations Relating to Sexual Assault, False Statements, and Domestic Violence for the Past Ten Years" [Doc. 99], on the grounds that the information the plaintiff seeks to have set forth in the requested privilege log is subject to erasure pursuant to Connecticut General Statutes § 54-142a and/or concerns information contained within juvenile and/or youthful offender records not subject to disclosure pursuant to General Statutes §§ 54-76l and 46b124. Pursuant to § 54-142a, in order for criminal records erased pursuant to said

statute to be disclosed, a motion must be properly brought with the criminal court that dismissed or entered a final judgment in the corresponding criminal matter.  See Conn. Gen. Stat. § 54-142a.  General Statutes § 54-76l and § 46b-124 appear to likewise require an order from the juvenile court with jurisdiction over the juvenile criminal proceeding corresponding to the records at issue in order for such records to be disclosed.  The plaintiff may file the appropriate motions with the state criminal courts with jurisdiction over the records at issue (with respect to the criminal records at issue, Geographical Area No. 14 at Hartford and the Juvenile Court in Hartford).  Further, even if this Court may order disclosure of the records/information sought by the plaintiff, the plaintiff has not set forth any interest that prevails over state-created privileges concerning erased records and/or juvenile record that would support an order for disclosure of the records.

      With regard to plaintiff's request for the defendants to create a log related to the records, the plaintiff could at the outset of this litigation have filed a motion for disclosure of the records she seeks with the state court, as did the defendants with respect to the plaintiff's criminal records underlying her claim; this Court; or both courts (given the split of authority in this Circuit as to whether a federal court has authority to order disclosure of such records).  At this late date, with a discovery deadline of June 3, 2019, the plaintiff's deposition

...

**yet to be completed, along with that of defendant Colangelo and at least two fact witnesses, it would be severely prejudicial for defense counsel to be required to spend time reviewing the requested information/records and provide a listing or log of the information the plaintiff seeks where the plaintiff has a mechanism for proper disclosure of the records which counsel has made no effort to observe or follow.[1]**

**I.     RELEVANT BACKGROUND**

**The defendants disagree with the relevant background set forth by the plaintiff as follows.  It is a misrepresentation that the defendants were required to and did not previously submit a privilege log with regard to police records responsive to plaintiff's discovery requests subject to erasure or containing confidential juvenile information and/or that defendants have obstructed the plaintiff from obtaining the information/records at issue for one year.  The defendants properly objected to disclosure of such information/records in the absence of a court order for disclosure of the records, as they are constrained**

---

**[1]The undersigned has not reviewed the records subject to erasure and/or confidential juvenile records at issue as the undersigned cannot in the absence of an order permitting the Canton Police Department to disclose the records.  It is the undersigned's understanding, however, that there are twenty-seven (27) sex offenses-forcible, sixteen (16) sex offenses-non-forcible, and one hundred fourteen (114) domestic violence cases not disclosed by the police department based upon the erasure statute and/or statutes concerning confidentiality of juvenile records.**

to do by state statutes as set forth above and below.  It is correct that the plaintiff and Town defendants set forth remaining discovery disputes in a Joint Status Report, dated December 12, 2018, in compliance with the Court's Order dated November 14, 2018.  Thereafter, the defendants informally produced numerous documents, including training records and department policies, in a good faith effort to resolve the dispute and move the case forward.  The defendants' undersigned counsel believed that any remaining claimed disputes by plaintiff were resolved/satisfied until a March 6, 2019 discovery conference, at which plaintiff's counsel set forth numerous claimed discovery issues (some new and some that had been previously raised but, based on communications between counsel between the filing of the report on December 12th and the conference on March 6th, counsel understood to be abandoned by the plaintiff) including the issue of the production of police records/investigations concerning sexual assault, domestic violence, crimes involving perjury, etc.

    At the conference, the Court ordered the defendants to produce several items including:

> [A]ll records of complaints, reports, and investigations
> of sexual assault, domestic violence, and crimes
> involving perjury, making a false statement, falsely
> reporting an incident, and hindering a prosecution
> from the past 10 years within 30 days of this order. . . .

On April 3, 2019, the defendants produced all such records of complaints, reports, and investigations concerning the categories of crimes set forth by the Court with the exception of those subject to erasure pursuant to General Statutes § 54-142a and juvenile criminal records protected from disclosure, noting that state statutes provide specific procedures for disclosure of such records.  At a court-mandated telephonic conference held on April 8, 2019, and by e-mail communication exchanged prior to said conference, plaintiff's counsel sought a privilege log concerning the police records not produced.  At the conference, defense counsel argued that not only the records but any information contained in the records cannot be disclosed by the defendant Town's police department in the absence of a motion for disclosure properly brought in state court and a corresponding order for disclosure.  The Court ordered the parties to brief the issue.

II.     <u>LAW AND ARGUMENT</u>

As set forth above, the information the plaintiff seeks is protected from disclosure under Connecticut's erasure statute, General Statutes § 54-142a, General Statutes § 54-76l, governing the confidentiality of youth offender records, and General Statutes § 46b-124c concerning juvenile matters.

The erasure statute provides for the erasure of all police and court records (and necessarily the information contained in such records) when the

accused has been found not guilty or the charge has been dismissed. General Statutes § 54-142a states in relevant part:

> **(a) Whenever in any criminal case, on or after October 1, 1969, the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed,** *all police and court records and records of any state's attorney pertaining to such charge shall be erased* **upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken…**
>
> **(f) Upon motion properly brought,** *the court or a judge of such court***, if such court is not in session, shall order disclosure of such records (1) to a defendant in an action for false arrest arising out of the proceedings so erased, or (2) to the prosecuting attorney and defense counsel in connection with any perjury charges which the prosecutor alleges may have arisen from the testimony elicited during the trial, or any false statement charges, or any proceeding held pursuant to section 53a-40b, or (3)** *counsel for the petitioner and the respondent in connection with any habeas corpus or other collateral civil action in which evidence pertaining to a nolled or dismissed criminal charge may become relevant***.

**(Emphasis added.)**

**General Statutes § 54-76l states:**

> **(a) The records or other information of a youth… including fingerprints, photographs and physical descriptions,** *shall be confidential and shall not be open to public inspection or be disclosed except as provided in this section***...**

Section (b) then provides a number of categories of individuals who can access such records, none of which includes the plaintiff in a civil case such as this. Section (c) then continues: "(c) The records of any such youth, or any part thereof, *may be disclosed upon order of the court* to any person who has a legitimate interest in the information and is identified in such order. Records or information disclosed pursuant to this subsection shall not be further disclosed."

General Statutes § 46b-124 provides in pertinent part: "All records of cases of juvenile matters, as provided in section 46b-121, except delinquency proceedings, or any part thereof . . . shall be confidential and for the use of the court in juvenile matters, and open to inspection or disclosure to any third party, including bona fide researchers commissioned by a state agency, *only upon order of the Superior Court* . . . ."

Federal courts "are bound to interpret Connecticut law according to Connecticut's own interpretive rules." Martin v. Hearst Corp., 77 F.3d 546, 550 (2015) (quoting Morenz v. Wilson-Coker, 415 F.3d 230, 236-37 (2d Cir. 2005)). "Under those rules, '[t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes.'" Martin v. Hearst Corp., 77 F.3d 546, 550 (2015) (quoting Conn. Gen. Stat. § 1-2z).

**Based upon Connecticut's rules regarding statutory interpretation, the above statutes require that a motion for disclosure of the records at issue, or any information concerning the records, be made in state court. The plaintiff may seek an order for disclosure of the information/records she seeks via a motion properly made with the state court having jurisdiction over the corresponding criminal matters. In fact, the defendants obtained the plaintiff's underlying criminal records by virtue of such a motion filed with Geographical Area No. 14 at Hartford ("G.A. #14") and order of said court. (See Mot. for Disclosure and corresponding order, attached as Exhibit A.) Further, the defendants agree with plaintiff's counsel that plaintiff's prior interactions with the Canton Police Department in which she was the victim of domestic violence and any corresponding police records are relevant. In addition, police records concerning prior case incidents/reports in which the plaintiff was a suspect or complainant are also relevant. As such, defendants will pursue a motion or disclosure of said records with G.A. #14.**

**Defendants' undersigned counsel recognizes that there is a split of authority within this District concerning whether a federal court may order the disclosure of records under General Statutes § 54-142a(f). For example, one court denied a motion for disclosure of erased records on the grounds that the defendants who were seeking disclosure of all police records and records of the**

Connecticut State's Attorney pertaining to plaintiff's underlying arrest did "not indicate how this Connecticut statute provides the federal district court with authority to order the disclosure of these records.  Nor d[id] Defendants explain why they cannot move for disclosure of these records pursuant to this statute in Plaintiff's criminal case."  Oliphant v. Villano, No. 3:09CV862 (JBA), 2010 WL 4909238, at *2 (D.Conn. Nov. 24, 2010) (citations omitted); see also, Edwards v. Stewart, No. 3:15CV01257 (CSH), slip. op. at 2 (D.Conn. Oct. 5, 2015) (citation omitted) (holding "[a]bsent express consent by the state, the Eleventh Amendment serves as a jurisdictional bar prohibiting federal courts from issuing orders directing state officials to conform their conduct to state law".).

Conversely, another court has held that the production or disclosure of information subject to erasure by General Statutes § 54-142a is authorized by the Supremacy Clause and does not violate the purpose of the statute.  See United States v. Thorne, 467 F.Supp. 938, 941 (D.Conn. 1979).

Recently, in Kelly v. City of Hamden, No. 3:15CV00977 (AWT), 2015 WL 9694283 (D.Conn. Nov. 23, 2015), Magistrate Judge Merriam framed the issue as whether General Statutes § 54-142a permits a state to withhold materials from disclosure in the federal discovery process if such materials are otherwise

discoverable[2] rather than as whether § 54-142a(f) permits a federal court to issue an order of disclosure and determined, upon analysis, that the short answer is no. Kelly, at *2.

Nevertheless, the salient point for purposes of this dispute is that the plaintiff has not properly moved for disclosure of the records at issue with any court, and no order has been issued by any court permitting the defendant Town's police department to release any information pertaining to erased records or the records themselves. The plaintiff's motion should be denied on this basis alone. Should this Court, however, construe the plaintiff's motion for order as such a motion over which this Court has jurisdiction, further review of Kelly is instructive.

In Kelly, the defendant town and police officers requested that the court enter an order permitting the disclosure of all police and court records relating to plaintiff's arrest underlying his claims in the case. Kelly, at *1. The defendants sought the disclosure of the documents subject to erasure to defend themselves against plaintiff's claims in the action and in order to respond to

---

[2] Defendants' undersigned counsel disagrees with this manner of framing the issue in that the state is not necessarily withholding materials but simply requiring that any motion for order of disclosure and consideration of such a motion be brought in the court with jurisdiction over the corresponding criminal matter. This only makes sense in that such court necessarily has access to the criminal clerk's file subject to erasure and can balance the need for disclosure against the privacy interests of the accused subject of the criminal matter.

plaintiff's discovery requests.  Id. at *3.  In considering the issue, the Kelly court reviewed Fed.R.Civ.P. 26 and the law of privilege in the federal courts in general, and in the Second Circuit in particular, and reached the following conclusion:

> [T]here is no analogous federal privilege supporting the non-disclosure of the documents sought, and . . . such privilege does not arise from the common law. . . . Moreover, plaintiff does not have a privacy interest in the documents sought and is unlikely to suffer any prejudice in the instance these documents are disclosed to defense counsel. . . .  Further, the documents sought are directly relevant to both the claims of plaintiff, and defendants' defense of both the claims of plaintiff, and defendants' defense to those claims.  These factors weigh in favor of disclosure. . . .

The court held that important federal interests in broad discovery, truth-seeking and the interest in vindicating important federal substantive policy prevailed over the *plaintiff's interest* in the confidentiality of his arrest records and ordered the records disclosed.  Id. at *4 (emphasis added).  Here, performing the same balancing test does not weigh in favor of disclosure.

Specifically, third-party accused persons who were found not guilty or whose cases were dismissed, have a significant privacy interest in the records of which the plaintiff seeks disclosure.  Unlike the case in Kelly, these individuals have not put their criminal records in issue in the context of this litigation.  Further, in most instances it is questionable whether the records sought have any relevance to the plaintiff's claims or the defendants' defenses.

**In this regard, as there is no <u>Monell</u> claim and the claims for false arrest, malicious prosecution, and denial of equal protection are only directed to the defendant officers, individually, only cases in which said officers were involved are arguably relevant.**

**With regard to juvenile records/youthful offender records, defendants' undersigned counsel could find no case directly on point but notes, pursuant to the statutes referenced above, there is a strong presumption that juvenile records should remain confidential, <u>see</u> <u>In re Sheldon G</u>, 216 Conn. 563, 577-78, 583 A.2d 112 (1990), and plaintiff has failed to establish the "legitimate interest" required for disclosure of records pursuant to § 54-76l, especially with respect to youthful offender matters in which the defendants, Adam Gompper and John Colangelo, were not involved.**

**Accordingly, the plaintiff's motion for disclosure should be denied by this Court and the plaintiff instructed to properly pursue such a motion in state court. In the alternative, should this Court find that it may order disclosure of the information/records sought, the defendants ask that the Order be limited to criminal matters in which defendants Adam Gompper and John Colangelo were involved and that the Court's Order provide for the release of the complete records such that the defendants do not have to engage in the burdensome, time-consuming task of constructing a log or listing for the plaintiff.**

### III. <u>CONCLUSION</u>

For all of the foregoing reasons, the defendants respectfully request that this Court deny the plaintiff's motion for order [Doc. 99] or, in the alternative, limit any disclosure to criminal matters in which the defendants were involved and production of the criminal records/reports themselves rather than of any log or listing constructed by defense counsel.

        **DEFENDANTS,**
        **TOWN OF CANTON, JOHN**
        **COLANGELO AND ADAM GOMPPER**

        By /s/ Kristan M. Maccini
          Kristan M. Maccini
          ct25121
          Howd & Ludorf, LLC
          65 Wethersfield Avenue
          Hartford, CT  06114-1190
          (860) 249-1361
          (860) 249-7665 fax
          kmaccini@hl-law.com

## **CERTIFICATION**

       This is to certify that on APRIL 22, 2019, a copy of the foregoing **DEFENDANTS' OBJECTION TO MOTION FOR ORDER** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

| | |
|---|---|
| **Lewis H. Chimes, Esq.**<br>**Mary-Kate Smith, Esq.**<br>**Law Office of Lewis Chimes, LLC**<br>**45 Franklin Street**<br>**Stamford, CT  06901** | **David A. Moraghan, Esq.**<br>**Smith, Keefe, Moraghan**<br>**& Waterfall, LLC**<br>**32 City Hall Avenue, # C**<br>**Torrington, CT  06790** |
| **Elizabeth K. Acee, Esq.**<br>**Elizabeth Smith, Esq.**<br>**LeClair Ryan, PLLC**<br>**545 Long Wharf Drive, 9th Floor**<br>**New Haven, CT  06511** | |

                                                                         **/s/ Kristan M. Maccini**
                                                                         Kristan M. Maccini