UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE CHASE, | : | |
|     Plaintiff, | : | |
| | : | No. 3:18-CV-00683 (VLB) |
| v. | : | |
| | : | |
| NODINE'S SMOKEHOUSE, INC., | : | June 6, 2019 |
| CALVIN NODINE, | : | |
| TOWN OF CANTON, | : | |
| JOHN COLANGELO, | : | |
| ADAM GOMPPER, | : | |
|     Defendants. | : | |

**RULING GRANTING MOTION TO COMPEL PRIVILEGE LOG [DKT. 99] AND DENYING MOTION TO COMPEL CASE DETAILS [DKT. 100]**

Before the Court are two motions to compel discovery responses from Defendants Adam Gompper, John Colangelo, and Town of Canton (the "Town Defendants"). The first seeks a privilege log from the Town Defendants for documents responsive to Plaintiff's discovery requests but withheld based on asserted privileges. *See* [Dkt. 99 (MTC Privilege Log)]. The second seeks the identities of two victims of alleged sexual assaults whose cases were handled by Defendants Gompper and Colangelo and whose allegations did not result in an arrest. [Dkt. 100 (MTC Victim Identification)]. For the reasons set forth below, the Court GRANTS both motions.

I.     Background

Plaintiff brought an action alleging, *inter alia*, false arrest, malicious prosecution, and denial of equal protection under 42 U.S.C. § 1983 and Connecticut state law against the Town Defendants. *See generally* [Dkt. 1 (Compl.)]. The claims

1

arise out of the Town Defendants' investigation into Plaintiff's allegations of sexual assault against her employer and Plaintiff's eventual arrest and prosecution for making a false statement. *Id.*

Plaintiff served her first set of discovery requests on the Town Defendants on June 25, 2018. The Town Defendants submitted objections to some of the requests, including assertions of privilege, though provided no privilege log. On November 14, 2018, rather than ordering production of withheld documents for failure to comply with Federal Rule of Civil Procedure 26(b)(5),[1] the Court ordered the Town Defendants, within 14 days of the order, to serve on Plaintiff a privilege log identifying the factual and legal basis as to any assertion of privilege in response to an interrogatory or request for production. *See* [Dkt. 52 (Nov. 14, 2018 Order)]. Following a discovery status teleconference on March 6, 2019, the Court ordered the Town Defendants to produce within 30 days of the order all records of complaints, reports, and investigations of sexual assault, domestic violence, and crimes involving perjury, making a false statement, falsely reporting an incident, and hindering a prosecution from the past 10 years. *See* [Dkt. 76 (Mar. 6, 2019 Order)]. The Town Defendants produced responsive documents to Plaintiff on April 3, 2019. Plaintiff laid out her objections to that production in the two motions to compel, addressed in turn below.

---

[1] Failure to provide a privilege log as required by the rules may result in a finding that the privilege has been waived and an order for production of withheld materials. *See Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 166 (2d Cir. 1992); *Ruran v. Beth El Temple of W. Hartford, Inc.*, 226 F.R.D. 165, 168-69 (D. Conn. 2005) ); *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006).

## II. Discussion

### 1. Motion to Compel Privilege Log

Plaintiff contends that the Town Defendants have not produced all responsive records and that she is entitled to a privilege log of those withheld from production. [Dkt. 99 at 3]. The Court has already determined that all records of complaints, reports, and investigations of sexual assault, domestic violence, and crimes involving perjury, making a false statement, falsely reporting an incident, and hindering a prosecution are relevant to the claims and defenses in this case, *see* [Dkt. 76], and that a privilege log of any unproduced responsive records is generally required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(5).

The Town Defendants represent that they produced all responsive records but those subject to erasure and/or protected within juvenile or youthful offender records by Connecticut General Statutes §§ 54-142a, 54-76l, 46b124. [Dkt. 101 at ].

Connecticut General Statute § 54-142a provides, in pertinent part:

> (a) Whenever in any criminal case, on or after October 1, 1969, the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken[.]
>
> . . .
>
> (e)(1) The Clerk of the court or any person charged with retention and control of such records in the records center of the Judicial Department or any law enforcement agency having information contained in such erased records shall not disclose to anyone, except the subject of the record, upon submission pursuant to guidelines prescribed by the Office of the Chief Court Administrator of satisfactory proof of the subject's identity, information pertaining to any charge erased under any provision of this section[.]

> . . .
>
> **(f) Upon motion properly brought, the court or a judge of such court . . . shall order disclosure of such records (1) to a defendant in an action for false arrest arising out of the proceedings so erased, or (2) to the prosecuting attorney and defense counsel in connection with any perjury charges which the prosecutor alleges may have arisen from the testimony elicited during the trial, or any false statement charges, or any proceeding held pursuant to section 53a-40, or (3) counsel for the petitioner and the respondent in connection with any habeas corpus or other collateral civil action in which evidence pertaining to a nolled or dismissed criminal charge may become relevant.**

**Conn. Gen. Stat. § 54-142a(a), (e), (f) (2019).**

Some federal courts have considered whether a federal court, as opposed to a state court, may order the disclosure of erased records under § 54-142a(f). *See, e.g., Edwards v. Stewart*, No. 3:15CV01257(CSH), 2016 WL 3906572, at *2 (D. Conn. Oct. 5, 2015) (denying motion for disclosure based on principles of federalism because defendants "identified no authority demonstrating that Connecticut has consented to a federal court ordering disclosure of records pursuant to Section 54-142a(f)"); *Oliphant v. Villano*, No. 3:09CV862(JBA), 2010 WL 4909238, at *2 (D. Conn. Nov. 24, 2010) (denying motion for disclosure because defendants did not indicate how the statute provided the federal district court with authority to do so); *United States v. Thorne*, 467 F. Supp. 938, 941 (D. Conn. 1979) (ordering production of evidence subject to erasure pursuant to the Supremacy Clause and the court's duty to do justice in criminal proceedings). This Court, however, agrees with the court in *Kelley v. City of Hamden*, which determined that "[t]he key question appears to be not whether section 54-142a(f) permits a federal court to enter an order of disclosure, but rather, whether the remainder of section 54-142a permits the state to withhold materials from disclosure in the federal discovery process if such

materials are otherwise discoverable." No. 3:15CV00977(AWT), 2015 WL 9694383, at *2 (D. Conn. Nov. 23, 2015). This Court further agrees with the *Kelley* Court that the answer to this question is no. *Id.*

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (emphasis added). "Questions of privilege in federal civil rights cases are governed by federal law." *Kelley*, 2015 WL 9694383, at *3 (quoting *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988)).

The Second Circuit has concluded that § 54-142a is a confidentiality statute and effectively creates a privilege under Connecticut law. *United States v. One Parcel of Property Located at 31-33 York St. Hartford, Conn.*, 930 F.2d 139, 141 (2d Cir. 1991) (hereinafter *One Parcel*); *see also Kelley*, 2015 WL 9694383, at *3. "Under Connecticut law 'erasure' does not mean physical destruction of records but rather non-disclosure of them when mandated by statute." *Id.* at 140. "An assertion of privilege may preclude the admission of relevant evidence but only to the extent the privilege is recognized 'by the principles of the common law as they may be interpreted by the courts of the United States." *One Parcel*, 930 F. 2d at 141. The privilege created by § 54-142a "has been created by state statute, and does not arise from common law." *One Parcel*, 930 F.2d at 141. Accordingly, "[i]t does not . . . automatically preclude the use of otherwise admissible evidence." *Id.* (citing

*Memorial Hosp. v. Shadur*, 664 F.2d 1058, 1061-63 (7th Cir. 1981)). As a matter of comity, federal courts accord deference to state-created privileges. *Id.* However, these state-created privileges are construed narrowly and must "yield when outweighed by a federal interest in presenting relevant information to a trier of fact[.]" *Id.*

Connecticut General Statute § 54-76l(a) provides that "[t]he records or other information of a youth . . . shall be confidential and shall not be open to public inspection or be disclosed except as provided in this section." Subsection (b) sets out specific allowances for disclosure of the youth's information and subsection (c) provides that the records "may be disclosed upon order of the court to any person who has a legitimate interest in the information and is identified in such order." Conn. Gen. Stat. § 54-76l(b), (c). Connecticut General Statute § 46b-124(b), governing family law, provides, in pertinent part, that "[a]ll records of cases of juvenile matters . . . shall be confidential and for the use of the court in juvenile matters, and open to inspection or disclosure to any third party, including bona fide researchers commissioned by a state agency, only upon order of the Superior Court[.]"

Section 46b-124 governs handling of juvenile records in the family law context. *See* Conn. Gen. Stat. § 46b-124 (part of the Family Law Title). The Connecticut Appellate Court has held that § 46b-124(b) does not create a statutory privilege against disclosure of juvenile records, but a policy of confidentiality of such records which may be overcome by a demonstration of compelling need. *State v. William B.*, 822 A.2d 265, 284 (Conn. App. Ct. 2003); *see also Casertano v.*

6

*Kerwin*, No. 9-CV-1853 (CFD), 2011 WL 283990, at *2 (D. Conn. Jan. 24, 2011) (recognizing Connecticut statutory presumption of confidentiality for juvenile records). Similarly, § 54-76l controls the confidentiality of youth offender records in the criminal procedure context. *State v. Easton*, 100 A.3d 18, 24 (Conn. App. Ct. 2014). It is a "safeguard [] helpful to the state in ensuring that such records will not be released to the general public" but does not confer a privilege against disclosure. *Id.* (quoting *United States v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981)).

Thus, with regard to each of the statutes invoked by the Town Defendants in support of their argument against disclosure of responsive records deemed confidential under Connecticut law, a balancing of interests will determine whether that information should be disclosed to Plaintiff.[2]

In *One Parcel*, the court concluded that the federal interest in eradicating the illegal drug trade by seizing the tools which facilitate that trade prevails over any interest in the confidentiality of arrest records. *Id.* As a result, the Second Circuit held that § 54-142a did not bar the admissibility of records to refute the innocent owner defense put forth by the defendant in a forfeiture case. *Id.*

In *Kelley v. City of Hamden*, the defendants sought disclosure of all police and court records and records of any state's attorney pertaining to the criminal arrest of the plaintiff, who claimed violations of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, as well as state law claims of false

---

[2] The Town Defendants are correct that federal courts are bound to interpret state statutes in accordance with state law. *See* [Dkt. 101 at 7-8]. However, the question here does not concern interpretation of the Connecticut statutes, but whether and to what extent they apply in the federal discovery context. Thus, the Court does not address the Town Defendants' statutory interpretation arguments.

7

arrest, malicious prosecution, infliction of emotional distress, libel and slander. 2015 WL 9694383, at *1. The court concluded that the plaintiff's interest in confidentiality of the arrest records was outweighed by important federal interests in broad discovery and truth-seeking and in vindicating the important federal substantive policy embodied in § 1983. *Id.* at * 4. Additionally, the court noted that the plaintiff's lack of a privacy interest in the records sought and their direct relevance to the claims and defenses in the case weighed in favor of disclosure. *Id.*

Similarly, in *Crespo v. Beauton*, the court considered an objection based on § 54-142a by third-party Connecticut Police Commissioner to the production of incident reports concerning conduct similar to that at issue in the plaintiff's § 1983 case against a police officer for excessive force. No. 15-cv-412 (WWE) (WIG), 2016 WL 525996, at *1 (D. Conn. Feb. 9, 2016). As in *Kelley*, the court concluded that the interests in broad discovery and vindication of § 1983 policy outweighed confidentiality interests, which could be managed by entering a protective order limiting the use and disclosure of personally identifiable information in the records. *Id.* at *2.

Here, Plaintiff has asserted various § 1983 claims, including denial of equal protection based on unequal investigation and prosecution of sexual assault claims by women and prosecution of false statement charges by the Town Defendants. Plaintiff sought records relating to other complaints, arrests, and investigations relating to sexual assault, domestic violence, and false reporting.

8

[Dkt. 99 at 2]. These records are relevant to Plaintiff's § 1983 equal protection claim and discoverable under Federal Rule of Civil Procedure 26(b)(1).

The Town Defendants contend that Plaintiff has not set forth any interest that prevails over the confidentiality interests of the information sought. [Dkt. 101 at 2]. The Town Defendants point out the difference between the request in *Kelley* versus this case, highlighting that the defendants in that case sought records relating to the plaintiff's arrest underlying the claims at issue. *See* [Dkt. 101 at 10]. Because of this, the *Kelley* Court noted that the plaintiff did not have a privacy interest in the records, having put his arrest in issue, and was unlikely to suffer any prejudice. *Kelley*, 2015 WL 9694283, at *4. The circumstances are different here. As the Town Defendants point out, the subjects of the records sought are not plaintiffs in this case and have not put their records at issue. Additionally, the Town Defendants question the relevance of certain of the records—those that do not involve Defendants Colangelo or Gompper—as there is no *Monell* claim, only claims against the individual Defendants. *See* [Dkt. 101 at 11-12]. Thus, the Town Defendants argue that Plaintiff has not established a legitimate interest in records unrelated to Defendants Colangelo or Gompper which outweighs the presumption of confidentiality of the records created by the Connecticut statutes. *Id.*

The Court recognizes the legitimate confidentiality interests which the statutes address. However, the same important federal interests in comprehensive discovery and truth-seeking in vindicating § 1983 claims recognized in *Kelley* and *Crespo* are present in this case as well. *See Kelley*, 2015 WL 9694383, at *4; *Crespo*, 2016 WL 525996, at *2. Additionally, the confidentiality interests are addressed

9

here by the fact that Plaintiff seeks only a log setting forth limited information regarding the relevant cases, which does not include information identifying any victims or suspects.[3] *See* [Dkt. 99 at 5]. Further, imposition of a protective order and specific guidelines regarding usage and disclosure of any sensitive information will largely address any remaining confidentiality concerns.

The Town Defendants request that, in the event the Court orders production of the requested information, they be allowed to produce the records in full rather than a log which would require additional work on counsel's part. [Dkt. 101 at 12; n.1]. The Town Defendants may produce the actual records rather than a log. However, in order to address the confidentiality interests, the Court orders that identifying information of victims and juveniles must be redacted and the records must be designated for "Attorneys' Eyes Only."

2. Motion to Compel Victim Identification Information

In producing records of sexual assault and domestic violence cases on April 3, 2019, the Town Defendants withheld certain information by way of redaction, as provided for by the Court in its March 6, 2019 Order, *see* [Dkt. 76]. Also in accordance with that Order, Plaintiff has now moved for production of certain limited information which the Town Defendants redacted. *See* [Dkt. 100]. Specifically, Plaintiff seeks identity and contact information of victims in two

---

[3] Plaintiff seeks the following information: (1) the date of each complaint and report; (2) each case number; (3) the name of the investigator/police officers involved in each case; (4) the nature of the charges; (5) whether an arrest warrant was filed; and (6) the outcome/disposition in each case (dismissal, Juvenile Delinquency, Youthful Offender, nolle prosequied, closed without arrest, pretrial/diversionary program, etc.). [Dkt. 99 at 4-5].

sexual assault cases (Case Nos. 17-82 and 16-6473) and in two domestic disturbance cases (Case Nos. 15-7121 and 10-3362) in which Defendants Gompper or Colangelo were involved in order to determine whether those victims have relevant information regarding Defendants. *Id.* at 1-2.

The Town Defendants argue against disclosure of this information based on Connecticut General Statute § 54-86e. [Dkt. 102 at 1-2]. Section 54-86e provides that the names, addresses, and other identifying information of victims of sexual assault and similar crimes "shall be confidential and shall be disclosed only upon order of the Superior Court" except in certain circumstances where the information is disclosed to the accused and under a protective order. Conn. Gen. Stat. § 54-86e. The Town Defendants cite a number of Connecticut Superior Court decisions applying the statute in support of their argument. *See* [Dkt. 102 at 1-2]. The Connecticut statute and the cited cases, however, are inapposite here. Because this case is in federal court and presents a federal question, "matters respecting discovery, privileges and confidentiality are governed by federal law, not state law." *Garner v. City of New York*, No. 17-CV-843 (JGK) (KNF), 2018 WL 5818109, at *4 (S.D.N.Y. Oct. 17, 2018) (quoting *Ligon v. City of New York*, No. 12-CV-2274, 2012 WL 2125989, at *1 (S.D.N.Y. June 12, 2012)). As discussed *supra*, Connecticut state law does not govern discoverability and confidentiality in federal civil rights actions. *See Von Bulow v. Von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987); Fed. R. Evid. 501. Nonetheless, the policies underlying the state confidentiality statutes must be given serious consideration. *Id.* Moreover, federal courts, too, recognize the interests of victims and juveniles in privacy and confidentiality of sensitive

records and the need to balance those against competing interests before ordering disclosure. *See* 18 U.S.C. § 3771(a)(8) (expressing victims' "right to be treated with fairness and with respect for the[ir] dignity and privacy").

The Town Defendants argue that Plaintiff fails to demonstrate a legitimate interest in disclosure which outweighs the privacy interests of the victims of domestic violence or sexual assault. [Dkt. 102 at 2-3]. The Town Defendants point out that Plaintiff's counsel seeks this information in order to determine whether the individuals have relevant evidence but provides no basis to believe that they will and thus, Plaintiff has not presented a substantial need for the information but rather has indicated that it is sought in order to enable a fishing expedition. *Id.*

The Court agrees that Plaintiff has failed to provide a specific interest in the information sought which outweighs the victims' interest in privacy. Plaintiff states that counsel "seeks the identity of these individuals to determine whether they have any information that may be relevant to defendants Gompper and Colangelo." [Dkt. 100 at 2]. Plaintiff does not say why the four particular cases are potentially relevant to this case or what distinguishes them from the other case records produced by the Town Defendants which warrants disclosure of the redacted identifying information. Moreover, Plaintiff identifies no concrete information which she believes these victims have that would be relevant to the claims and defenses in this case. As a result, the Court concludes that Plaintiff is not entitled to the information.

However, in line with the Court's order during the April 8, 2019 teleconference regarding communication with individuals referenced in the Town

records reviewed by the Court *in camera*, the Court will allow Plaintiff to write a letter to each of the victims at issue and deliver those letters in sealed envelopes to counsel for the Town Defendants. Counsel for the Town Defendants must, within 7 days of receipt of the letter(s) from Plaintiff's counsel, send the letters via express certified mail to the corresponding victims. Counsel for the Town Defendants must within a day thereafter file receipts of mailing under seal on the docket for the Court to verify compliance with this order. This approach will maintain the privacy of the victims but also allow them an opportunity to communicate with Plaintiff's counsel should they so choose and in the event they have relevant information.

III. <u>Conclusion</u>

For the foregoing reasons, the Court GRANTS Plaintiff's motion to compel production of a privilege log, [Dkt. 99]. The Town Defendants may produce the actual records rather than a log, but must redact all identifying information of victims and juveniles from those records and must designate them "Attorneys' Eyes Only." The Court DENIES Plaintiff's motion for the identifying information of certain victims, [Dkt. 100], but permits Plaintiff, through counsel for the Town Defendants, to send letters to those four victims giving them the opportunity to reach out should they so choose.

IT IS SO ORDERED.

                                                        /s/
                                      Hon. Vanessa L. Bryant
                                      United States District Judge

Dated at Hartford, Connecticut: June 6, 2019