UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE CHASE | : | NO.: 3:18-cv-00683 (VLB) |
| | : | |
| v. | : | |
| | : | |
| NODINE'S SMOKEHOUSE, INC., CALVIN | : | |
| NODINE, TOWN OF CANTON, JOHN | : | |
| COLANGELO, ADAM GOMPPER, MARK J. | : | |
| PENNEY AND CHRISTOPHER ARCIERO | : | JULY 11, 2019 |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO PRECLUDE PLAINTIFF'S EXPERTS

The undersigned defendants, TOWN OF CANTON, JOHN COLANGELO

and ADAM GOMPPER ("defendants"), respectfully file this Memorandum of Law

in support of their Motion to Preclude Plaintiff's Experts[1] in the above matter.

---

[1] Plaintiff disclosed Debra Carroll, L.C.S.W., and Louise Fitzgerald, Ph.D., on June 28, 2019.  Based upon the plaintiff's Rule 26(a)(2) disclosure as to each expert, Dr. Fitzgerald will testify regarding her psychological evaluation of the plaintiff and to her opinion that the plaintiff suffers from, inter alia, Posttraumatic Stress Disorder and Major Depressive Disorder as a result of being sexually assaulted by co-defendant, Calvin Nodine, and the "institutional betrayal" of the defendant police officers.  Debra Carroll is a social worker who treated the plaintiff both prior to and after the subject incident.  Carroll will testify, inter alia, that the plaintiff suffers from post-traumatic distress caused by the sexual assault by Calvin Nodine, and her treatment and false arrest by the Canton Police Department.

Plaintiff disclosed police liability experts, retired Supervising Investigator, San Diego County District Attorney's Office, Catherine Garcia, and retired Sergeant,

This Court should preclude testimony from any experts offered by the plaintiff because she has not met her duty to disclose experts and produce corresponding expert reports sufficiently early to permit all parties' compliance with the Court's Amended Scheduling Order deadlines [Doc. 105] for completion of expert discovery and the filing of any dispositive motions.  The defendants are severely prejudiced by the plaintiff's late disclosure in retaining necessary defense experts, deposing plaintiff's experts, disclosing defense experts, and filing summary judgment by the deadlines set by the Court, as more specifically set forth below.

I.     <u>FACTUAL BACKGROUND</u>

The plaintiff's lawsuit directed toward the defendants stems from her arrest pursuant to a warrant, on September 8, 2017, on the charge of Making a False Statement in the Second Degree, in violation of Connecticut General Statutes § 53a-57b.  Following the Court's granting of the defendants' Motion to Dismiss, in part, the plaintiff's remaining claims directed toward said defendants in her operative Complaint, dated June 19, 2019, are § 1983 claims against the

Austin Police Department, Elizabeth Donegan, on July 1, 2019.  Based upon the plaintiff's Rule 26(a)(2) disclosure as to each expert, both will testify, <u>inter alia</u>, that an experienced sexual assault investigator, following generally accepted standards for the investigation of sexual assault cases would not have submitted an arrest warrant against the plaintiff for the charge of making a false statement.

individual defendants for false arrest, malicious prosecution, and denial of equal protection, along with state law claims for false arrest, malicious prosecution, and intentional infliction of emotional distress, and a claim for indemnification directed toward the Town, pursuant to Connecticut General Statutes § 7-465.

At the continued deposition of defendant, Adam Gompper, plaintiff's counsel, Lewis Chimes, mentioned retention of an expert, and defendants' undersigned counsel requested that Attorney Chimes immediately disclose any experts.  At that time, there was no specific deadline for expert disclosure set forth in the Scheduling Order but all discovery was required to be completed by June 3, 2019.  Plaintiff's counsel again mentioned having retained an expert at a discovery teleconference held on March 6, 2019, and plaintiff revealed in a text message to her friend, Donna Carney, that she underwent "testing" with her expert in Chicago, in January of 2019.

Accordingly, on March 7, 2019, defendants' undersigned counsel requested in writing that the plaintiff immediately disclose all experts to the defendants.  (E-mail Chain, dated March 7, 2019 to March 8, 2019, attached as Exhibit A.)  Plaintiff's counsel responded that the plaintiff would not disclose experts until the deposition of defendant, John Colangelo, was completed and the defendants "disclose the documents that [plaintiff] need[s] to depose

3

[Colangelo]."[2]  (Id.)  Defendants' undersigned counsel requested that plaintiff's counsel reconsider his position with a reference to case law supporting that it is the plaintiff's duty to produce expert reports sufficiently early to permit all parties' compliance with the Court's deadline for completion of discovery regardless of the status of other discovery in the case.  (E-mail Chain, dated March 7, 2019 to March 8, 2019, attached as Exhibit A.)

Subsequently, defendants' undersigned counsel agreed to a joint motion for extension of the scheduling order deadlines, setting the deadline for plaintiff's expert disclosures to July 1, 2019, based upon plaintiff's counsel, Lewis Chimes', representation that he was disclosing one expert and would seek no further extensions of time to disclose plaintiff's expert.  On June 20, 2019, plaintiff filed a motion for extension of time [Doc. 117] seeking an extension to July 8th to disclose experts, indicating plaintiff actually had three to four experts to disclose.  As a result of the prejudice to the defendants by such a late disclosure of this many experts, defendants' undersigned counsel immediately objected to the motion for extension of time [Doc. 118] and the Court sustained the objection and denied the plaintiff's motion for failure to show good cause by Order dated June 27, 2019 [Doc. 119].

Within the objection, defendants' undersigned counsel indicated to the

[2] John Colangelo's deposition was completed on May 7, 2019.

Court that consent to the current Scheduling Order deadlines agreed to by the parties was withdrawn by the defendants because plaintiff's counsel misrepresented the number of experts that would be disclosed to obtain opposing counsels' consent to modification of the case deadlines with respect to expert disclosure and the increase in the number of plaintiff's experts prejudices the defendants in meeting the modified case deadlines.

Plaintiff's counsel, Mary-Kate Smith, in response to the Court's Order denying the motion for extension of time to disclose experts, promptly disclosed two damages expert witnesses and two liability expert witnesses, as set forth above, on June 28, 2019 and July 1, 2019, respectively.

Plaintiff's police liability experts, Catherine Garcia and Elizabeth Donegan, are located in Bonita, California, and Lago Vista, Texas, respectively.  Dr. Fitzgerald is located in Fort Lauderdale, Florida.  As a courtesy to all counsel and the expert witnesses, undersigned counsel requested available dates for the depositions of each expert, providing desired dates for the depositions in July and August.  (E-mail Chain, dated July 3, 2019, attached as Exhibit B.)  Plaintiff's counsel ultimately responded by providing one agreeable date in August for each expert.[3]  (Id.)  Although plaintiff's counsel and defendants' undersigned

_____

[3] In response to defense counsel's assistant's request for agreeable dates for the expert depositions, plaintiff's counsel's assistant initially provided at least

5

counsel have a tentative agreement to schedule the deposition of Elizabeth Donegan on August 7th and Catherine Garcia on August 23rd, counsel for co-defendant Calvin Nodine and for co-defendant Nodine's Smokehouse, Inc. have not agreed to the dates.  There is no agreed upon schedule as to the depositions of plaintiff's damages experts.  Even if defendants' undersigned counsel is able to complete all of the depositions of plaintiff's experts by the September 2nd deadline, it is highly unlikely that she will be able to meet the deadline for disclosure of defense experts while at the same time filing summary judgment by October 1st.  The record here shows no substantial justification for plaintiff putting off disclosure of her experts to July while the prejudice to the defendants of having to prepare to meet the expert testimony under the current case deadlines is overwhelming.  Accordingly, the defendants now move to preclude the testimony of all four of plaintiff's experts.

---

two dates for each expert via e-mail correspondence.  Shortly thereafter, plaintiff's counsel, Mary-Kate Smith, replied to everyone on the e-mail sent by the assistant that there were "conflicts" and a "specific" date would be provided for each expert's deposition.  (E-mail Chain, dated July 1, 2019 and July 2, 2019, attached as <u>Exhibit C</u>.)

6

## II.   LAW AND ARGUMENT

### A.   LEGAL STANDARD

Fed.R.Civ.P. 26(a)(2) governs the disclosure of expert testimony and provides, with regard to expert witnesses, that "a party shall disclose to other parties the identity of any person who may be used at trial . . . ."  Further,

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—*if the witness is one retained or specifically employed to provide expert testimony in the case* or one whose duties as the party's employee regularly involve giving expert testimony.

Fed.R.Civ.P. 26(a)(2)(B).

Rule 37(c)(1) "provides that a party who, without substantial justification, fails to disclose information required by Rule 26 shall not be permitted to use as evidence at trial the information not disclosed."  Arnold v. Krause, Inc., 232 F.R.D. 58, 67 (W.D.N.Y.2004) (quoting McNerney v. Archer Daniels Midland Company, 164 F.R.D. 584, 587 (W.D.N.Y.1995)).

*Rule 37(c)(1) is not satisfied where expert reports first are produced on or shortly before the date set for completion of discovery.*  See Semi-Tech Litigation LLC v. Bankers Trust Co., 219 F.R.D. 324, 325 (S.D. New York 2004) (holding that it is a plaintiff's duty to produce expert reports sufficiently early to

7

permit compliance with the court's discovery completion date) (emphasis added).

> **B.   THE PLAINTIFF'S EXPERT WITNESSES SHOULD BE PRECLUDED FROM TESTIFYING AT TRIAL AS SHE HAS FAILED TO MAKE TIMELY DISCLOSURE**

When a tardy expert witness report is offered, preclusion of the proposed expert's report and testimony is a proper sanction.  Arnold, 232 F.R.D. at 67 (citing Trilogy Communications, Inc. v. Times Fiber Communications, Inc., 109 F.3d 739, 744-45 (Fed.Cir.1997)).  Nevertheless, it is within the district judge's discretion whether to order such evidence be precluded as such preclusion is not required.  Lory v. General Electric Company, 179 F.R.D. 86, 89 (N.D.N.Y.1998).

The decision whether to allow a late expert report lies within the Court's discretion, and involves the consideration of four factors:  "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir.1997), cert. denied, 523 U.S. 1020 (1998); accord Design Strategy, Inc. v. Davis, 469 F.3d 284, 295-96 (2d Cir.2006); Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir.2006).

Applying the above factors to the instant matter, preclusion of plaintiff's experts is warranted.

Despite plaintiff's disclosure of her experts within the Amended Scheduling Order deadline set by the Court, on May 6, 2019 [Doc. 105], the defendants remain prejudiced in meeting the Court's deadline for deposing plaintiff's experts by September 2, 2019, disclosure of defense experts by October 1, 2019, and filing summary judgment by October 1, 2019.

The identities of each of plaintiff's experts and subject matter of testimony was unknown to opposing counsel prior to plaintiff's recent disclosures despite repeated requests by undersigned counsel for disclosure of same.  Defendants' undersigned counsel is now left with less than two months to depose four (4) experts and (1) one month thereafter to disclose any defense experts, while at the same time completing and filing defendants' motion for summary judgment.

Because defendants' undersigned counsel had no notice prior to July 1st that plaintiff would be disclosing police liability experts and what the subject matter of such expert testimony would be, no defense liability experts have been retained.  Even if counsel is able to identify and retain counter-experts in the short time frame she now has to do so, the experts will not be in a position to review the depositions of plaintiff's experts as part of their analysis and render an opinion by the deadline for disclosure, set by the Court, of October 1, 2019.

Moreover, defense counsel will not have the benefit of consulting with defense experts prior to deposing plaintiff's experts as there is not sufficient time to do so.

Further, three of plaintiff's experts are located out-of-state, in Texas, California and Florida, and, thus, deposing each of these experts will require significant additional time to travel to and from the deposition location.  In this regard, due to the locations of the experts, counsel may have to spend at least one day traveling to the deposition location, another day taking the deposition, and another day traveling back to Connecticut—it may consume six days or more of defense counsel's time just to depose plaintiff's experts.

Plaintiff's counsel has offered only one available date in August as to each expert, making it difficult for defense counsel to coordinate the scheduling of the depositions and completion of them in advance of the deadline of September 2, 2019, further prejudicing the defendants.

Plaintiff's counsel, Lewis Chimes, misrepresented that plaintiff only had one expert to disclose and that the expert was a damages expert to obtain undersigned counsel's consent to a modification of the original scheduling order set by the Court.  Despite inquiry as to the identities of any plaintiff's experts and the subject matter of testimony, as early as January 22, 2019 at the continued deposition of Adam Gompper and via e-mail in March of 2019,

plaintiff's counsel did not make any disclosure until forced to by the Court's Order issued on June 27, 2019, while offering no explanation for the late disclosure.  Based upon the manner and timing of plaintiff's expert disclosure, it appears that there was no legitimate reason for the delay and that it was the product of bad faith in order to gain a strategic advantage over the defendants.

The fact that plaintiff's counsel obtained a modification of the Scheduling Order, setting forth the deadline for disclosure of experts to July 1, 2019, does not impact this Court's analysis in that plaintiff's counsel misrepresented the number of expert witnesses to be disclosed to obtain consent to the modification.  Defendants' counsel would not have consented to the modification and the proposed new deadlines set forth therein had plaintiff's counsel properly disclosed that he intended to disclose four experts.  Further, plaintiff has the burden, as set forth above, to disclose experts sufficiently early so that all parties can meet the Court's case deadlines.  Plaintiff's counsel was undoubtedly aware of the number and location of plaintiff's experts and that waiting until July 1st to make the disclosure under the circumstances would make it impossible for defendants to meet all of the remaining case deadlines (deadlines proposed by plaintiff's counsel) set forth by the Court.

Although the testimony of the plaintiff's expert witnesses may be important it is not essential.  Lastly, with respect to the final factor, although the

11

need for a trial continuance due to the late disclosure is unlikely, there is the risk of further delay of the case with respect to remaining case deadlines and, therefore, prejudice to all defendants.

As such, the sanction of preclusion of the plaintiff's experts is warranted under the circumstances.  See Semi-Tech, supra, 219 F.R.D. 325.  In sum, the defendants are prejudiced in that they will not have the benefit of consulting with defense experts prior to deposing plaintiffs' experts and there is simply insufficient time to now depose plaintiff's expert witnesses, identify and retain defense experts, have plaintiff's experts' deposition testimony reviewed by the defendants' own expert witnesses, and disclose defense experts on or before October 1, 2019, while at the same time meeting the October 1st deadline for filing a summary judgment motion.

III.   CONCLUSION

For all of the foregoing reasons, the defendants' Motion to Preclude should be granted and plaintiff be precluded from offering any expert testimony in this case.

12

DEFENDANTS,
TOWN OF CANTON, JOHN
COLANGELO AND ADAM GOMPPER


By /s/ Kristan M. Maccini
      Kristan M. Maccini
      ct25121
      Howd & Ludorf, LLC
      65 Wethersfield Avenue
      Hartford, CT  06114-1190
      (860) 249-1361
      (860) 249-7665 fax
      kmaccini@hl-law.com

## CERTIFICATION

        This is to certify that on JULY 11, 2019, a copy of the foregoing
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE PLAINTIFF'S
EXPERTS was filed electronically and served by mail on anyone unable to
accept electronic filing.  Notice of this filing will be sent by e-mail to all parties
by operation of the Court's electronic filing system or by mail to anyone unable
to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties
may access this filing through the Court's CM/ECF System.

Lewis H. Chimes, Esq.                 David A. Moraghan, Esq.
Mary-Kate Smith, Esq.                 Smith, Keefe, Moraghan
Law Office of Lewis Chimes, LLC       & Waterfall, LLC
45 Franklin Street                    32 City Hall Avenue, # C
Stamford, CT  06901                   Torrington, CT  06790

Elizabeth K. Acee, Esq.
Elizabeth Smith, Esq.
LeClair Ryan, PLLC
545 Long Wharf Drive, 9th Floor
New Haven, CT  06511


                                       /s/ Kristan M. Maccini
                                       Kristan M. Maccini