**Kristan M. Maccini**

| | |
|---|---|
| **From:** | Lewis Chimes <lchimes@chimeslaw.com> |
| **Sent:** | Friday, March 8, 2019 5:46 PM |
| **To:** | Kristan M. Maccini; Mary-Kate Smith |
| **Cc:** | 'David A. Moraghan'; 'Smith, Elizabeth M.'; Christopher A. Clark |
| **Subject:** | RE: Chase v. Nodine's Smokehouse, Inc. et al [IWOV-LeClair.FID2950848] |

Kristan:

You can certainly file any motion that you want. You certainly will have a great deal of credibility after your last performance at the status conference before Judge Bryant.

Alternatively, you can behave like a professional attorney, and call me on Monday, and we can have a civil conversation and discuss appropriate scheduling of your disclosures, Colangelo's deposition, and disclosure and deposition of my experts. I am sure that this is that we ca work this out.   I suspect this is what the Judge would prefer us to do.  I have an appointment at 11:00 am, but should be free the rest of the day.

Any further threatening, dilatory emails or ultimatums will be ignored and not responded to.  Ever.

Sent from Mail for Windows 10

---

**From:** Kristan M. Maccini <kmaccini@hl-law.com>
**Sent:** Friday, March 8, 2019 3:40:10 PM
**To:** Lewis Chimes; Mary-Kate Smith
**Cc:** 'David A. Moraghan'; 'Smith, Elizabeth M.'; Christopher A. Clark
**Subject:** RE: Chase v. Nodine's Smokehouse, Inc. et al [IWOV-LeClair.FID2950848]

Lew,

This is the first time you have asked for a date upon which to re-notice John Colangelo's deposition.  You noticed his deposition on June 13, 2018 for July 17, 2018 and I asked that you reschedule the deposition for a date and time that was mutually agreeable to myself and John and you responded that you did not wish to go forward with his deposition at that time.  I will get you dates for his deposition.  With regard to discovery, the defendants made valid objections to your requests and a ruling on same was only issued on March 6th through no fault of the defendants.  Pursuant to the Judge's Order, we have 14 days to comply with respect to items 1-3 and 30 days with respect to item 4.  We are working on gathering responsive information and will get items 1-3 to you on or before the 20th.  None of this, however, impacts the plaintiff's duty to produce expert reports sufficiently early to permit all parties' compliance with the Court's June 1, 2019 discovery completion date.  See Semi-Tech Litigation LLC v. Bankers Trust Co., 219 F.R.D. 324 (S.D. New York 2004).  There is a question as to whether 37(c)(1) is satisfied were expert reports are produced on or shortly before the date set for completion of discovery.  jd.  Your failure to timely disclose experts is to the defendants' prejudice as we cannot identify and retain any necessary defense experts, schedule expert depositions within the discovery deadline, and/or evaluate the effect of the experts' opinions on summary judgment.  Please review the Semi-Tech decision and reconsider your position.  If I don't hear from you by Monday on this issue, I will be forced to file a motion to preclude plaintiff's experts.  Kristan

**EXHIBIT A**

**From:** Lewis Chimes <lchimes@chimeslaw.com>
**Sent:** Friday, March 08, 2019 2:40 PM
**To:** Kristan M. Maccini <kmaccini@hl-law.com>; Mary-Kate Smith <msmith@chimeslaw.com>
**Cc:** 'David A. Moraghan' <dam@skmwlaw.com>; 'Smith, Elizabeth M.' <elizabeth.smith@leclairryan.com>
**Subject:** Re: Chase v. Nodine's Smokehouse, Inc. et al [IWOV-LeClair.FID2950848]


As soon as you disclose the documents that we need to depose detective colangelo, we'll depose colangelo and disclose our experts. You've jerked us around on discovery for one year, get us the materials and a date for colangelo's deposition.

Get Outlook for iOS

---

**From:** Kristan M. Maccini <kmaccini@hl-law.com>
**Sent:** Friday, March 8, 2019 2:24 PM
**To:** Lewis Chimes; Mary-Kate Smith
**Cc:** 'David A. Moraghan'; 'Smith, Elizabeth M.'
**Subject:** FW: Chase v. Nodine's Smokehouse, Inc. et al [IWOV-LeClair.FID2950848]


Lew and Mary-Kate,

Can you respond to the below and let me know whether you will agree to disclose the plaintiff's expert so that I may avoid the necessity of court intervention on this issue. With a depo deadline of June 3, 2019, your expert should have already been disclosed by the latest on March 3rd. Thank you. Kristan

**From:** Kristan M. Maccini
**Sent:** Thursday, March 07, 2019 11:47 AM
**To:** 'Smith, Elizabeth M.' <Elizabeth.Smith@leclairryan.com>; Christopher A. Clark <CClark@HL-Law.com>; Mary-Kate Smith <msmith@chimeslaw.com>; Lewis Chimes <lchimes@chimeslaw.com>
**Cc:** Acee, Elizabeth K. <Elizabeth.Acee@leclairryan.com>; 'David A. Moraghan' <dam@skmwlaw.com>
**Subject:** RE: Chase v. Nodine's Smokehouse, Inc. et al [IWOV-LeClair.FID2950848]

Lew/Mary-Kate,

We have the additional issue in this case that, to date, the plaintiff has not disclosed her experts. Under the scheduling order, all depositions including those of experts must be completed by **June 3, 2019**. It is my position that expert discovery must be completed before the filing of summary judgment. You have mentioned that you have retained an expert several times including at yesterday's conference. Please immediately disclose this individual so that the defendants may notice his/her deposition and retain and disclose any necessary experts in response. Thank you. Kristan

**From:** Smith, Elizabeth M. <Elizabeth.Smith@leclairryan.com>
**Sent:** Thursday, March 07, 2019 11:25 AM
**To:** Christopher A. Clark <CClark@HL-Law.com>; Kristan M. Maccini <kmaccini@hl-law.com>; Mary-Kate Smith <msmith@chimeslaw.com>; Lewis Chimes <lchimes@chimeslaw.com>

**EXHIBIT A**