# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **NICOLE CHASE** | : | **NO.: 3:18-cv-00683 (VLB)** |
| | : | |
| **v.** | : | |
| | : | |
| **NODINE'S SMOKEHOUSE, INC., CALVIN** | : | **JURY DEMAND** |
| **NODINE, TOWN OF CANTON, JOHN** | : | |
| **COLANGELO, ADAM GOMPPER, MARK J.** | : | |
| **PENNEY AND CHRISTOPHER ARCIERO** | : | **OCTOBER 1, 2019** |

## DEFENDANTS, TOWN OF CANTON, JOHN COLANGELO AND ADAM GOMPPER'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT, DATED JUNE 19, 2019

**I.      STATEMENT OF FACTS**

      **A.      Preliminary Statement**

      **1.      As to paragraph 1,** these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

      **2.      As to paragraph 2,** it is admitted that at all times Calvin Nodine was treated professionally by the defendants as was the plaintiff.  The remaining allegations of Paragraph 2 are denied.

      **3.      As to paragraph 3,** it is admitted that on September 8, 2017, a warrant was issued for plaintiff's arrest for making a false statement in the 2nd

degree.  The remaining allegations of paragraph 3 are denied.

4.     As to paragraph 4, it is admitted that Calvin Nodine has not been charged to date for lack of probable cause.  The remaining allegations of paragraph 4 are denied.

5.     As to paragraph 5, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

B.     Parties and Other Individuals

6-8.     As to paragraphs 6, 7 and 8, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

i.     The Sexual Assault Defendants

9-15.     These defendants do not answer paragraphs 9 through 15, as these paragraphs are not directed toward them.

ii.     The Police Misconduct Defendants

16-17.  Paragraphs 16 and 17 are admitted.

18.     That portion of paragraph 18 which states:  "At all times mentioned herein, John Colangelo was a Detective in the Canton Police Department," is

2

admitted.  As to the remainder of paragraph 18, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

19.     That portion of paragraph 19 which states:  "At all times mentioned herein, Adam Gompper was a Police Officer in the Canton Police Department," is admitted.  As to the remainder of paragraph 19, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

C.     Jurisdiction and Venue

20-24. As to paragraphs 20 through 24, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

25-26. Paragraphs 25 and 26 are admitted.

D.     Facts Relating to Sexual Assault and Hostile Environment

27-59. These defendants do not answer paragraphs 27 through 59, as these paragraphs are not directed toward them.

E.     Facts Relevant to the Canton Police Department Misconduct

60.     As to paragraph 60, it is admitted only that the plaintiff went to the Canton Police Department, on May 7, 2017, with her mother.  The remaining

allegations of paragraph 60 are denied.

61.     It is admitted that accepted law enforcement standards exist as to methods and procedures for the investigation and interview of victims of sexual assault.  It is denied that the Canton Police Department has adopted standards of the IACP and/or EVAW.  As to the remainder of paragraph 61, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

62.     As to paragraph 62, the defendants deny failing to follow applicable department policies and procedures.  As to the remainder of paragraph 62, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

63.     Paragraph 63 is admitted.

64.     That portion of paragraph 64 which states:  "Defendant Adam Gompper met with Ms. Chase in the lobby of the Canton Police Department on May 7, 2017," is admitted.  The portion of this paragraph which states: "He had her relate the details of the assault in a public area, with her mother present.  As they discussed the incident, numerous individuals in the public lobby were walking by.  She related that Calvin Nodine had sexually assaulted her in the men's bathroom without her consent," is denied.  As to the remainder of paragraph 64, these defendants do not have sufficient knowledge or information

4

upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

65.     As to paragraph 65, the defendants admit that Officer Gompper did not refer the plaintiff to a hospital for examination as she did not describe any event that indicated she was in need of an examination.

65.     Paragraph 65 is denied.  Although Officer Gompper understood the plaintiff to be complaining of sexual harassment rather than sexual assault he provided her with an Office of Victims Services Card.

67.     Admitted as the plaintiff did not make a sexual assault complaint.

68.     Admitted as the plaintiff did not wish to make a formal complaint or provide a written statement.

69.     Admitted as the plaintiff did not wish to make a formal complaint or provide a written statement.

70.     That portion of paragraph 70 which states that Officer Gompper told the plaintiff "that they had a lot of 'he said/she said' cases like this that the police cannot prove," is denied.  The remainder of paragraph 70 is admitted.

71.     Paragraph 71 is admitted but the defendants deny any implied allegation that Officer Gompper had a reason to accompany the plaintiff to the restaurant.

72.     As to paragraph 72, it is admitted that on May 11, 2017 the plaintiff

5

provided Officer Gompper with a written statement under oath.  Any implied allegation that the statement was not taken properly or was not that of the plaintiff is denied.

73.     That portion of paragraph 73 which states:  "In the statement Ms. Chase reiterated that Calvin Nodine had sexually assaulted her without her consent," is denied.  That portion of paragraph 73 which states that the plaintiff "omit[ted] the fact that it had been a completed act of oral sex," is admitted.  As to the remainder of paragraph 73, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

74.     Paragraph 74 is admitted.

75-76. Paragraphs 75 and 76 are denied.

77.     As to paragraph 77, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

78.     Paragraph 78 is admitted but the defendants deny any implied allegation that there was physical evidence to gather.

79.     The defendants do not answer paragraph 79 as it is improper in form.

6

80.     As to paragraph 80, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

81-82. Paragraphs 81 and 82 are admitted.

83-84. Paragraphs 83 and 84 are denied.

85.     As to paragraph 85, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

86.     As to paragraph 86, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

87.     That portion of paragraph 87 which states, "His story was incredible on his face" is denied.  As to the remainder of paragraph 87, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to her burden of proof.

88.     As to paragraph 88, these defendants do not have sufficient

7

knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

89.    As to paragraph 89, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

90-98.  The defendants do not answer paragraphs 90 through 98 as they are improper in form.

99.    As to Paragraph 99 it is denied that plaintiff ever described a forcible sexual assault or that the defendant Colangelo made the decision that such a crime was not serious.

100.    As to paragraph 100, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

101.    As to paragraph 101, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

8

102. Paragraph 102 is denied.

103-105. As to paragraphs 103, 104 and 105, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

106-109. Paragraphs 106 through 109 are admitted.

110. It is admitted that plaintiff met with Detective John Colangelo. It is denied that the plaintiff had never spoken to him before.

111. As to paragraph 111 is admitted that Adam Gompper was not in the interview room.

112-113. Paragraphs 112 and 113 are denied.

114. As to paragraph 114, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

115. Paragraph 115 is denied.

116. That portion of paragraph 116 which states: "During the interview, Colangelo told Ms. Chase that her statement and Alexandria Archer's statements about Nodine grabbing her buttocks earlier in the day contained almost the exact wording," is admitted. As to the remainder of paragraph 116,

these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

117.    That portion of paragraph 117 which states, "During the interview, Colangelo told Ms. Chase that they were looking into whether or not there was probable cause to develop an arrest warrant for Nodine for a crime is admitted. The remainder of paragraph 117 is denied.

118.    The portion of paragraph 118 which states, "Yet Colangelo continued to recklessly assume that Ms. Chase had made the criminal complaint to get money from Nodine is denied."  As to the remainder of paragraph 118, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

119.    That portion of paragraph 119 which states:  "He asked her to tell her story again," is admitted.  The remainder of paragraph 119 is denied.

120.    As to paragraph 120, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to her burden of proof.

121.    Paragraph 121 is denied.

122.    That portion of paragraph 122 which states:  "He asked her whetehr she thought that Calvin Nodine was telling the truth," is admitted.  The remainder of paragraph 122 is denied.

123.    Paragraph 123 is denied.

124.    Paragraph 124 is denied.

125.    Paragraph 125 is denied.

126.    It is admitted that the plaintiff did not tell the police that Mr. Nodine had forced her to perform oral sex on him.  As to the remainder of paragraph 126, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

127.    The defendants do not answer paragraph 127 as it is improper in form.

128.    Paragraph 128 is denied.

129.    Paragraph 129 is admitted.

130.    Paragraph 130 is denied.

131.    As to paragraph 131, the defendants deny that Detective Colangelo was dismissive of any concerns expressed by the plaintiff.  As to the remainder of paragraph 131, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

132.    That portion of paragraph 132 which states:  "put his penis into her

mouth without her consent," is denied.  As to the remainder of paragraph 132, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

133.    Paragraph 133 is denied.

134.    Paragraph 134 is denied.

135.    As to paragraph 135, it is denied that the plaintiff told Colangelo that she was trapped in the bathroom.  The remainder of paragraph 135 is admitted.

136.    Paragraph 136 is denied.

137.    Paragraph 137 is denied.

138.    That portion of paragraph 138 which states:  "During the interview, Ms. Chase thanks Colangelo for helping her tell the entire truth," is admitted.  As to the remainder of paragraph 138, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

139.    Paragraph 139 is denied.

140-141.    Paragraphs 140 and 141 are admitted.

142.    As to paragraph 142, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff

to her burden of proof.

143.   Paragraph 143 is admitted.

144-147.      As to paragraphs 144 through 147, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

148.   Paragraph 148 is admitted.

149.   Paragraph 149 is denied.

150.   Paragraph 150 is denied.

151.   It is denied that Detective Colangelo delayed his response to plaintiff's e-mail.  It is further denied that Detective Colangelo lied to plaintiff. The remainder of paragraph 151 is admitted.

152.   Paragraph 152 is denied.

153-154.      Paragraphs 153 and 154 are admitted.

155-156.      Paragraphs 155 and 156 are denied.

157.   Paragraph 157 is admitted.

158-159.      Paragraphs 158 and 159 are denied.

160.   Paragraph 160 is admitted.

161.   Paragraph 161 is denied.

162.   Paragraphs 162 is admitted.

163.    That portion of paragraph 163 which states:  "At all times mentioned herein, Detective Colangelo and Officer Gompper's supervisor, was Sgt. Mark Penney," is admitted.  As to the remainder of paragraph 163, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

164-165.    Paragraphs 164 and 165 are denied.

166-167.    The defendants do not answer paragraphs 166 and 167 as they are improper in form.

168-172.    Paragraphs 168 through 172 are denied.

173.    As to paragraph 173, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

174.    The defendants do not answer paragraph 174 as it is improper in form.

175-176.    Paragraphs 175 and 176 are denied.

## II.   LEGAL CLAIMS

### A.   Sexual Assault Defendants

COUNT ONE                 (VIOLATION OF CONNECTICUT FAIR EMPLOYMENT
                          PRACTICES ACT – SEXUAL HARASSMENT & HOSTILE
                          WORK ENVIRONMENT – CONN. GEN. STAT. § 46a-
                          60(b)(8)) (*Against Nodine's Smokehouse, Inc.*)

These defendants do not answer Count One, as this count is not directed

towards them.

COUNT TWO                 (VIOLATION OF TITLE VII – SEXUAL HARASSMENT &
                          HOSTILE WORK ENVIRONMENT – 42 U.S.C. § 2000e, et
                          al) (*Against Nodine's Smokehouse, Inc.*)

These defendants do not answer Count Two, as this count is not directed

towards them.

COUNT THREE               (VIOLATION OF CONNECTICUT FAIR EMPLOYMENT
                          PRACTICES ACT – RETALIATION – CONN. GEN. STAT.
                          § 46a-60(b)(4))(*Against Nodine's Smokehouse, Inc.*)

These defendants do not answer Count Three, as this count is not

directed towards them.

COUNT FOUR                (VIOLATION OF TITLE VII – RETALIATION)(*Against
                          Nodine's Smokehouse, Inc.*)

These defendants do not answer Count Four, as this count is not directed

towards them.

**COUNT FIVE**          **(VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT – AIDING AND ABETTING – CONN. GEN. STAT. § 46a-60(b)(5))(***Against Calvin Nodine, Individually***)**

These defendants do not answer Count Five, as this count is not directed towards them.

**COUNT SIX**          **(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS) (***Against Calvin Nodine and Nodine's Smokehouse, Inc.***)**

These defendants do not answer Count Six, as this count is not directed towards them.

**COUNT SEVEN**          **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) (***Against Calvin Nodine and Nodine's Smokehouse, Inc.***)**

These defendants do not answer Count Seven, as this count is not directed towards them.

**COUNT EIGHT**          **(INTENTIONAL AND/OR RECKLESS ASSAULT AND BATTERY)(***Against Calvin Nodine***)**

These defendants do not answer Count Eight, as this count is not directed towards them.

**COUNT NINE**          **(NEGLIGENT ASSAULT AND BATTERY)(***Against Calvin Nodine***)**

These defendants do not answer Count Nine, as this count is not directed towards them.

**COUNT TEN**          **(INVASION OF PRIVACY)(*Against Calvin Nodine*)**

      **These defendants do not answer Count Ten, as this count is not directed towards them.**

**COUNT ELEVEN**        **(FALSE IMPRISONMENT)(*Against Calvin Nodine*)**

      **These defendants do not answer Count Eleven, as this count is not directed towards them.**

**COUNT TWELVE**       **(INTIMIDATION BASED ON BIGOTRY OR BIAS IN VIOLATION OF CONN. GEN. STAT. § 52-571c)(*Against Calvin Nodine and Nodine's Smokehouse, Inc.*)**

      **These defendants do not answer Count Twelve, as this count is not directed towards them.**

**COUNT THIRTEEN**      **(MALICIOUS PROSECUTION)(*Against Calvin Nodine and Nodine's Smokehouse, Inc.*)**

      **These defendants do not answer Count Thirteen, as this count is not directed towards them.**

      **B.**    <u>**Police Misconduct Defendants**</u>

**COUNT FOURTEEN**     **(FALSE ARREST – 42 U.S.C. § 1983)(*Against John Colangelo and Adam Gompper, in their Personal Capacity*)**

      **1-176.** **The answers to paragraphs 1 through 176 of the Statement of Facts are hereby made the answers to paragraphs 1 through 176 of the Fourteenth Count, as if fully set forth herein.**

177.   Paragraph 177 is admitted.

178-182.      Paragraphs 178 through 182 are denied.

183.   That portion of paragraph 183 which states:  "As a result of the defendants' conduct," is denied.  As to the remainder of paragraph 183, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

**COUNT FIFTEEN**          **(FALSE ARREST)(***Against Officer Gompper, Det. Colangelo, and the defendant Town of Canton***)**

1-176.      The answers to paragraphs 1 through 176 of the Statement of Facts are hereby made the answers to paragraphs 1 through 176 of the Fifteenth Count, as if fully set forth herein.

177-178.      Paragraphs 177 and 178 are denied.

179.   That portion of paragraph 179 which states:  "As a result of the defendants' conduct," is denied.  As to the remainder of paragraph 179, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

**COUNT SIXTEEN**          **(MALICIOUS PROSECUTION – 42 U.S.C. § 1983) (***Against Det. John Colangelo and Officer Adam Gompper, in their Personal Capacity***)**

1-176. The answers to paragraphs 1 through 176 of the Statement of Facts are hereby made the answers to paragraphs 1 through 176 of the Sixteenth

Count, as if fully set forth herein.

177.    Paragraph 177 is admitted.

178-181.    Paragraphs 178 through 181 are denied.

182.    That portion of paragraph 182 which states:  "As a result of the defendants' conduct," is denied.  As to the remainder of paragraph 182, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

**COUNT SEVENTEEN**        **(MALICIOUS PROSECUTION – COMMON LAW)(***Against Det. John Colangelo, Officer Adam Gompper and defendant Town of Canton***)**

1-176. The answers to paragraphs 1 through 176 of the Statement of Facts are hereby made the answers to paragraphs 1 through 176 of the Seventeenth Count, as if fully set forth herein.

177-180.    Paragraphs 177 through 180 are denied.

181.    That portion of paragraph 181 which states:  "As a result of the defendants' conduct," is denied.  As to the remainder of paragraph 181, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

**COUNT EIGHTEEN**        **(DENIAL OF EQUAL PROTECTION – 42 U.S.C. § 1983) (***Against Det. John Colangelo, and Police Officer Adam Gompper, in their personal capacities***)**

1-176. The answers to paragraphs 1 through 176 of the Statement of Facts

are hereby made the answers to paragraphs 1 through 176 of the  Eighteenth Count, as if fully set forth herein.

177.   Paragraph 177 is admitted.

178-179.      Paragraphs 178 and 179 are denied.

180.   Paragraph 180 is admitted.

181-188.      Paragraphs 181 through 188 are denied.

189.   As to paragraph 189, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

190-192.      Paragraphs 190 and 192 are denied.

193.   That portion of paragraph 193 which states:  "As a result of the defendants' discrimination against Ms. Chase on the basis of her sex," is denied.  As to the remainder of paragraph 193, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

194-195.      Paragraphs 194 and 195 are denied.

COUNT NINETEEN            (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)(*Against Detective Colangelo, Officer Gompper, Town of Canton*)

1-176. The answers to paragraphs 1 through 176 of the Statement of Facts are hereby made the answers to paragraphs 1 through 176 of the  Nineteenth

Count, as if fully set forth herein.

177-178.    Paragraphs 177 and 178 are denied.

179.    That portion of paragraph 179 which states:  "As a result of their behavior," is denied.  As to the remainder of paragraph 179, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

180.    Paragraph 180 is denied.

COUNT TWENTY            (ASSUMPTION OF LIABILITY FOR DAMAGE CAUSED BY EMPLOYEES OF MUNICIPALITY – PURSUANT TO CONN. GEN. STAT. § 7-465)(*Against Town of Canton*)

1-176.  The answers to paragraphs 1 through 176 of the Statement of Facts are hereby made the answers to paragraphs 1 through 176 of the  Twentieth Count, as if fully set forth herein.

177-181.    The answers to paragraphs 177 through 181 of the Fourteenth Count are hereby made the answers to paragraphs 177 through 181 of the Twentieth Count, as if fully set forth herein.

182.    The answer to paragraph 177 of the Fifteenth Count is hereby made the answer to paragraph 182 of the Twentieth Count, as if fully set forth herein.

183-200.    The answers to paragraphs 183 through 195 of the Eighteenth Count are hereby made the answers to paragraphs 183 through 195 of the Twentieth Count, as if fully set forth herein.  The Eighteenth Count does not

have paragraphs 196 through 200.

201.   That portion of paragraph 201 which states:  "As a result of defendant Colangelo's and defendant Gompper's conduct," is denied.  As to the remainder of paragraph 201, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

202-203.      Paragraphs 202 and 203 are admitted.

204.   As to paragraph 204, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

205.   Paragraph 205 is denied.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE AS TO COUNT FOURTEEN:**

The plaintiff has failed to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE AS TO COUNT FOURTEEN:**

The plaintiff's claims against these defendants are barred by the doctrine of qualified immunity.

**FIRST AFFIRMATIVE DEFENSE AS TO COUNT FIFTEEN:**

The plaintiff has failed to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE AS TO COUNT FIFTEEN:**

The plaintiff's claims against these defendants are barred by the doctrine of qualified immunity.

**FIRST AFFIRMATIVE DEFENSE AS TO COUNT SIXTEEN:**

The plaintiff has failed to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE AS TO COUNT SIXTEEN:**

The plaintiff's claims against these defendants are barred by the doctrine of qualified immunity.

**FIRST AFFIRMATIVE DEFENSE AS TO COUNT SEVENTEEN:**

The plaintiff has failed to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE AS TO COUNT SEVENTEEN:**

The plaintiff's claims against these defendants are barred by the doctrine of qualified immunity.

**FIRST AFFIRMATIVE DEFENSE AS TO COUNT EIGHTEEN:**

The plaintiff has failed to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE AS TO COUNT EIGHTEEN:**

The plaintiff's claims against these defendants are barred by the doctrine of qualified immunity.

**FIRST AFFIRMATIVE DEFENSE AS TO COUNE NINETEEN:**

The plaintiff has failed to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE AS TO COUNT NINETEEN:**

The plaintiff's claims are barred by the doctrine of governmental immunity at Common law and pursuant to Connecticut General Statute § 52-557n.

**FIRST AFFIRMATIVE DEFENSE AS TO COUNT TWENTY:**

The plaintiff has failed to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE AS TO COUNE TWENTY:**

The plaintiff's claims against these defendants are barred by the doctrine of qualified immunity.

**THIRD AFFIRMATIVE DEFENSE AS TO COUNT TWENTY:**

The plaintiff's claims are barred by the doctrine of governmental immunity at Common law and pursuant to Connecticut General Statute § 52-557n.

**JURY DEMAND**

The defendants, TOWN OF CANTON, JOHN COLANGELO and ADAM GOMPPER, demand a trial by jury.

**DEFENDANTS,**
**TOWN OF CANTON, JOHN**
**COLANGELO AND ADAM GOMPPER**


**By /s/ Kristan M. Maccini**
   **Kristan M. Maccini**
   **ct25121**
   **Howd & Ludorf, LLC**
   **65 Wethersfield Avenue**
   **Hartford, CT  06114-1190**
   **(860) 249-1361**
   **(860) 249-7665 fax**
   **kmaccini@hl-law.com**

## CERTIFICATION

This is to certify that on OCTOBER 1, 2019, a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Lewis H. Chimes, Esq.
Mary-Kate Smith, Esq.
Law Office of Lewis Chimes, LLC
45 Franklin Street
Stamford, CT  06901

David A. Moraghan, Esq.
Smith, Keefe, Moraghan
& Waterfall, LLC
32 City Hall Avenue, # C
Torrington, CT  06790

Elizabeth K. Acee, Esq.
Barclay Damon
545 Long Wharf Drive, 9th Floor
New Haven, CT  06511

/s/ Kristan M. Maccini
Kristan M. Maccini