**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **NICOLE CHASE** | : **CIVIL ACTION 3:18-cv-00683-VLB** |
| | : |
| **Plaintiff,** | : |
| | : |
| **VS.** | : |
| | : |
| **NODINE'S SMOKEHOUSE, INC., CALVIN** | : |
| **NODINE, TOWN OF CANTON,** | : |
| **JOHN COLANGELO, AND ADAM GOMPER** | : |
| | : |
| **Defendants.** | : **October 1, 2019** |

**NODINE'S SMOKEHOUSE, INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT**

Defendant Nodine's Smokehouse, Inc. ("NSI"), hereby files this memorandum of law in support of its partial motion for summary judgment to dismiss counts six, seven, twelve, and thirteen of Plaintiff Nicole Chase's Second Amended Complaint ("SAC").  As discussed in greater detail below, Plaintiff's claims against NSI for negligent infliction of emotional distress ( "NIED") (count six); intentional infliction of emotional distress ("IIED") (count seven); intimidation based on bigotry or bias in violation of Conn. Gen. Stat. § 52-571c (count twelve); and malicious prosecution (count thirteen) (collectively, the "Tort Claims") fail as a matter of law under the well-settled exceptions to the doctrine of *respondeat superior* for conduct that is outside the scope of employment or does not further the employer's business.

## I.    Facts Relevant to this Motion

Plaintiff began her employment at NSI in or about September 2016.  SAC at ¶ 27.  She first worked at NSI's smokehouse in Torrington, then at its Nodine's Smokehouse Restaurant in Canton.  Id.  Defendant Calvin Nodine was Plaintiff's boss at Nodine's Smokehouse Restaurant. Statement of Undisputed Material Facts ("SUMF") at ¶ 4; see also SAC at ¶¶ 14, 63-64.

The officers of NSI include Calvin Nodine, its treasurer, and Johanna Nodine, its vice president.  SUMF at ¶¶ 1-2.

Plaintiff alleges that she was sexually assaulted during the course of her employment by Calvin Nodine.  See, e.g., SAC at ¶¶ 1, 27-50.  Plaintiff also alleges that Nodine caused Plaintiff to be arrested and charged with the crime of false statement for falsely reporting to the police that she had been sexually assaulted by Nodine.  Id. at ¶¶ 61-62.

Plaintiff seeks to hold NSI liable for the alleged conduct of Calvin Nodine, charging it with Title VII and CFEPA violations and the Tort Claims that are the subject of this Motion.

## II.    Argument

The Tort Claims fail as a matter of law because no reasonable jury could conclude that Nodine's alleged conduct — sexually harassing Plaintiff and causing her to be charged with the crime of false statement —was within the scope of his employment with NSI or in any way furthered NSI's business interests.  Quite to the contrary, Nodine's alleged conduct has embroiled NSI in this litigation to its substantial detriment.

### A.    The Law

"Under Connecticut law, an employer is liable under the doctrine of respondeat superior for the intentional torts of an employee only if the employee is acting both within the scope of his employment and in furtherance of the employer's business."  Murphy v. Burgess, 3:96cv01987(AHN), 1997 U.S. Dist. LEXIS 22750, at *21-22 (D. Conn. July 16, 1997) citing Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 500 (1995).  "In determining whether an employee has acted within the scope of employment, courts look to whether the employee's conduct: (1) occurs primarily within the employer's authorized time and space limits; (2) is of the type that the employee is employed to perform; and (3) is motivated, at least in part, by a purpose to serve the employer." Harp v. King, 266 Conn. 747, 782-83, 835 A.2d 953 (2003).

"This principle applies whether the plaintiff asserts either willful or negligent tortious conduct."  Id. citing Rappaport v. Rosen Film Delivery System, 127 Conn. 524, 526, 18 A.2d 362 (1941).  "For respondeat superior to apply, the affairs of the employer, and not solely the affairs of the employee, must be furthered by the objectionable acts."  Id. citing Larsen, 232 Conn. at 501.  "'A master is liable only for those torts of his servant . . . which have for their purpose the execution of the masters orders or the doing of the work assigned to him to do.'" Id. quoting Bradlow v. American Dist. Tel. Co., 131 Conn. 192, 196, 38 A.2d 679 (1944).  "Unless the employee was actuated at least in part by a purpose to serve the employer, the employer is not liable."  Id. A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 210, 579 A.2d 69 (1990).

"Ordinarily, the question of whether the employee's tort occurred within the scope of his employment and in furtherance of his master's business is to be determined by the finder of fact, but "there are occasional cases where a servant's digression from duty is so clear-cut that the disposition of the case becomes a matter of law." Id. quoting A-G Foods, Inc., 216 Conn. at 207.  "The acts of an employee who forces another employee to engage in sexual intercourse clearly cannot be construed as furthering the employer's business interests, even if the acts occur on company property and while the employee is on duty." Id.; see also Turley v. ISG Lackawanna, Inc., 774 F.3d 140, 161-62 (2d Cir. 2014) (sexual harassment is "usually motivated by something personal, [so] ordinarily [it] does not fall within the scope of employment.") (internal quotation marks omitted); Higgins v. Metro-North R.R. Co., 318 F.3d 422, 426 (2d Cir. 2003) ("It is well settled that sexual harassment 'consisting of unwelcome remarks and touching is motivated solely by individual desires and serves no purpose of the employer.'").

Accordingly, courts regularly dismiss tort claims against employers that seek to hold employers liable for the sexually harassing conduct of their employees and/or employee-supervisors. See, e.g., Oliver v. Wal-Mart Stores E., LP, No. CV166027223, 2018 Conn. Super. LEXIS 1124, at *14 (Super. Ct. June 5, 2018) (dismissing IIED claim); Sawka v. ADP, Inc., No. 3:13-cv-754 (VAB), 2015 U.S. Dist. LEXIS 130932, at *67 (D. Conn. Sep. 29, 2015) (same); Murphy v. Burgess, 1997 U.S. Dist. LEXIS 22750 at *21-22 (dismissing IIED, NIED, and invasion of privacy claims).  In Murphy, the court dismissed the tort claims against the employer at the

4

pleading stage, concluding that torts asserted against employers based on the sexually harassing conduct of their employees failed as a matter of law.

        **B.**    **Nodine's Alleged Conduct was (i) not within the Scope of his Employment or (ii) in Furtherance of NSI's Business**

No reasonable jury could find that the alleged conduct of Nodine was within the scope of his employment with NSI or in furtherance of NSI's business.  The NIED, IIED, and § 52-571c claim, are based exclusively on Plaintiff's allegation that she was sexually harassed by Nodine. The claim for malicious prosecution is based on the allegation that Nodine caused Plaintiff to be arrested and charged with the crime of false statement for falsely reporting to the police that she had been sexually assaulted by Nodine.  Quite obviously, none of this alleged conduct relates in any way to any aspect of Nodine's job, nor could it possibly be construed as benefiting NSI.  On the contrary, NSI followed state and federal law by posting notices concerning the illegality of sexual harassment in the workplace.  SUMF at ¶ 3.  Conduct by any employee or officer that violates that law is therefore inimical to NSI's business interests.  The Tort Claims fail as a matter of law for the reasons stated in Murphy and the other cases discussed supra, and should be dismissed.

    **III.**    **Conclusion**

For the foregoing reasons, NSI respectfully requests that this Motion be granted, and the Tort Claims dismissed with prejudice to refiling.

Respectfully submitted,

NODINE'S SMOKEHOUSE, INC.,

By their attorneys,

/s/ Elizabeth K. Acee
Elizabeth K. Acee (ct20986)
Barclay Damon
545 Long Wharf Drive, Ninth Floor
New Haven, CT 06511
Tel.: 203-672-2659
Fax: 203-654-3260
Email:eacee@barclaydamon.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2019, the foregoing document was filed electronically and sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

/s/ Elizabeth K. Acee
Elizabeth K. Acee (ct20986)