# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE CHASE | : | NO.: 3:18-cv-00683 (VLB) |
| | : | |
| v. | : | |
| | : | |
| NODINE'S SMOKEHOUSE, INC., CALVIN | : | |
| NODINE, TOWN OF CANTON, JOHN | : | |
| COLANGELO, ADAM GOMPPER, MARK J. | : | |
| PENNEY, AND CHRISTOPHER ARCIERO | : | DECEMBER 11, 2018 |

**DEFENDANT NODINE'S SMOKEHOUSE INC.'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Nodine's

Smokehouse Inc. ("Nodine's"), by and through its counsel, hereby sets forth its objections to

Plaintiff's Interrogatories and Requests for Production.

**GENERAL OBJECTIONS**

Nodine's objects to the Definitions and Instructions to the extent they contain vague and

ambiguous terms and purport to require Nodine's to perform obligations not required by the

Federal Rules of Civil Procedure.

**SPECIFIC OBJECTIONS**

1.      Please identify the person(s) answering these interrogatories.  If more than one
person is answering the interrogatories, please identify each person by the corresponding
interrogatory number.

**OBJECTION:**      Nodine's objects to this interrogatory to the extent it seeks information
protected by the Attorney-Client privilege and/or Attorney Work Product Doctrine.

**RESPONSE:**      Notwithstanding and without waiving the foregoing objection, Johanna
Nodine.

2.      Please identify all persons with material and/or substantial knowledge of the facts
alleged in plaintiff's Complaint, as well as those persons with material and substantial

knowledge regarding the plaintiff's employment at Nodine's Smokehouse, Inc and, if any of these persons prepared any document, gave any statement or made any memorandum or other account in writing or otherwise, reflecting his or her knowledge, please identify those individuals and indicate who has possession of those statements or documents.

**OBJECTION:**      Nodine's objects to this interrogatory to the extent it seeks information protected by the Attorney-Client privilege and/or Attorney Work Product Doctrine.

**RESPONSE:**      Notwithstanding and without waiving the foregoing objection, upon information and belief, with regard to the facts contained in Plaintiff's Complaint, Plaintiff; with regard to Plaintiff's employment with Nodine's generally, Plaintiff, Calvin Nodine, Kelly Nodine, and Johanna Nodine.

3.      Please identify and describe all policies and procedures for the staff, personnel, employees, principals, executives, and owners of Nodine's Smokehouse, Inc. prohibiting or relating to sexual harassment or sexually inappropriate conduct in the workplace in effect between 2016 and the present, including any procedures for making and responding to/investigating complaints about sexual harassment or sexually inappropriate conduct in the workplace.

**RESPONSE:**      Nodine's adheres to state and federal posting requirements.

4.      Identify each person, if any, whom the defendant intends to call as an expert witness at trial, and for each expert identified, provide: a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming his or her opinions; a description of any exhibits to be used as a summary or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the last ten years; the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition with the last six years.

**RESPONSE:**      Nodine's has not yet identified what experts, if any it will call at trial.

5.      Please state the name and address of each person whom you may call to testify as a non-expert witness at trial and state the subject matter on which each witness is expected to testify, including the substance of the facts and conclusions which each witness is expected to testify.

**RESPONSE:**      Nodine's has not yet identified what experts, if any it will call at trial.

6.      Please identify each employee, executive, owner, member, officer, agent, and staff member of Nodine's Smokehouse, Inc. during the term of the plaintiff's employment to the present and, for each, identify his or her name, gender, position, date of hire, and date of and reason for termination or separation from the company, if applicable.

**OBJECTION:**      Nodine's objects to this interrogatory as overbroad, burdensome, seeking information readily known to Plaintiff, and outside the scope of discovery.

**RESPONSE:**          Notwithstanding and without waiving the foregoing objection, Calvin Nodine, Treasurer, Ronald Nodine, President (former), Johanna Nodine, Vice President.

7.      Please identify each past and present employee at Nodine's Smokehouse, Inc. who has made a complaint of intimidating, hostile, and offensive working environment; sexual harassment; or inappropriate conduct of a sexual nature in the workplace, including but not limited to any oral complaints, whether or not the complaints were formal or charges were filed with a court or administrative agency, and state and/or identify for each:

**OBJECTION:**          Nodine's objects to this interrogatory, and all its subparts as overbroad, burdensome, and sweeping outside the scope of discovery under Federal Rule of Civil Procedure 26.  Specifically, complaints that are unrelated to this action are not relevant to any claim or defense and therefore not likely to lead to the discovery of admissible evidence.

**RESPONSE:**          Notwithstanding and without waiving the foregoing objection, Jim Covill made an oral complaint regarding Plaintiff making inappropriate remarks in the workplace.

8.      Please identify all complaints of any nature made pertaining to Calvin Nodine in the workplace or at Nodine's Smokehouse, Inc., whether by employees, customers or other third parties.  As to each complaint, and state and/or identify for each:

**OBJECTION:**          Nodine's objects to this interrogatory and all its subparts as overbroad, burdensome, and sweeping outside the scope of discovery under Federal Rule of Civil Procedure 26.  Specifically, any complaints made by Plaintiff, including complaints made to non-managerial employees are better known to Plaintiff than Defendant, and other complaints are not relevant to any claim or defense in this action and therefore not likely to lead to the discovery of admissible evidence.

**RESPONSE:**          Notwithstanding and without waiving the foregoing objection, the undersigned is unaware of any formal complaints made against Calvin Nodine in the workplace or at Nodine's except the complaint that is the subject of this action.

a.      the individual(s) to whom the individual complained;
b.      the nature of the complaint;
c.      the nature of the investigation and response;
d.      the position of the individual at the time of the complaint, if an employee   and if not an employee, the status of the individual (customer, vendor etc);
e.      any and all actions taken as a result of the complaint;
f.      the complainant's last known address and telephone number.

9.      Please identify the dates, times, and locations of any and all sexual harassment training that was provided to employees, managers, agents, executives, members, owners, or officers of Nodine's Smokehouse, Inc., including Calvin Nodine.

**RESPONSE:**          None.

10.     Please identify, by giving name, job title/capacity, address, and telephone number, each individual whom you, any related entity, and/or any of their employees, agents, or representatives, have interviewed concerning the allegations in the plaintiff's Complaint.

**OBJECTION:**     Nodine's objects to this interrogatory to the extent it seeks information protected by the Attorney-Client privilege and/or Attorney Work Product Doctrine.

11.     Please identify, by giving name, job title/capacity, address, and telephone number, each individual from whom you, any related entity, and/or any of their employees, agents, or representatives, have obtained a written statement concerning the allegations in the plaintiff's Complaint.

**OBJECTION:**     Nodine's objects to this interrogatory to the extent it seeks information protected by the Attorney-Client privilege and/or Attorney Work Product Doctrine.

**RESPONSE:**     Notwithstanding and without waiving the foregoing objection, none.

12.     Please list any civil or criminal lawsuits, pending or closed, in which you are/were a named party.

**RESPONSE:**     In addition to this action, PSMG International, Inc. v. Nodine's Smokehouse, Inc., USDC MA No. 08-10269, and McCarther's v. Nodine's Smokehouse, Inc., docket number unknown; both matters were contractual disputes.

13.     Please identify all persons involved in any investigation of the plaintiff's complaint filed with the Commission on Human Rights and Opportunities.

**OBJECTION:**     Nodine's objects to this interrogatory to the extent it seeks information protected by the Attorney-Client privilege and/or Attorney Work Product Doctrine.

14.     Please identify all complaints of sexually inappropriate conduct, of intimidating, hostile, and offensive working environment, sexual harassment, or inappropriate conduct of a sexual nature made against Calvin Nodine, or any other employee of Nodine's Smokehouse, Inc. at any time.  As to each complaint identified, please state:

a.     The date of the complaint;
b.     The substance of the complaint;
c.     The person or persons about whom the complainant complained;
d.     The work location of the complainant;
e.     The name of complainant(s) and his or her position, date of hire, date of and reason for termination or separation from Nodine's Smokehouse, Inc., if applicable;
f.     The steps taken to investigate the complaint and the name and title of the individual or individuals who conducted and participated in the investigation; and
g.     The outcome of any investigation of the complaint.

4

**OBJECTION:**        Nodine's objects to this interrogatory and all its subparts as overbroad, burdensome, and sweeping outside the scope of discovery under Federal Rule of Civil Procedure 26. Specifically, other complaints that are in no way related to this action are not relevant to any claim or defense in this action and therefore not likely to lead to the discovery of admissible evidence.

**RESPONSE:**        Notwithstanding and without waiving the foregoing objection, none that undersigned is aware of.

15.    Please identify all personal and commercial insurance policies issued to you, including, but not limited to, real property insurance, renters insurance, business insurance, excess liability policies, umbrella insurance policies and, also, state whether or not any insurance carrier of any policy identified has either agreed to provide coverage, agreed to defend you with a reservation of rights, or declined coverage.

**RESPONSE:**        See documents provided herewith.

16.    Please identify all persons with material and/or substantial knowledge regarding any and all complaints made by the plaintiff relating to the terms and conditions of her employment or her treatment at Nodine's Smokehouse, Inc.

**OBJECTION:**        Nodine's objects to this interrogatory in that it seeks information uniquely known to Plaintiff, and not this Defendant.

**RESPONSE:**        Notwithstanding and without waiving the foregoing objection, Nodine's is aware of the complaints made in this action, through this action.

17.    Please identify any and all social media websites in which you hold an account including but not limited to Facebook, Twitter, LinkedIn, YouTube, Snap Chat, My Space, Friendster or other.

**RESPONSE:**        Nodine's Smokehouse, Inc. maintains a website (https://nodines-smokehouse.myshopify.com/), a Facebook page for Nodine's Smokehouse and Nodine's Smokehouse Deli and Restaurant, Nodine's Gourmet Store has a LinkedIn account, and a Twitter account (@NodinesSmoked).

18.    Identify any photographs, video recordings and/or audio recordings that were taken of the occurrence, the injuries, any other matter described in the complaint or related to this case or the defendants' defenses, of which you are aware, and for each, identify the date each was taken; the name, address and position/title of the individual(s) who took the photo or made the recordings; and the subject matter of the photo and/or recording.

**RESPONSE:**        None by this Defendant.

19.    With respect to a private investigator(s) or third party who conducted surveillance of Nicole Chase, state and/or identify:

      a.   all persons involved in any way with making the decision to hire a private investigator(s) or third party to conduct surveillance of Nicole Chase;

      b.   who or what entity paid the private investigator(s) or third party to conduct surveillance of Nicole Chase;

      c.   how much the private investigator(s) or third party was paid to conduct surveillance of Nicole Chase;

      d.   the date the investigation commenced and date it ended, or whether it is ongoing;

      e.   the earliest date the decision was made to hire a private investigator(s) or third party to conduct surveillance of Nicole Chase;

      f.   with specificity, all grounds and reasons a private investigator(s) or third party was hired to conduct surveillance of Nicole Chase;

      g.   all persons having material knowledge concerning the decision to hire a private investigator(s) or third party to conduct surveillance of Nicole Chase and the investigation itself.

**OBJECTION:**    Nodine's objects to this interrogatory to the extent it seeks information protected by the Attorney-Client privilege and/or Attorney Work Product Doctrine.

20.    Identify all property which you own, possess or have an interest in and debts owing to you, including without limitation, personal property, bank or financial institution accounts, trade fixtures, accounts receivable, securities, partnership or corporate interests, real estate, and all other assets.

**RESPONSE:**    See documents provided in response to Plaintiff's PJR application.

21.    Identify the individual(s) who provided a copy of Nicole Chase's written statement, dated May 11, 2017, to you, Calvin Nodine, and/or your attorneys or representatives as well as the individual(s) who notified you, Calvin Nodine, and/or your attorneys that Ms. Chase was being arrested for making a false statement on or before September 8, 2017.

**OBJECTION:**    Nodine's objects to this interrogatory to the extent it seeks information protected by the Attorney-Client privilege and/or Attorney Work Product Doctrine.

**RESPONSE:**    Notwithstanding and without waiving the foregoing objection, the undersigned was not informed that Ms. Chase was being arrested.

6

## VERIFICATION

I hereby certify that I have read the answers to the foregoing Interrogatories and they are true to the best of my knowledge and belief.

By: _Johanne Nodine_

Johanne Nodine


STATE OF CONNECTICUT        )
                            ) ss:
COUNTY OF                   )

Personally appeared the above named party who swore to the truth of the matters contained therein before me, on this 5th day of ~~November~~ Dec, 2018.

Notary Public
Commissioner of the Superior Court