```
                                                            1


               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF CONNECTICUT


  -------------------------------X

  NICOLE CHASE                    :

              Plaintiff,          :

       VS.                        :  NO. 3:18-cv-00683(VLB)

  NODINE'S SMOKEHOUSE, INC.,      :
  CALVIN NODINE, TOWN OF
  CANTON, JOHN COLANGELO,         :
  ADAM GOMPPER, MARK J.           :
  PENNEY, AND CHRISTOPHER         :
  ARCIERO                         :

              Defendants.         :
  -------------------------------X
```



```
                    D E P O S I T I O N


       THE DEPOSITION OF DAVID CANNY, taken on

  behalf of the Plaintiff, before Kevin Lombino,

  Registered Professional Reporter, Notary Public

  within the State of Connecticut Certificate

  Number 191, on the 29th day of November, 2018,

  at 10:22 a.m., at the offices of Robert Fortgang

  Associates, LLC, 573 Hopmeadow Street, Simsbury,

  CT.




          GOLDFARB AND AJELLO, LLC  (203) 972-8320
```

**EXHIBIT C**

1           has them, are there any.
2                   MS. MACCINI:  You need to make that clear,
3           your question is not clear.
4       A.  I don't recall, no, no.
5       Q.  Did you ever e-mail anyone about Nicole Chase?
6       A.  No.
7       Q.  Did you ever text anyone about Nicole Chase?
8       A.  No.
9       Q.  Did you have a telephone call about Nicole
10  Chase?
11      A.  She had called afterwards looking for either
12  Officer Gompper or Detective Colangelo I recall, yes, but
13  no other than that.  Just she was looking for them not,
14  you know, so, um, that's it.
15      Q.  Okay.
16      A.  Yeah.
17      Q.  Did you have any discussions with anyone at the
18  Canton Police Department regarding Nicole Chase?
19      A.  No.
20      Q.  So I'm showing you what's been marked as
21  Plaintiff's Exhibit 2.
22          Have you seen that before?
23      A.  Yes, ma'am.
24      Q.  Can you tell me what it is?
25      A.  It's a call summary report for the computer

**EXHIBIT C**

```
                                                         12

 1  aided dispatch.
 2      Q.  Can you explain to me what you mean by computer
 3  aided dispatch?
 4      A.  When a call for service or a complained comes
 5  into the police department, it's the dispatcher's
 6  function to enter that information into the CAD system,
 7  therefore, we can track the incident.
 8      Q.  Okay.  And at the bottom of the first page of
 9  Plaintiff's Exhibit 2 it says, Canny, update by Canny.
10          Is that you?
11      A.  Yes, ma'am.
12      Q.  Does that mean that you entered this information
13  into the CAD system?
14      A.  I did.
15      Q.  Okay.  And did you -- you were the one -- was it
16  a call or a complaint by Ms. Chase?
17              MS. MACCINI:  Object to the form.  You can
18          answer if you understood the question.
19      A.  She walked into the police station.
20      Q.  So this Plaintiff's Exhibit 2 is your recording
21  of that incident that she came into the police station?
22      A.  Yes, ma'am.
23      Q.  On the first page under call remarks, you see
24  that?
25      A.  Yes, ma'am.

                GOLDFARB AND AJELLO, LLC (203) 972-8320
```

**EXHIBIT C**

1      Q.   It says COMP and I believe that means complaint?
2      A.   Complaint.
3      Q.   Wishes to file sexual harassment complaint,
4  I guess C-O-M-P means complaint?
5      A.   Yes.
6      Q.   Against boss?
7      A.   Yes.
8      Q.   Do you recall her using the word sexual
9  harassment?
10     A.   Yes.
11     Q.   She used those specific words?
12     A.   Yes, ma'am.
13     Q.   If you -- what's EMD indicator mean on toward
14 the bottom?
15     A.   Emergency medical dispatch, that's for medical.
16 That's like a standard thing that it's in the system so,
17 yeah.
18     Q.   Right, okay.  And if you look at the second
19 page, you see the address is 21 River Street under Nicole
20 Chase?
21     A.   Um-hmm.
22     Q.   Which is different from the first address.
23          Was this taken on the same day?
24     A.   Yes.  No, the reporting, actually I -- what
25 happens is when you put in the address, I put in the

**EXHIBIT C**

1    Q.   So the 10:51 a.m. time doesn't necessarily mean
2  when she left or anything or did she come back and talk
3  to you?
4             MS. MACCINI:  Object to the form.  You are
5        asking compound questions but to the extent that
6        you can answer, David, go ahead.
7    Q.   Does 10:51 represent when Nicole left the police
8  station?
9    A.   No.
10   Q.   Did Nicole Chase talk to you again after making
11 the initial report that day?
12            MS. MACCINI:  Okay, on that date.
13   A.   Oh, no, I didn't speak to her other than the
14 initial complaint.
15   Q.   Okay, thank you.  Aside from what's on this
16 Plaintiff's Exhibit 2, please tell me what you remember
17 Nicole Chase telling you that day of May 7, 2017?
18   A.   She, the best I can recall she came in and she
19 wanted to speak to an officer and ask questions about
20 sexual harassment.  That's pretty much it.
21   Q.   She said she wanted to ask questions about
22 sexual harassment?
23   A.   Yes.
24   Q.   Did she mention her boss?
25   A.   I believe, yes, it was her boss she was

**EXHIBIT C**

```
 1      Q.   Okay.
 2      A.   Yeah.
 3      Q.   He is not especially assigned to those kinds of
 4   case?
 5           MS. MACCINI:  Objection, this is beyond the
 6      scope of the knowledge of this witness.  It's
 7      not a really fair question.
 8           MS. SMITH:  He can answer that he doesn't
 9      know.
10           MS. MACCINI:  He did.  Rephrase the
11      question.  Objection, you know, asked and
12      answered but, David, go ahead, answer it again.
13      A.   He is an officer, all officers take all
14   complaints.
15      Q.   Okay, thank you.
16      A.   Yeah.
17      Q.   When you contacted Officer Gompper on May 7,
18   2017, do you remember if you called him or spoke to him
19   in person?
20      A.   I dispatched the officer to the facility and
21   then when he came in or when he made himself available, I
22   gave him a brief of what the complaint is.
23      Q.   And do you recall what you said to Officer
24   Gompper when you said you gave him a brief of what the
25   complaint was?
```

GOLDFARB AND AJELLO, LLC (203) 972-8320

**EXHIBIT C**

```
 1        A.    Exactly what I said in the CAD, that she wanted
 2   to talk to an officer about sexual harassment.
 3        Q.    Okay.  And did you mention to him the name of
 4   the business?
 5        A.    Yes.
 6        Q.    And did you mention it was about her boss?
 7        A.    Yes.
 8        Q.    Okay.  And what did Officer Gompper say to you?
 9        A.    Didn't say anything.  He just took the complaint
10   and went into the lobby.
11        Q.    Okay.  And is it your understanding that Officer
12   Gompper spoke to Nicole Chase that day in the lobby?
13        A.    Yes, ma'am.
14        Q.    Were you able to see them in the lobby?
15        A.    Through the window, yeah, in between my duties.
16        Q.    Um-hmm.
17        A.    Yeah.
18        Q.    Okay.  And can you hear what they were talking
19   about?
20        A.    No.
21        Q.    Okay.  After Officer Gompper was finished
22   speaking to Nicole Chase, did you talk to Officer Gompper
23   on that day --
24        A.    No.
25        Q.    -- about Nicole Chase?
```

```
                                                                46

 1  STATE OF CONNECTICUT    )
 2                          )   ss:   WALLINGFORD
 3  COUNTY OF NEW HAVEN     )
 4
 5          I, Kevin Lombino, a Registered Professional
 6  Reporter and Notary Public within and for the State of
 7  Connecticut, do hereby certify that the within deposition
 8  of DAVID CANNY was held before me on the 29th day of
 9  November, 2018.
10          I further certify that the witness was first
11  sworn by me to tell the truth, the whole truth and
12  nothing but the truth, and was examined by counsel, and
13  his testimony was recorded stenographically by me, it was
14  reduced to typewriting under my supervision, and I hereby
15  submit that the within contents of said deposition are
16  true and accurate to the best of my ability.
17          I further certify that I am not a relative of
18  nor an attorney for any of the parties connected with the
19  aforesaid examination, nor otherwise interested in the
20  testimony of the witness.
21          Dated at Wallingford, Connecticut, the 15th day
22  of December, 2018.
23          _____
24              Kevin Lombino, CSR00191
25  (My commission expires October 31, 2021.)

              GOLDFARB AND AJELLO, LLC (203) 972-8320
```

**EXHIBIT C**