1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------X
NICOLE CHASE                 :
          Plaintiff,         :
     VS.                     :  NO. 3:18-cv-00683(VLB)
NODINE'S SMOKEHOUSE, INC.,   :
CALVIN NODINE TOWN OF        :
CANTON, JOHN COLANGELO,      :
ADAM GOMPPER, MARK J.        :
PENNEY, AND CHRISTOPHER      :
ARCIERO                      :
          Defendants.        :
-----------------------------X

D E P O S I T I O N

THE DEPOSITION OF ADAM GOMPPER, taken on behalf of the Plaintiff, before Kevin Lombino, Registered Professional Reporter, Notary Public within the State of Connecticut Certificate Number 191, on the 20th day of December, 2018, at 10:41 a.m., at the offices of Robert Fortgang Associates, LLC, 573 Hopmeadow Street, Simsbury, CT.

**GOLDFARB AND AJELLO, LLC (203) 972-8320**

**EXHIBIT G**

26

1  interview room right off the front door to interview
2  people in there as well.
3      Q.   Um-hum.  And again, the woman in the sweat shirt
4  is Ms. Chase, correct?
5      A.   In the black sweatshirt?  Yes.
6      Q.   And the woman in the pink is her mother,
7  Ms. Poirer, p-o-i-r-e-r?
8      A.   Yes.
9      Q.   Can you tell me why you chose to speak to them
10 in the lobby?
11     A.   To me it sounded more she was trying to get
12 advice for a situation with her employer.  It was a
13 Sunday, there was no one around.  I also know it's audio
14 and video recorded.
15     Q.   And why did you decide to speak to her in, in --
16 why did you decide to speak to her in front of her
17 mother?
18     A.   It was her mother, she seemed comfortable
19 speaking.
20     Q.   Once it became clear that the allegations
21 involved attempted sexual assault, why didn't you move
22 into a more private location?
23          MS. MACCINI:  Objection to form.  You are
24      mischaracterizing his testimony.  He previously
25      told you that they came in as a claim of work

GOLDFARB AND AJELLO, LLC (203) 972-8320

**EXHIBIT G**

27

1           place sexual harassment.
2                MR. CHIMES:  I ask that you re-read the
3           question.
4                (The question was read.)
5                MS. MACCINI:  Objection to form.
6      Q.   You may answer the question.  Unless she
7  instructs you not to answer, you can answer the question.
8                MS. MACCINI:  Objection to the form.  If you
9           understand the question you can answer.
10     A.   I understand the question.
11          It never became evident that it was an attempted
12  sexual assault.
13     Q.   So as of the end of the conversation on May 7,
14  2017, in your mind there was no evidence of an attempted
15  sexual assault?
16     A.   Yes.
17     Q.   Okay.  At any point during this conversation or
18  at any point thereafter, did you look up any crimes in
19  your blue book or red book?
20     A.   I don't remember.
21     Q.   Do you still have your -- when you said there's
22  a blue book and a red book, is there a difference?
23     A.   Yes.  The blue book refers to motor vehicle laws
24  and the red book is criminal law.
25     Q.   Do you still have the red book that you had on

```
 1  you have an understanding that it referred to conduct
 2  that could be both civil and criminal?
 3              MS. MACCINI:  In general or in this case?
 4       A.  I guess I would need a specific example of what
 5  the conduct --
 6       Q.  I'm trying to figure out -- I'm a lawyer, I know
 7  what sexual harassment is.
 8              I want you to tell me whether you believed when
 9  you used this term sexual harassment that that could
10  encompass conduct that violated civil rights and also
11  criminal statutes.
12       A.  If you're referring to this case at that moment
13  on May 7, 2017, I believed it was civil.
14       Q.  Okay.  So did you -- well, I understand you
15  believed it was civil but so let me ask you a question.
16              At a later point in this, and I am just using
17  this as a example, but there was evidence that Mr. Nodine
18  touched Ms. Chase on the buttocks earlier in the day?
19       A.  Yes.
20       Q.  And that could be an aspect of a civil sexual
21  harassment case, correct?
22       A.  It could, yes.
23       Q.  But touching the buttocks without consent is
24  also a criminal violation, correct?
25       A.  Yes.
```

**EXHIBIT G**

                                                          133

1  there be other officers if you are working days?
2      A.   It depends on the day.  For instance on a
3  Thursday at the time, it would have been myself, Sergeant
4  Penney and another patrolman and then you have the
5  administration there as well.
6      Q.   Um-hum, okay.  Is Thursday a particularly busy
7  day for some reason?
8      A.   No, it's just --
9      Q.   The schedule?
10     A.   No.  On Mondays we are heavy.  If you go through
11 Canton on Monday, you will see cops everywhere.  No one
12 has Mondays off.  It's just the way the days all fall.
13     Q.   Good to know.
14     A.   There's cops everywhere on Mondays.
15     Q.   Goods to know.  And so you met them in the lobby
16 I take it?
17     A.   Yes.
18     Q.   Now, how come these statements were not
19 recorded?
20     A.   I don't have -- I have access to the computer
21 system because there's a master key.  That day I don't
22 believe Detective Colangelo was there, he was out of the
23 office and his door was locked so I don't make a habit to
24 go into a locked office.  Also I don't have training on
25 that equipment to start it, to use it basically.

                    **GOLDFARB AND AJELLO, LLC (203) 972-8320**

**EXHIBIT G**

143

1  STATE OF CONNECTICUT   )
2                        ) ss: WALLINGFORD
3  COUNTY OF NEW HAVEN    )
4
5         I, Kevin Lombino, a Registered Professional
6  Reporter and Notary Public within and for the State of
7  Connecticut, do hereby certify that the within deposition
8  of ADAM GOMPPER was held before me on the 20th day of
9  December, 2018.
10        I further certify that the witness was first
11 sworn by me to tell the truth, the whole truth and
12 nothing but the truth, and was examined by counsel, and
13 his testimony was recorded stenographically by me, it was
14 reduced to typewriting under my supervision, and I hereby
15 submit that the within contents of said deposition are
16 true and accurate to the best of my ability.
17        I further certify that I am not a relative of
18 nor an attorney for any of the parties connected with the
19 aforesaid examination, nor otherwise interested in the
20 testimony of the witness.
21        Dated at Wallingford, Connecticut, the 30th day
22 of December, 2018.
23        _____
          Kevin Lombino, CSR00191
24
25 (My commission expires October 31, 2021.)

GOLDFARB AND AJELLO, LLC (203) 972-8320

**EXHIBIT G**