Exhibit I

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

| | | |
|---|---|---|
| NICOLE CHASE, | : | CHRO NO. 1810173 |
|     Complainant | : | |
| | : | |
| v. | : | EEOC NO. 16A-2018-00185 |
| | : | |
| NODINE'S SMOKEHOUSE, INC. | : | |
| AND CALVIN NODINE, | : | |
|     Respondent | : | JANUARY 19, 2018 |

## NODINE'S SMOKEHOUSE, INC.'s RESPONSE TO COMPLAINT AFFIDAVIT OF NICOLE CHASE

1. I am over the age of eighteen (18) and believe in the obligations of the oath.

    **RESPONSE:** Nodine's Smokehouse, Inc. ("Nodine's") admits that Ms. Chase is over the age of 18, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2. I make the following representations based upon personal knowledge and belief.

    **RESPONSE:** Nodine's denies the allegations in Paragraph 2. Nodine's disputes Ms. Chase's characterization of events set forth in the Complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nodine's also contends that any claims arising out of events allegedly occurring more than six months from the date on which the complaint was filed are barred by Conn. Gen. Stat. Section 46a-82(f) and should be dismissed. <u>Williams v. CHRO</u>, 257 Conn. 258, 263 (2001). Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

3. I am bringing claims for sexual harassment and constructive discharge based upon my employer Calvin Nodine's sexual assault on me on May 6, 2017. That evening, he pulled me into the bathroom of the restaurant where I work and forced me to perform oral sex on him.

    **RESPONSE:** Nodine's denies the allegations in Paragraph 3. Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

4. At all times mentioned herein, I resided in Canton, Connecticut.

    **RESPONSE:** Nodine's admits the allegations in Paragraph 4.

5. The Respondent, Nodine's Smokehouse, Inc. ("Nodine's Smokehouse"), has a business address of 65 Fowler Avenue, Torrington, Connecticut 06790. Respondent produces smoked meats for sale to individuals and restaurants.

    **RESPONSE:** Nodine's admits the allegations in Paragraph 5.

6. Respondent employs more than fifteen (15) people.

   **RESPONSE:**  Nodine's admits the allegations in Paragraph 6.

7. Respondent Nodine's Smokehouse opened a restaurant, Nodine's Smokehouse Deli and Restaurant ("Nodine's Restaurant") at 192 Albany Turnpike, Canton, CT in 2016.

   **RESPONSE:**  Nodine's admits the allegations in Paragraph 7.

8. At all times mentioned herein, the Respondent Calvin Nodine, was a resident of Norfolk, CT.

   **RESPONSE:**  Nodine's admits the allegations in Paragraph 8.

9. Calvin Nodine was an owner of Nodine's Smokehouse and controlled all aspects of operations, including hiring, firing, discipline, and the terms and conditions of employment at Nodine's restaurant.

   **RESPONSE:**  Admits the allegations in Paragraph 9.

10. At all times mentioned herein, Calvin Nodine and Nodine's Smokehouse were joint employers of the employees of Nodine's Restaurant.

    **RESPONSE:**  Nodine's denies the allegation that Calvin Nodine and Nodine's Smokehouse were "joint employers," as that is a term of art that has different meanings in different contexts.  Please see Nodine's response to Paragraph 9.

11. In or about September 2016, 1 began working for Respondents.  I had worked at the factory in Torrington, and helped set up the restaurant.

    **RESPONSE:**  Nodine's admits that Ms. Chase began working for Nodine's in or about September 2016 in Torrington, and then began working in the Goshen store before she worked in the restaurant.

12. Nodine's restaurant opened around November 2016.

    **RESPONSE:**  Nodine's admits the allegations in Paragraph 12.

13. Between November 2016 and around April 2017, respondent Calvin Nodine would come into the restaurant nearly every day.  He only would stay for about 1-2 hours.

    **RESPONSE:**  Nodine's lacks knowledge or information concerning Calvin Nodine's schedule at the restaurant.

14. Even before he sexually assaulted me on May 6, 2017, Mr. Nodine would engage in inappropriate conduct that made me feel uncomfortable.  For example:

    a. on several occasions he would throw his eye glasses on the floor and require me to pick them up.  When I bent to pick them up, he would stare down my shirt;

       **RESPONSE:**  Nodine's denies the allegations in Paragraph 14a.  Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law.  Nodine's also contends that

any claims arising out of events allegedly occurring more than six months from the date on which the complaint was filed are barred by Conn. Gen. Stat. Section 46a-82(f) and should be dismissed.  <u>Williams v. CHRO</u>, 257 Conn. 258, 263 (2001).  Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

b. he would make suggestive comments about "pieces of meat"

**RESPONSE:**  Nodine's denies the allegations in Paragraph 14b.  Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law.  Nodine's also contends that any claims arising out of events allegedly occurring more than six months from the date on which the complaint was filed are barred by Conn. Gen. Stat. Section 46a-82(f) and should be dismissed.  <u>Williams v. CHRO</u>, 257 Conn. 258, 263 (2001).  Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

c. he would tell graphic stories about his sexual exploits;

**RESPONSE:**  Nodine's denies the allegations in Paragraph 14c.  Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law.  Nodine's also contends that any claims arising out of events allegedly occurring more than six months from the date on which the complaint was filed are barred by Conn. Gen. Stat. Section 46a-82(f) and should be dismissed.  <u>Williams v. CHRO</u>, 257 Conn. 258, 263 (2001).  Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

d. he would make dirty jokes and comments;

**RESPONSE:**  Nodine's denies the allegations in Paragraph 14d.  Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law.  Nodine's also contends that any claims arising out of events allegedly occurring more than six months from the date on which the complaint was filed are barred by Conn. Gen. Stat. Section 46a-82(f) and should be dismissed.  <u>Williams v. CHRO</u>, 257 Conn. 258, 263 (2001).  Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

e. he would stare at me;

**RESPONSE:**  Nodine's denies the allegations in Paragraph 14e.  Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law.  Nodine's also contends that any claims arising out of events allegedly occurring more than six months from the date on which the complaint was filed are barred by Conn. Gen. Stat. Section 46a-82(f) and should be dismissed.  <u>Williams v. CHRO</u>, 257 Conn. 258, 263 (2001).  Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

 f. he would follow me around;

**RESPONSE:** Nodine's denies the allegations in Paragraph 14f. Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nodine's also contends that any claims arising out of events allegedly occurring more than six months from the date on which the complaint was filed are barred by Conn. Gen. Stat. Section 46a-82(f) and should be dismissed. <u>Williams v. CHRO</u>, 257 Conn. 258, 263 (2001). Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

15. These comments and behavior was unwelcome, but I put up with it because he was never around in the restaurant very long,

**RESPONSE:** Nodine's denies the allegations in Paragraph 15. Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nodine's also contends that any claims arising out of events allegedly occurring more than six months from the date on which the complaint was filed are barred by Conn. Gen. Stat. Section 46a-82(f) and should be dismissed. <u>Williams v. CHRO</u>, 257 Conn. 258, 263 (2001). Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

16. Starting in April, Calvin Nodine began to spend more time at the restaurant.

 **RESPONSE:** Nodine's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. He started to give me free items from the restaurant. He had never done that before.

 **RESPONSE:** Nodine's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. I came in to work on Saturday May 6, 2017 in the morning.

 **RESPONSE:** Nodine's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Calvin Nodine came in later that morning.

 **RESPONSE:** Nodine's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. I observed him drinking throughout the day.

 **RESPONSE:** Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 concerning Ms. Chase's observations.

21. One of the first things that he said to me when he arrived was "So did you get laid last night?" He said that in front of a co-worker.

    **RESPONSE:** Nodine's denies the allegations in Paragraph 21. Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

22. Mr. Nodine made several other offensive comments to me that day, including:

    a. "Blondes are like butter, they're easy to spread."

       **RESPONSE:** Nodine's denies the allegations in Paragraph 22a. Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

    b. Mr. Nodine was aware that I had an injury to my leg. He commented that my leg is hurt from "having my legs behind my back too much."

       **RESPONSE:** Nodine's denies the allegations in Paragraph 22b. Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

23. After each of the aforementioned comments, I immediately removed myself from the situation by walking away from Mr. Nodine.

    **RESPONSE:** Nodine's denies the allegations in Paragraph 23. Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

24. Although he had been verbally offensive prior to May 6, 2017, he had never touched me in an inappropriate manner prior to that date.

    **RESPONSE:** Nodine's denies the allegations in Paragraph 24. Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nodine's also contends that any claims arising out of events allegedly occurring more than six months from the date on which the complaint was filed are barred by Conn. Gen. Stat. Section 46a-82(f) and should be dismissed. <u>Williams v. CHRO</u>, 257 Conn. 258, 263 (2001). Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

25. That changed on May 6.  Prior to sexually assaulting me at the end of my shift, he made uncomfortable physical contact with me twice.

    **RESPONSE:**  Nodine's denies the allegations in Paragraph 25.  Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law.  Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

26. On the first occasion, Mr. Nodine gave me an unsolicited hug and a kiss on the check.  This occurred in front of Mr. Nodine's wife, Kelly Nodine.

    **RESPONSE:**  Nodine's denies the allegations in Paragraph 26.  Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law.  Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

27. On the second occasion, I was standing at the pizza counter with a co-worker, when Mr. Nodine proceeded to come behind the counter and approached me from behind.  Mr. Nodine put his arm across my back and placed his hand upon my shoulder.  Mr. Nodine pulled me into his body and squeezed my arm and back with his hand and he continued to lower his hand until he reached my buttocks, which he proceeded to squeeze.  I immediately stepped forward so as to release his hand from my buttocks, and hurried away from him.

    **RESPONSE:**  Nodine's denies the allegations in Paragraph 27.  Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law.  Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

28. At the close of business on May 6, 2017, Mr. Nodine forced me to perform oral sex on him.  I finished closing out the cash drawer and walked towards the rear of the restaurant to leave.  Mr. Nodine standing with his arms extended out towards me and proceeded to hug me.  A coworker came back into the building, and yelled out Mr. Nodine's name.  In response, Mr. Nodine grabbed my arm and pulled me into the men's bathroom, locking the door behind us.  Mr. Nodine then held his finger up to my mouth as to tell me to remain quiet.  I was in complete shock, and could not muster up the strength to make a sound.

    **RESPONSE:**  Nodine's denies the allegations in Paragraph 28.  Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law.  Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

29. After the co-worker left the building, Nodine exposed himself to me, grabbed his penis and stated, "Suck it cause I know you don't get it at home." Mr. Nodine then took one hand and pushed my head down towards his genitals, and used his other hand to force his penis into my mouth. He forced me to perform oral sex on him until he ejaculated.

    **RESPONSE:** Nodine's denies the allegations in Paragraph 29. Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

30. When Nodine removed his hand from my head, I pushed him away, unlocked the bathroom door, and escaped.

    **RESPONSE:** Nodine's denies the allegations in Paragraph 30. Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

31. When I got home, I immediately texted my former general manager at Nodine's restaurant and told him that Calvin Nodine had sexually assaulted me. He told me to report it to the police. I also spoke with my mother that night about the sexual assault.

    **RESPONSE:** Nodine's lacks knowledge or information sufficient for form a belief as to the truth of the allegation in Paragraph 31 concerning what Ms. Chase did at home. Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

32. The following morning, on May 7, 2017, 1 went with my mother to the Canton Police Department and reported the incident. When I went to them I told them everything that happened and that I was sexually assaulted except that I omitted the fact that he had succeeded in forcing me to perform oral sex on him until he ejaculated. I omitted that fact because I was ashamed and humiliated that I allowed myself to get into a position where he was able to forcibly make me do that.

    **RESPONSE:** Nodine's denies the allegations in Paragraph 32, except to admit that Ms. Chase omitted certain information, and provided inconsistent information to the police. Nodine's refers to the police report for its contents.

33. Later that day I went to the restaurant so that I could collect my personal belonging before filing a police report. Mr. Nodine was present. He asked me to go to his office with him to clean it out; when I refused, he replied "What? Can you think of something else better to do than fuck me?" Not wanting to escalate the situation, I walked away. Before I left for the day, Nodine asked if he could give me a ride home. I refused.

    **RESPONSE:** Nodine's denies the allegations in Paragraph 33. Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nevertheless, in an effort to

resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

34. On Monday, May 8, 2017, I received a telephone call from Mr. Nodine who stated that he was closing the store until the following Tuesday (May 16, 2017), and asked me to help him clean the restaurant. I refused.

    **RESPONSE:** Nodine's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34. Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law. Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

35. My last day worked was May 7, 2017.

    **RESPONSE:** Admits the allegations in Paragraph 7.

36. The Canton Police Department did nothing to investigate or follow up on my complaint. They never sent me to the hospital or referred me to a sexual assault crisis center or victim's advocate.

    **RESPONSE:** Nodine's denies the allegations in Paragraph 36, except to refer to the police report for its contents.

37. There are no female police officers on the Canton Police Department.

    **RESPONSE:** Nodine's lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 37.

38. When they took a statement from Nodine, he lied to them and told them that I had consented to perform oral sex with him.

    **RESPONSE:** Nodine's denies the allegation in Paragraph 38, except to refer to the police report for its contents.

39. They apparently believed him, and improperly charged me with making a false statement, based upon my initial omission that he had forced me to perform oral sex.

    **RESPONSE:** Nodine's denies the allegations in Paragraph 39, except to admit that Ms. Chase was charged with making a false statement and to refer to the police report for its contents.

40. After my constructive discharge, I applied for and received unemployment compensation in July 2017.

    **RESPONSE:** Nodine's denies that Ms. Chase was constructively discharged under state or federal law, and admits that Ms. Chase applied for and received unemployment compensation following her separation from Nodine's, and refers to the Department of Labor Unemployment Compensation file for its contents.

41. Respondents subsequently retaliated against me by falsely accusing me of fraud in my application for unemployment benefits and contesting my right to receive benefits.

    **RESPONSE:**  Nodine's denies the allegations in Paragraph 41 and refers to the Department of Labor Unemployment Compensation file for its contents.

42. I was sexually harassed in violation of State and Federal laws, and I made the Respondent aware of the harassment.

    **RESPONSE:**  Nodine's denies the allegations in Paragraph 42.  Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law.  Nodine's also contends that any claims arising out of events allegedly occurring more than six months from the date on which the complaint was filed are barred by Conn. Gen. Stat. Section 46a-82(f) and should be dismissed.  Williams v. CHRO, 257 Conn. 258, 263 (2001).  Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

43. Respondent's conduct interfered with the terms and conditions of my employment.

    **RESPONSE:**  Nodine's denies the allegations in Paragraph 43.  Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law.  Nodine's also contends that any claims arising out of events allegedly occurring more than six months from the date on which the complaint was filed are barred by Conn. Gen. Stat. Section 46a-82(f) and should be dismissed.  Williams v. CHRO, 257 Conn. 258, 263 (2001).  Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

44. As a result of the sexual assault, I was constructively discharged from Nodine's Restaurant on May 7, 2017.

    **RESPONSE:**  Nodine's denies the allegations in Paragraph 44.  Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law.  Nodine's also contends that any claims arising out of events allegedly occurring more than six months from the date on which the complaint was filed are barred by Conn. Gen. Stat. Section 46a-82(f) and should be dismissed.  Williams v. CHRO, 257 Conn. 258, 263 (2001).  Nevertheless, in an effort to resolve this matter expeditiously, Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

45. As a result of respondents' conduct, I have lost wages, incurred medical and legal expenses, and have suffered emotional distress.

    **RESPONSE:**  Nodine's denies the allegations in Paragraph 45.  Nodine's disputes Ms. Chase's characterization of events set forth in the complaint and denies her claims that sexual harassment and constructive discharge occurred in violation of Connecticut or federal law.  Nodine's also contends that any claims arising out of events allegedly occurring more than six months from the date on which the complaint was filed are barred by Conn. Gen. Stat. Section 46a-82(f) and should be dismissed.  Williams v. CHRO, 257 Conn. 258, 263 (2001).  Nevertheless, in an effort to resolve this matter expeditiously,

Nodine's requests that the Commission conduct a mandatory mediation in this matter, before a release of jurisdiction is granted.

                                                NODINE'S SMOKEHOUSE, INC.

                                    By: _____/s/_____
                                                John M. Letizia
                                                Phyllis M. Pari
                                                Letizia, Ambrose & Falls, P.C.
                                                667-669 State Street, 2nd Flr.
                                                New Haven, CT 06511
                                                (203) 787-7000
                                                pari@laflegal.com
                                                Juris. No. 409142

## **CERTIFICATION**

A copy of the foregoing was emailed this 19th day of January 2018 to:

Lewis Chimes, Atty.
Law Office of Lewis Chimes, LLC
45 Franklin Street
Stamford, CT 06901
lchimes@chimeslaw.com

_____/s/_____
John M. Letizia
Phyllis M. Pari

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

| | | |
|---|---|---|
| NICOLE CHASE, | : | CHRO NO. 1810173 |
| Complainant | : | |
| | : | |
| v. | : | EEOC NO. 16A-2018-00185 |
| | : | |
| NODINE'S SMOKEHOUSE, INC. | : | |
| AND CALVIN NODINE, | : | |
| Respondent | : | JANUARY 19, 2018 |

**NODINE'S SMOKEHOUSE, INC.'S RESPONSE TO**
**SCHEDULE A**

**EMPLOYMENT**

1. State the full legal name of the respondent.

   **RESPONSE:** Nodine's Smokehouse, Inc.

2. State the proper address of the respondent's facility where the complainant alleges that an act or acts of discrimination occurred.

   **RESPONSE:** 192 Albany Turnpike
   Canton, CT 06019

3. If the respondent is incorporated, indicate under what state's laws it is incorporated.

   **RESPONSE:** Connecticut

4. If the respondent is incorporated, state the address of respondent's corporate headquarters.

   **RESPONSE:** Torrington, CT

5. State the name and address of respondent's agent for service.

   **RESPONSE:** Ronald F. Nodine
   39 North Street
   Goshen, CT 06756

6. If the respondent is currently the subject of bankruptcy proceedings, or has been the subject of bankruptcy proceedings during the past three years, provide documentation of the current status of such proceedings.

   **RESPONSE:** Not applicable.

7. State the name, title and address, telephone number, fax number, and e-mail address if available of the individual to be contacted for further information in this matter. This person should be an employee of Respondent.

> **RESPONSE:** Ms. Johanne Nodine
> Nodine's Smokehouse, Inc.
> 66 Fowler Avenue
> Torrington, CT 06790

8. Separately state the number of respondent's employees in Connecticut and at the facility where the complainant alleges that the discriminatory conduct occurred.

   **RESPONSE:** Nodine's employs 31 people in Connecticut and 7 individuals at the restaurant in Canton.

9. Submit a response, in "admit" "deny" format, to each allegation of the complaint. For each allegation that is denied, submit a statement that sets forth the facts upon which you rely in your denial. Please submit any and all documents and written statements of witnesses or participants to support your position.

   **RESPONSE:** Please see attached.

10. Submit copies of all written rules, policies and procedures relating to the issue(s) raised in the complaint. If these are not in writing, explain the rules, policies and procedures.

    **RESPONSE:** Please see attached.

11. If Complainant was discharged, disciplined or subjected to any other adverse employment decision, submit the following information:

    (a) Date complainant was advised of the act complained of;

    **RESPONSE:** Not applicable.

    (b) Explain in detail the reason(s) for the action taken;

    **RESPONSE:** Not applicable.

    (c) Identify the person(s) recommending the action(s) at issue, including name, position held, and gender (female);

    **RESPONSE:** Not applicable.

    (d) Identify the person(s) making the final decision, including name, position held, and gender (female);

    **RESPONSE:** Not applicable.

    (e) Provide a copy of any evaluation(s) or investigative report(s), and all other relevant documents relating to the act;

    **RESPONSE**: Not applicable.

    (f) Provide a list of all employees who committed the same or substantially similar offense(s) that the complainant committed, and the disciplinary action taken against each of them. Supply backup documentation for the listed employees. Identify each employee by name, position held, and gender (female). Identify the person(s) making the final decision, including name, position held, and gender (female);

    **RESPONSE:**  Not applicable.

    (g) List all employees discharged or who received the same discipline as the complainant within the past two years. For each employee listed, include employee's name, position held, reason for and date of discipline, and gender (female). Provide a copy of the discipline or separation notice for each person. Identify the person(s) making the final decision, including name, position held, and gender (female).

    **RESPONSE:**  Not applicable.

12. If Complainant was denied a promotion or not hired, provide the following information:

    **RESPONSE:**  Not applicable.

13. Describe the selection process, and provide copies of documents describing the process, if available;

    (a) Describe the job at issue, indicating the qualifications sought. Provide a copy of the written job description, as well as a copy of any advertisements or internal postings for the position at issue;

    **RESPONSE:**  Not applicable.

    (b) Provide applications and resumes for all applicants for the position. Identify the successful candidate(s) by name and gender (female);

    **RESPONSE:**  Not applicable.

    (c) Explain why complainant was not selected, and why the successful candidate(s) was selected;

    **RESPONSE:**  Not applicable.

    (d) Provide other examples of promotions or hire for similar positions. Identify the individual promoted or hired by name and gender (female);

    **RESPONSE:**  Not applicable.

    (e) Identify by all individuals holding the same title as the position sought by the complainant;

    **RESPONSE:**  Not applicable.

(f) Identify the person(s) recommending the action(s) at issue, including name, position held, and gender (female);

**RESPONSE:**  Not applicable.

                        NODINE'S SMOKEHOUSE, INC.

                By: _____/s/_____
                    John M. Letizia
                    Phyllis M. Pari
                    Letizia, Ambrose & Falls, P.C.
                    667-669 State Street, 2nd Flr.
                    New Haven, CT 06511
                    (203) 787-7000
                    pari@laflegal.com
                    Juris. No. 409142

## **CERTIFICATION**

A copy of the foregoing was emailed this 19th day of January 2018 to:

Lewis Chimes, Atty.
Law Office of Lewis Chimes, LLC
45 Franklin Street
Stamford, CT 06901
lchimes@chimeslaw.com

                                                                    /s/
                                                  John M. Letizia
                                                  Phyllis M. Pari

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

CAPITOL REGION OFFICE

CHRO No.: 1810173
EEOC: 16A-2018-00185

<u>Nicole Chase</u>
Complainant

vs.

<u>Nodine's Smokehouse, Inc.</u>
<u>Calvin Nodine</u>
Respondents

## OATH

State of Connecticut

<u>Torrington, Connecticut</u>

County of <u>Hartford, Connecticut</u>

Personally appeared Johanne H. Nodine, Vice President of Nodine's Smokehouse, Inc., and attests that the foregoing Response to Complaint Affidavit and Response to Employer Schedule A are true and correct to the best of her knowledge and belief.

_Johanne H. Nodine_
Johanne H. Nodine

Subscribed and sworn to me before me this _10th_ day of _January_, 2018

Notary Public/~~Commissioner of the Superior Court~~

My Commission Expires: 06/30/2021