UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE CHASE | : | NO: 3:18-cv-00683 (VLB) |
| | : | |
| v. | : | |
| | : | |
| NODINE'S SMOKEHOUSE, INC. | : | |
| AND CALVIN NODINE, et al. | : | DECEMBER 20, 2019 |

**DEFENDANTS NODINE'S SMOKEHOUSE, INC. AND CALVIN NODINE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT, DATED JUNE 19, 2019**

I.  **STATEMENT OF FACTS**

  A.  **Preliminary Statement**

  1.  The Defendant, Calvin Nodine, hereby admits that Nicole Chase has brought various claims for sexual assault against Calvin Nodine. Calvin Nodine denies that he pulled her into the restroom of the restaurant and forced her to perform oral sex on him.

  2.  The initial claims of this paragraph (2) are directed to the Police Officers of the Canton Police Department, and therefore Defendant, Calvin Nodine, has no basis to respond. It is admitted that at all times Defendant, Calvin Nodine, was treated professionally by the defendants. As to the remaining allegations of paragraph 2, the Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof.

1

3.     As to paragraph (3), the Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matter contained therein, and therefore leaves the plaintiff to her burden of proof.

4.     The Defendant, Calvin Nodine, admits that he has never been charged with any criminal offense relating to Ms. Chase. He denies the allegation that Calvin Nodine was "her assailant."

5.     Admitted.

B.     **Parties and Other Individuals**

6.     The Defendant, Calvin Nodine, denies that he sexually assaulted the plaintiff.

7.     Admitted.

8.     As to paragraph 8, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

   i.     **The Sexual Assault Defendants**

9-12.  This Defendant, Calvin Nodine, does not answer paragraphs 9, 10, 11, and 12 as these paragraphs are not directed towards him.

13.    Admitted.

14.    Denied.

15.    Denied.

        ii.      <u>The Police Misconduct Defendants</u>

16-19.    Paragraphs 16, 17, 18, and 19 all relate to the Canton Police Department and individual employees of the Canton Police Department, and therefore Defendant, Calvin Nodine, has no basis to respond.

    C.      <u>Jurisdiction and Venue</u>

    20.      Admitted.

    21.      Admitted.

    22.      The Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

    23.      This paragraph (23) is directed to the Defendant, Nodine's Smokehouse, Inc., and therefore Defendant Calvin Nodine has no basis to respond.

    24.      The Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof.

    25.      The matter was removed to federal court by defendants Canton Police Department and the individual officers.  To the extent that the plaintiff refers to "the defendants removed" is hereby denied.

    26.      Admitted.

    D.      <u>Facts Relating to Sexual Assault and Hostile Environment</u>

27. Admitted.

28. Admitted.

29. The Defendant, Calvin Nodine, admits that between November 2016 and April 2017, the Defendant, Calvin Nodine, came into the restaurant nearly every day; the balance of paragraph 29 is hereby denied.

30. Denied.

31. The Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore leaves the plaintiff to her burden of proof.

32. Denied

33. Calvin Nodine admits that he gave an item to Ms. Chase from the restaurant. He denies that he gave multiple items to Ms. Chase from the restaurant.

34. The Defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leave the plaintiff to her burden of proof.

35. Although the Defendant admits that he did go to the restaurant on the morning of Saturday, May 6, 2017, he does not recall the time that he did enter the restaurant.

36. Denied.

37. Defendant, Calvin Nodine, admits that he did drink an alcoholic beverage while at the restaurant, but denies that he did drink "throughout the day."

38. Defendant, Calvin Nodine, does not recall making the comments attributed to him and therefore, leaves the plaintiff to her burden of proof.

39. The Defendant cannot comment on Ms. Chase's state of mind, and therefore leaves the plaintiff to her burden of proof.

40. The Defendant denies that he was verbally offensive to Ms. Chase prior to May 6, 2017; the Defendant admits that he had never touched Ms. Chase in an inappropriate manner prior to that date.

41. Denied.

42. Denied.

43. The Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

**48-49.** In paragraphs 48 and 49, the Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof.

50. The Defendant, Calvin Nodine, believes that Ms. Chase did enter the restaurant on May 7, 2018.  He denies having any type of a sexual conversation with her; and the Defendant denies asking if he could give Ms. Chase a ride home.

51. Denied.

52. Admitted.

53. Denied.

54. The Defendant denies that she was discharged and leaves her to her burden of proof as to when she applied for unemployment compensation.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. The Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof.

### E. Facts Relevant to the Canton Police Department Misconduct

**60-176.** These paragraphs (60-176) are addressed to the Canton Police Department and individual police officers. Defendant, Calvin Nodine, has no basis to respond as these paragraphs are not directed to him.

## II. LEGAL CLAIMS

### A. Sexual Assault Defendants

**COUNT ONE** (VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT – SEXUAL HARASSMENT & HOSTILE WOTRK ENVIRONMENT – CONN. GEN STAT. §46a-60(b)(8)) *(Against Nodine's Smokehouse, Inc.)*

**1-59.** The Defendant, Calvin Nodine, hereby realleges his previous responses to Paragraphs 1 through 59 of the Statement of Facts as if set forth herein.

**60.** Defendant, Calvin Nodine, denies that he sexually assaulted the plaintiff or that the sexual assault constituted unwelcome sexual conduct.

**61.** Denied.

**62.** Denied.

**63.** Admitted.

**64.** The Defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore leave the plaintiff to her burden of proof.

**65.** Denied.

7

66. This paragraph (66) is addressed to Defendant Nodine's Smokehouse, Inc., and therefore the Defendant, Calvin Nodine, has no basis to respond.

67-68. In paragraphs 67 and 68, the Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof.

COUNT TWO         (VIOLATION OF TITLE VII – SEXUAL HARASSMENT & HOSTILE WORK ENVIRONMENT – 42 U.S.C. §2000E, *et al*) *(Against Nodine's Smokehouse, Inc.)*

1-59. The Defendant, Calvin Nodine, hereby realleges his previous responses to Paragraphs 1 through 59 of the Statement of Facts as if set forth herein.

60-68. Paragraphs 60, 61, 62, 63, 64, 65, 66, 67, and 68 are directed to Nodine's Smokehouse, Inc. and therefore Defendant, Calvin Nodine, does not respond to them.

COUNT THREE       (VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT – RETALIATION – CONN. GEN. STAT. §46a-60(b)(4)) *(Against Nodine's Smokehouse, Inc.)*

1-59. The Defendant, Calvin Nodine, hereby realleges his previous responses to Paragraphs 1 through 59 of the Statement of Facts as if set forth herein.

60. Denied.

61. The Defendant, Calvin Nodine, denies "as a result of his false allegation," and leaves the plaintiff to her burden of proof on the balance of paragraph 61.

62-63. In paragraphs 62 and 63, the Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof.

64. Denied.

65. The Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof.

66. Denied.

67. Denied.

68-69. In paragraphs 68 and 69, the Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof.

**COUNT FOUR**            (VIOLATION OF TITLE VII – RETALIATION) *(Against Nodine's Smokehouse, Inc.)*

1-69. The Defendant, Calvin Nodine, hereby realleges his previous responses to Paragraphs 1 through 69 of the Statement of Facts as if set forth herein.

**COUNT FIVE**   (VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT – AIDING AND ABETTING – CONN. GEN. STAT. §46A-60(b)(5) *(Against Calvin Nodine, Individually)*

1-59. The Defendant, Calvin Nodine, hereby realleges his previous responses to Paragraphs 1 through 59 of the Statement of Facts as if set forth herein.

60. Denied.

61. The Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof.

**COUNT SIX**   (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS) *(Against Calvin Nodine and Nodine's Smokehouse)*

1-59. The Defendant, Calvin Nodine, hereby realleges his previous responses to Paragraphs 1 through 59 of the Statement of Facts as if set forth herein.

60-62. As these paragraphs (60, 61, and 62)) are addressed to Defendant Nodine's Smokehouse, Inc., and therefore the Defendant, Calvin Nodine, has no basis to respond.

10

63-65. As these paragraphs (63, 64, and 65) relates to Defendant, Calvin Nodine, he denies said paragraphs.

66. The Defendant, Calvin Nodine, admits that the plaintiff, Nicole Chase, was not an employee of the restaurant after May 7, 2018.

67. The Defendant denies any negligent conduct and leaves the plaintiff to her burden of proof regarding future severe emotional distress.

68. The Defendant, Calvin Nodine, denies that his conduct has caused the plaintiff to suffer, and to continue to suffer, economic damages, pain, humiliation, loss of enjoyment of life activities, and emotional distress.

**COUNT SEVEN**         **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**
*(Against Calvin Nodine and Nodine's Smokehouse)*

1-59. The Defendant, Calvin Nodine, hereby realleges his previous responses to Paragraphs 1 through 59 of the Statement of Facts as if set forth herein.

60. Denied.

61. Denied.

62. Denied.

63. This paragraph (63) is addressed to Defendant Nodine's Smokehouse, Inc., and therefore the Defendant, Calvin Nodine, has no basis to respond.

64. The Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof.

65. This paragraph (65) is addressed to Defendant Nodine's Smokehouse, Inc., and therefore the Defendant, Calvin Nodine, has no basis to respond.

**COUNT EIGHT**        (INTENTIONAL AND/OR RECKLESS ASSAULT AND BATTERY) *(Against Calvin Nodine)*

1-59. The Defendant, Calvin Nodine, hereby realleges his previous responses to Paragraphs 1 through 59 of the Statement of Facts as if set forth herein.

60. The Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof.

61. Denied.

62. Denied.

63. Denied.

64. The Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof, but Defendant Nodine denies that any of that is a result of Defendant Nodine's conduct.

65. Denied.

66. Denied.

67. Denied.

**COUNT NINE**   (NEGLIGENT ASSAULT AND BATTERY) *(Against Calvin Nodine)*

1-59. The Defendant, Calvin Nodine, hereby realleges his previous responses to Paragraphs 1 through 59 of the Statement of Facts as if set forth herein.

60. Denied.

61. The Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof.

62. The Defendant, Calvin Nodine, does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein, and therefore, leaves the plaintiff to her burden of proof, but denies that any of this was a "result of the Defendant's conduct."

63. Denied.

64. Denied.

65. Denied.

66. Denied.

**COUNT TEN**               **(INVASION OF PRIVACY)** *(Against Calvin Nodine)*

1-59.   The Defendant, Calvin Nodine, hereby realleges his previous responses to Paragraphs 1 through 59 of the Statement of Facts as if set forth herein.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

**COUNT ELEVEN**            **(FALSE IMPRISONMENT)** *(Against Calvin Nodine)*

1-59.   The Defendant, Calvin Nodine, hereby realleges his previous responses to Paragraphs 1 through 59 of the Statement of Facts as if set forth herein.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

**COUNT TWELVE**            **(INTIMIDATION BASED ON BIGOTRY OR BIAS IN VIOLATION OF CONN. GEN. STAT. §52-571(c)** *(Against Calvin Nodine and Nodine's Smokehouse)*

1-59.   The Defendant, Calvin Nodine, hereby realleges his previous responses to Paragraphs 1 through 59 of the Statement of Facts as if set forth herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. This paragraph (64) is addressed to Defendant Nodine's Smokehouse, Inc., and therefore the Defendant, Calvin Nodine, has no basis to respond.

**COUNT THIRTEEN        (MALICIOUS PROSECUTION)** *(Against Calvin Nodine and Nodine's Smokehouse, Inc.)*

1-59. The Defendant, Calvin Nodine, hereby realleges his previous responses to Paragraphs 1 through 59 of the Statement of Facts as if set forth herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67-68. These paragraphs (67 and 68) are addressed to Defendant Nodine's Smokehouse, Inc., and therefore the Defendant, Calvin Nodine, has no basis to respond.

15

**B.     Police Misconduct Defendants**

**COUNT FOURTEEN**          *(FALSE ARREST – 42 U.S.C. §1983) (Against John Colangelo and Adam Gompper, in their Personal Capacity)*

1-183.   These paragraphs (1-183) are addressed to Defendant, Town of Canton, and the Police Officers of the Canton Police Department; therefore, the Defendant, Calvin Nodine, will not answer this Count as it is not directed towards him.

**COUNT FIFTEEN**          *(FALSE ARREST) (Against Officer Gompper, Detective Colangelo, and the Defendant Town of Canton.)*

1-179.   These paragraphs (1-179) are addressed to Defendant, Town of Canton, and the Police Officers of the Canton Police Department; therefore, the Defendant, Calvin Nodine, will not answer this Count as it is not directed towards him.

**COUNT SIXTEEN**          *(DENIAL OF EQUAL PROTECTION – 42 U.S.C. §1983) (Against Detective John Colangelo, and Police Officer Adam Gompper, in their personal capacities)*

1-182.   These paragraphs (1-182) are addressed to Defendant, Town of Canton, and the Police Officers of the Canton Police Department; therefore, the Defendant, Calvin Nodine, will not answer this Count as it is not directed towards him.

COUNT SEVENTEEN    (MALICIOUS PROSECUTION – COMMON LAW) *(Against Detective John Colangelo, and Police Officer Adam Gompper, in their personal capacities)*

1-181. These paragraphs (1-181) are addressed to Defendant, Town of Canton, and the Police Officers of the Canton Police Department; therefore, the Defendant, Calvin Nodine, will not answer this Count as it is not directed towards him.

COUNT EIGHTEEN    (DENIAL OF EQUAL PROTECTION – 42 U.S.C. §1983) *(Against Detective John Colangelo, and Police Officer Adam Gompper, in their personal capacities)*

1-195. These paragraphs (1-195) are addressed to Defendant, Town of Canton, and the Police Officers of the Canton Police Department; therefore, the Defendant, Calvin Nodine, will not answer this Count as it is not directed towards him.

COUNT NINETEEN    (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) *(Against Detective Colangelo, Officer Gompper, and Town of Canton)*

1-180.  These paragraphs (1-180) are addressed to Defendant, Town of Canton, and the Police Officers of the Canton Police Department; therefore, the Defendant, Calvin Nodine, will not answer this Count as it is not directed towards him.

**COUNT TWENTY**  (Assumption of Liability for Damage Caused by Employees of Municipality – Pursuant to Conn. Gen. Stat. §§7-465) *(Against Town of Canton)*

1-205.  These paragraphs (1-205) are addressed to Defendant, Town of Canton, and the Police Officers of the Canton Police Department; therefore, the Defendant, Calvin Nodine, will not answer this Count as it is not directed towards him.

DEFENDANT, CALVIN NODINE

By _____
David A. Moraghan, Esq.
Smith, Keefe, Moraghan & Waterfall
257 Main Street, Fl. 2-2
Torrington, CT 06790
Phone: (860) 482-7651
Fax: (860) 482-7845
E-mail: dam@skmwlaw.com
Federal Bar #: ct00054

## CERTIFICATION

I hereby certify that on the 20th day of December 2019, a copy of the foregoing was files electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

**Elizabeth K. Acee**
**LeClair Ryan, PLLC**
**545 Long Wharf Drive, 9th Floor**
**New Haven, CT 06511**

**Kristan M. Maccini**
**Christopher A. Clark**
**Howd & Ludorf, LLC**
**65 Wethersfield Avenue**
**Hartford, CT 06114**

**Lewis H. Chimes**
**Law Office of Lewis Chimes LLC**
**45 Franklin Street**
**Stamford, CT 06901**

_/s/ David A. Moraghan_
David A. Moraghan, Esq.