**MANDATE**

20-3234-cv
*Chase v. Town of Canton*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand twenty-one.

Present:

   DEBRA ANN LIVINGSTON,
    *Chief Judge*,
   DENNY CHIN,
   WILLIAM J. NARDINI,
    *Circuit Judges*.

_____

NICOLE CHASE,

    *Plaintiff-Appellee*,

  v.                     20-3234-cv

MARK J. PENNEY, CHRISTOPHER ARCIERO, JOHN GOMPER, CALVIN NODINE, NODINE'S SMOKEHOUSE, INC.,

    *Defendants*,

TOWN OF CANTON, JOHN COLANGELO, ADAM GOMPPER,

    *Defendants-Appellants*.

_____

For Defendant-Appellant   JOHANNA ZELMAN, FordHarrison LLP, Hartford,
Town of Canton:       Connecticut.

| | | |
|---|---|---|
| For Defendants-Appellants<br>John Colangelo & Adam Gompper: | | KRISTAN MACCINI, Howd & Ludorf, LLC, Hartford, Connecticut. |
| For Plaintiff-Appellee: | | LEWIS CHIMES (Mary-Kate Smith, *on the brief*), Law Office of Lewis Chimes LLC, Stamford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Town of Canton, Detective John Colangelo, and Officer Adam Gompper ("Defendants-Appellants") appeal from a September 29, 2020, order of the United States District Court for the District of Connecticut (Bryant, *J.*) granting in part and denying in part their motion for summary judgment. *See Chase v. Nodine's Smokehouse, Inc.*, No. 3:18-cv-00683, 2020 WL 8181655 (D. Conn. Sept. 29, 2020). We assume the parties' familiarity with the underlying facts, procedural history, and issues raised in the case. On interlocutory appeal, Detective Colangelo and Officer Gompper argue that they are entitled to qualified immunity on Plaintiff-Appellee Nicole Chase's federal law claims of false arrest, malicious prosecution, and denial of equal protection under 42 U.S.C. § 1983. Defendants-Appellants further assert that this Court should exercise pendent jurisdiction over and reverse the district court's denial of summary judgment on Chase's state law claims of false arrest, malicious prosecution, intentional infliction of emotional distress ("IIED"), and indemnification.

State officials performing discretionary functions are entitled to qualified immunity barring § 1983 claims unless such officials "violated a statutory or constitutional right" and that right "was 'clearly established' at the time of the challenged conduct." *Francis v. Fiacco*, 942 F.3d 126, 139, 145 (2d Cir. 2019) (quoting *Ricciuti v. Gyzenis*, 834 F.3d 162, 167 (2d Cir. 2016)). We

"review *de novo* a decision by a district court to deny summary judgment on the basis that a public official is not entitled to qualified immunity." *Id.* at 139 (quoting *Golodner v. Berliner*, 770 F.3d 196, 201 (2d Cir. 2014)). "This Court has jurisdiction to review an interlocutory order denying qualified immunity so long as defendants pursue the appeal 'on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find.'" *Id.* (quoting *Soto v. Gaudett*, 862 F.3d 148, 158 (2d Cir. 2017)). "We do not, however, have jurisdiction to review a denial of qualified immunity to the extent it is based on a district court's finding that there is enough evidence in the record to create a genuine issue as to factual questions that are, in fact, material to resolution of the qualified immunity claim." *Doninger v. Niehoff*, 642 F.3d 334, 352 (2d Cir. 2011) (citing *Salim v. Proulx*, 93 F.3d 86, 89–90 (2d Cir. 1996)). "While an appellate court may reconsider a district court's determination that an issue is material, it may not reconsider the district court's determination that an issue is genuine." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 134 (2d Cir. 2013).

We conclude that the Court lacks jurisdiction to consider the federal law claims at issue here because the officers' qualified immunity defense turns on disputed facts. We first discuss the false arrest and malicious prosecution claims before turning to Chase's equal protection claim.

Defendants-Appellants put forth three arguments for qualified immunity on the § 1983 false arrest and malicious prosecution claims. They first assert that the officers are entitled to qualified immunity on both the false arrest and malicious prosecution claims because it was objectively reasonable for them to believe that probable cause supported charges against Chase for making a false statement.[1] Probable cause is a "complete defense" to false arrest and malicious

---

[1] The relevant statute provides that it is a criminal offense for a person to "intentionally make[] a false written statement . . . with the intent to mislead a public servant" when such statement is

3

prosecution claims. *Mara v. Rilling*, 921 F.3d 48, 73 (2d Cir. 2019). "Under both federal and Connecticut law, 'probable cause to arrest exists when police officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime.'" *Id.* at 69 (quoting *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007)). If a plaintiff alleges that a warrant affidavit included an omission or misrepresentation, the "corrected affidavit" doctrine nonetheless allows the grant of qualified immunity if a hypothetical corrected affidavit demonstrates probable cause. *See McColley v. County of Rensselaer*, 740 F.3d 817, 823 (2d Cir. 2014). The materiality of an alleged omission in a warrant affidavit presents "a mixed question of law and fact": a question of law as to the relevance of the information to the probable cause determination and a question of fact as to the weight that a magistrate would have given the information or whether the defendants acted deliberately or recklessly in omitting the information from the warrant affidavits. *Walczyk*, 496 F.3d at 158 (citing *United States v. Awadallah*, 349 F.3d 42, 65 (2d Cir. 2003)). "Recklessness is inferred when the omitted information was 'clearly critical' to the determination of probable cause." *McColley*, 740 F.3d at 823 (quoting *Rivera v. United States*, 928 F.2d 592, 604 (2d Cir. 1991)).

The district court held that the existence of probable cause posed a "genuine question of material fact," *Chase*, 2020 WL 8181655, at *14, and concluded that a reasonable jury could find that it was objectively unreasonable for the officers to pursue Chase's arrest because the alleged false statement was an omission of a sexual contact that Chase did not have a duty to report, Chase did not affirmatively deny the sexual contact in her initial statements, and the officers did not notify

---

"under oath or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable." Conn. Gen. Stat. § 53a-157b.

prosecutors of her supplemental statement before the warrant issued nearly two months later, *id.* at \*17. We likewise conclude that factual disputes preclude our consideration of the officers' assertion of qualified immunity. The parties disagree on several facts material to the existence of probable cause, including whether Chase made her initial written statement under oath; whether Chase omitted the full extent of the sexual contact in her initial statements with the intent to mislead authorities; whether Chase characterized the sexual contact as consensual; the circumstances of her supplemental filing and its potential impact on a magistrate; and the contents and weight accorded to various details in a hypothetical corrected affidavit. Defendants-Appellants have not shown that they would be entitled to qualified immunity as a matter of law under Chase's version of the facts, and thus we cannot consider their claim.

Second, Defendants-Appellants argue that the officers are entitled to qualified immunity on the false arrest claim because it was objectively reasonable for them to believe that Chase's voluntary surrender to the police did not implicate the Fourth Amendment. The district court did not consider this issue as it was neither raised nor litigated at summary judgment. "In general, a federal appellate court does not consider an issue not passed upon below." *United States v. Gomez*, 877 F.3d 76, 92 (2d Cir. 2017) (internal quotation marks and citation omitted). We are more likely to exercise our discretion to hear such an issue "(1) where consideration of the issue is necessary to avoid manifest injustice or (2) where the issue is purely legal and there is no need for additional fact-finding." *Id.* (citation omitted). Here, the officers have shown no "manifest injustice" that would result from declining to consider this claim now. Moreover, the question

of the extent to which Chase's surrender was voluntary requires further factfinding.[2] We therefore decline to entertain this alternative ground for qualified immunity.

Third, Defendants-Appellants argue that the resolution of Chase's false statement proceedings by a *nolle prosequi* negates her malicious prosecution claim and thus entitles the officers to qualified immunity. "[A] plaintiff asserting a malicious prosecution claim under § 1983 must . . . show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018). The district court held that a "genuine dispute of material fact" as to the origin and conditions of the *nolle* precluded summary judgment on Chase's malicious prosecution claim. *Chase*, 2020 WL 8181655, at *16. We agree and conclude that we lack jurisdiction to consider this claim given the parties' disagreement about the basis of the *nolle* and whether the *nolle* left open the question of Chase's innocence.

We turn next to Defendants-Appellants' argument that the officers are entitled to qualified immunity on Chase's equal protection claim. To state an equal protection claim based on a theory of selective enforcement, a plaintiff must prove that they were (1) "selectively treated" compared with "others similarly situated" and (2) "the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations." *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019) (citation omitted). Here, the district court determined that "a reasonable jury could reach different conclusions" about the "factual dispute" of whether gender bias motivated the officers. *Chase*, 2020 WL 8181655, at *19–20. Rather than asserting their entitlement to

---

[2] The record indicates only that Detective Colangelo reported that Chase "agreed to turn herself in" upon issuance of the warrant and "walked into the booking room . . . where she was processed." Joint App'x at 963.

qualified immunity as a matter of law, the officers are effectively challenging the district court's ruling about the sufficiency of the evidence to create an issue for the jury — a contention that we cannot entertain on interlocutory review. *See, e.g.*, *Doninger*, 642 F.3d at 352; *Salim*, 93 F.3d at 91.

* * *

Having concluded that we lack jurisdiction to consider the question of qualified immunity as to Chase's federal law claims, we also lack any basis to exercise pendent jurisdiction over Chase's state law claims. We have considered Defendants-Appellants' remaining arguments and find them to be without merit. Accordingly, we **DISMISS** this appeal for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit