UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **NICOLE CHASE** | : | **NO.: 3:18-cv-00683 (VLB)** |
| | : | |
| **v.** | : | |
| | : | |
| **NODINE'S SMOKEHOUSE, INC., et al** | : | December 17, 2021 |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF CHIEF ARCIERO AND DEFENDANT EXHIBITS CD-S and CD-NN

The plaintiff, through counsel, here moves to preclude the admissibility of the following evidence at trial:

1) Defendants' Exhibit CD-S emails regarding Connecticut State Police Investigation of Chase Matter;

2) Defendants' Exhibit CD-NN, the Internal Affairs investigation of Christopher Arciero; and

3) "Expert" Testimony of Chief Arciero.

For the reasons outlined below, the documents and testimony should be precluded in their entirety, except as expressly consented to herein.

I.  **Exhibit CD-S and the Substance Contained in the Emails Is Inadmissible**

A. **Relevant Facts**

On February 9, 2018, Plaintiff's Counsel sent a notice of representation and Notice of Claim to Chief Arciero and the Town of Canton. Exhibit 1 to this Motion. Plaintiff's counsel specifically requested that Chief Arciero refer the investigation of his officers to the Connecticut State Police or an outside law enforcement

agency for investigation.  Exhibit 1, p. 2.   Chief Arciero was specifically mentioned in the Notice of Claim, dated February 9, 2018.  Exhibit 1 p. 1.

On April 12, 2018, plaintiff, through counsel, served her original state court complaint on the Canton police defendants.  Chief Arciero was named as an individual defendant.

On April 25, 2018, the Canton Board of Selectman authorized Chief Arciero to initiate an internal affairs investigation based upon the Chimes Letter and Notice of Claim.  Arciero Internal Affairs Investigation, p. 3, attached as Exhibit 2.

On April 26, 2018, Chief Arciero sent an email that purported to confirm a conversation with Sgt. Alain Bisson about the of a review of "the file" by Bisson, some senior detectives, and several State Attorneys. On June 11, 2018, Arciero followed up and Bisson confirmed that there would be no written summary of their findings on this case.  E-mail exchanges between Christopher Arciero and Alain Bisson, attached as Exhibit 3.[1]

Prior to accepting his position as Chief of the Canton Police Department in 2010, he had been with the Connecticut State Police for 26 years.  He was a Major the second highest rank in CSP, when he left to become Chief of the Canton Police.

B. <u>Discussion</u>

1. **<u>Exhibit CD-S is inadmissible hearsay</u>.**

---

[1]   This is the only written document that indicates that CSP or any other organization ever reviewed the Chase matter.  CSP has not provided any confirmation, but plaintiff counsel's informal discussions painted a very different picture than what has been portrayed by Chief Arciero.

**The emails contain multiple levels of inadmissible hearsay, that do not meet either the business record (803(6)) or public record (803(8)) exceptions. An interdepartmental communication about a review of the "Chase file" is not a regularly conducted activity under 803(6)(B). The informal nature of the interaction also does not meet the threshold for a "legal duty to report" under 803(6).**

**The circumstances of the emails also indicate a lack of trustworthiness. Chief Arciero's "confirmation of what he's been told" is never confirmed in writing, and CSP explicitly states that nothing will be put into writing. Chief Arciero's "confirmation of what he's been told" also conflicts with other information received by plaintiff's counsel. Finally, why is Chief Arciero asking the Connecticut State Police "if there are grounds for Nicole Chase to pursue workplace harassment claims against Calvin Nodine?" This is plainly Chief Arciero's self-serving effort to create a paper trail in support of his Department, his employees, and himself.**

**Even if the emails purported to state what Chief Arciero claims to have been told, it would be hearsay based upon other hearsay, lacking any foundation.**

2. <u>Exhibit CD-S is Irrelevant FRE 401</u>

The opinions that Chief Arciero claims to have been told: (1) "that there was no probable cause to pursue charges against Nodine and that it would not be pursued," (2) that there may be grounds for Mrs. Chase to pursue workplace harassment charges against Nodine, and (3) you and others (?) had no issues

3

with Detective's investigations or interviews, are completely irrelevant to the remaining issues in this case against the Canton Police defendants.

They have no bearing on the issues of whether the defendants provided false and misleading information to obtain an arrest warrant against Nicole Chase, and whether they were motivated by gender bias.

3. **The prejudice of the Admission of Exhibit CD-S would outweigh any relevance (FRE 403)**

Even, assuming *arguendo* that the emails were relevant, the prejudice of admitting Chief Arciero's unconfirmed "confirmatory" unclear statement, for which there is no documentation whatsoever, would clearly outweigh any probative value, confuse the jury, and create a "mini-trial" about what actually happened. It would open the door for the plaintiff to put on rebuttal evidence that when this matter was reviewed by the U.S. Attorney's office, they took a much harsher view of the conduct of the Canton Police Defendants. This would only delay resolution of the trial and further confuse the jury.

II. **Exhibit CD-NN Arciero's Internal Affairs Investigation, and the Attached Exhibits Are Inadmissible**

A. **Additional Relevant Facts**

During most of the Internal Affairs Investigation, Chief Arciero was a named defendant in this lawsuit.[2]   The Canton police witnesses were interviewed in May – June 2018.

Chief Arciero's report was responsive to the allegations in plaintiff's counsel's letter, dated February 9, 2018, and plaintiff's original complaint, served

---

[2]   The court dismissed the claims against Chief Arciero on February 9, 2019.

4

upon the defendants on April 12, 2018.  Arciero IA Report, p. 3, 17, 18, 19.  The letter and complaint were sent prior to the start of the lawsuit, before any discovery had been obtained.   Chief Arciero's IA Report was not addressed to the issues that were more fully addressed and developed through discovery ad the consultation of experts.

Most of Chief Arciero's IA report consists of a marshaling of hearsay evidence contained in the contemporaneous documents that formed the basis of investigation of Nicole Chase's complaint and her arrest for making a false statement.

Based upon his analysis of the facts making up the record in this matter, he reached the following conclusions:

1. There is no basis to believe that Adam Gompper or Dispatcher Canney intentionally or negligently misconstrued Nicole Chase's complaint when Officer Gompper spoke to her on May 7, 2017.  Arciero IA Report, p.  7.

2.  Adam Gompper did not violate any Canton Police General Order by speaking with Nicole Chase in the lobby on May 7, 2017.  Arciero IA Report, p. 11.

3.  Adam Gompper' s treatment of Nicole Chase did not violate Canton Police workplace order 6.6 (Treating victims of sexual assault).  Arciero IA Report, p. 12.

4.  Adam Gompper should not have put his conclusions about the lack of probable cause to charge Calvin Nodine in his Police Report, dated June 21, 2017.  It violated General order 6.6.   Arciero IA Report, p. 14.

5

5. **Detective Colangelo should have had better communication with his supervisors and should have discussed the disposition of the "Butt-grabbing" claim with Nicole Chase. This violated General Order 6.1. Arciero IA Report, p. 17.**

6. **There is no Canton Police General Order that relates specifically to the treatment of sex offenses, and so Detective Colangelo cannot be found to have violated any Canton Police General Order relating to his treatment of her. Arciero IA Report, p. 18.**

7. **No factual basis for claim that John Colangelo spoke in a rapid staccato voice. Arciero IA Report, p. 18.**

8. **There is no factual basis for a finding that Detective Colangelo engaged in "abominable" treatment in the manner that he conducted his interview. Arciero IA Report, p. 19.**

9. **Detective Colangelo was legally required to justify the existence of probable cause. Arciero IA Report, p. 20.**

10. **It cannot be determined that any specific Canton Police Department General Order was violated with respect to Detective Colangelo's determination of probable cause. Detective Colangelo was entitled to rely on the premise that typical investigative functions of a police officer require the exercise of discretion and judgment. Arciero IA Report, p. 25.**

11. **Det. Colangelo's failure to follow up with Nicole Chase's emails about the status of the case, and failure to forward her revised statement to the**

State's Attorney for review was inconsistent with Gen. Ord. 1.7 and 6.6. Arciero IA Report, p. 27.

12. Det. Colangelo's failure to notify Nicole Chase that she was a target of investigation and was the subject of arrest was "inconsistent" with Gen. Order 1.7 and 6.6. Arciero IA Report, p. 30.

13. Chief Arciero stated that he was unable to determine whether supervisory oversight of the investigation factored into and influenced the underlying probable cause determination. Arciero IA Report, p. 31.

14. Chief Arciero stated that the evidence showed that Detective Colangelo believed that he was assisting Adam Gompper with the interviews. Arciero IA Report, p. 32.

15. Chief Arciero reached the following conclusions as to violations of Police Policy as to Adam Gompper:

   a. Gen. Order 1.7 Violation of Police Ethics – not sustained

   b. Gen. Order 6.6 Sexual Assault Procedures – Not sustained

   c. Gen. Order 10.2 Report Writing – Sustained

Arciero IA Report, p. 35 - 37.

16. Chief Arciero cannot conclude that Nicole Chase's arrest warrant "lacked any indicia of probable cause." Arciero IA Report, p. 37-38.

17. Chief Arciero reached the following conclusions as to violations of Police Policy as to Detective Colangelo:

   a. Gen. Order 6.6 Sexual Assault investigation (Interview Process)– Not sustained

    b. Gen. Order 6.6 Sexual Assault investigation (Investigation process) - sustained

    c. Gen. Order 10.2 Report Writing – sustained

    d. Gen. Order 6.1 Criminal Investigations – sustained

**Arciero IA Report, pp. 38-39.**

In addition, after plaintiff's counsel's letter, dated February 9, 2018 and the complaint had been filed, Chief Arciero recommended numerous policy changes to rectify the issues that had been raised by the treatment of Nicole Chase. **Arciero IA Report, p. 41.**

  B.  <u>The Entire Report and Exhibits Are Inadmissible Hearsay</u>

Rule 808(8)(A)(ii) requires that a report is only admissible as a public record to matters observed while under al legal duty to report. In this case, Chief Arciero was not a witness to any of the incidents that are the subject of this lawsuit, and recitation of all the facts contained in the internal affairs report is based upon hearsay information and not admissible. *Chalco v. Belair*, 2019 WL 456162, at *5 (D. Conn., 2019).

In addition, Arciero's Internal Affairs Report does not have the indicia of reliability justifying its admission as a public record. FRE 803(B). Factors in assessing the reliability of a public record include: (a) the timeliness of the investigation, (b) the special skills or experience of the official, (c) whether a hearing was held and the level at which it was conducted, and (d) possible motivation problems. *Bridgeway Corp. v. Citibank,* 201 F.3d 134, 143 (2d Cir.2000)

8

(citing FED.R. EVID. 803(8)(C) advisory committee note):  *In re Parmalat Securities Litigation*, 477 F.Supp.2d 637, 640 (S.D.N.Y. 2007).

Chief Arciero is obviously biased, and has a strong motive to protect his officers, his Police Department and himself.  He was authorized to produce the report by the Canton Board of Selectman, who represents the Town and are exposed to significant liability in this lawsuit.  It is extremely unlikely that under any circumstances, Chief Arciero would be prepared to present a completely honest report that could be used as evidence against the Town.

All the factual determinations were made by Chief Arciero, as opposed to a factual hearing in front of a neutral administrative factfinder or tribunal.  The determinations made by an individual, less than neutral factfinder cannot be considered reliable.

The Report was produced nearly eighteen months after Nicole Chase's arrest, a significant lapse of time.

In addition, although Chief Arciero may arguably be an expert on Canton Police General Orders, he is not an expert on sexual assault investigations.  Chief Arciero has been an administrator as Chief of Police for Canton since 2010, and a Major or Lt. colonel in the Connecticut State Police since 2008.  He has been a high-level administrator, and not been conducting sexual assault investigations for at least twelve years.[3]

---

[3]  Defendants counsel has not produced Chief Arciero's CV, in violation of the Courts' Joint Trial Memorandum Order, ¶8(b) and in Response to Plaintiff's Requests for Production, dated June 25, 2018, #25.  See Plaintiff's Interrogatories and Production Requests, #25, attached as Exhibit 4.  Plaintiff reserves the right to supplement this Motion once Chief Arciero's Resume is produced.

**For all these reasons, Chief Arciero's Internal Affairs Report does not have the indicia of reliability required for admission under FRE 803(b).**

### C. The Opinions and Conclusions Contained in Chief Arciero's Investigative Report Are Inadmissible as Either Lay or Expert Testimony

**FRE 701 (Lay Opinion Testimony) requires an opinion from a non-expert to be based upon the witness' perception. Since Chief Arciero did not observe anything firsthand, none of the opinions in his report ae admissible as lay opinions.**

**The use of expert testimony is "not permitted if it will usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it."** *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994). **Courts will exclude opinions which would "merely tell the jury what result to reach", that are "phrased in terms of inadequately explored legal criteria" or that "communicate a legal standard–explicit or implicit—to the jury."** *Hygh v. Jacobs,* 961 F.2d 359, 363 (2d Cir. 1994).

**In particular, the Second Circuit has made clear that expert testimony that the issue of whether or not probable cause exists is not properly the subject of expert testimony.** *Cameron v. City of New York,* 598 F. 3rd 50, 62 (2d Cir. 2010)(Improper in malicious prosecution case to permit prosecutor to opine on the existence of probable cause); *Simuro v. Shedd*, 2016 WL 9526418, at *4 (D. Vt., 2016); Soldo v. Village of Monticello, 2016 WL 4532212, at *5 (S.D.N.Y., 2016); *Spadaro v. City of Miramar*, 2013 WL 12090197, at *4 (S.D.Fla., 2013).

Many of Chief Arciero's opinions relate to the issue of probable cause and should be excluded.

The other opinion improperly tell the jury the factual findings that it should reach.  These should be excluded

In addition, the remainder of Chief Arciero's report is merely factual narratives not based upon his personal knowledge.  *Simuro v. Shedd*, 2016 WL 9526418, at *4 (D. Vt., 2016).  A party may not present an expert to the jury solely for the purpose of constructing a factual narrative based upon record evidence.  *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 45 (S.D.N.Y. 2016).   Expert testimony that merely makes the same point as counsel would in closing argument should be excluded.  *Chin v. Port Auth. Of N.Y. & New Jersey*, 685 F.3d 135, 161 (2d Cir. 2012).

Chief Arciero's report and purported testimony merely seeks to marshal the evidence already in the record in a manner favorable to his Department and his defendant officers.  This is improper expert testimony.

Chief Arciero's testimony as to whether or not the conduct of Officer Gompper and Detective Colangelo violated Canton Police Department policies is similarly irrelevant.  The Town of Canton's polices and whether or not they have been violated is irrelevant to the issue of whether the defendants have violated Ms. Chase's constitutional rights and cannot be used to determine whether the defendants' actions were objectively reasonable.  *Chalco v. Belair*, 2019 WL

456162, at *5 (D. Conn., 2019); *Thompson v. City of Chicago*, 472 F. 3rd 444 (7th Cir. 2006); *Lopez v. City of New York*, 186 F.Supp.3d 304, 313 n. 7 (S.D.N.Y., 2016).[4]

### D. Chief Arciero's Testimony and the IA report Should Be Excluded Under Rule 403

None of Chief Arciero's opinions contained in his Internal Affairs report relating to whether or not the defendants violated Canton Police Policy are relevant to the issues for the jury to decide. Admission of the issues that he addresses in the report would only confuse the jury, create multiple mini-trials on the Canton Police General Orders and cause significant delay.

Chief Arciero's marshaling of the facts or his testimony reflecting his version of the facts on record would be highly prejudicial with little if any probative value. FRE 403.

Chief Arciero's Internal Affairs Report and the Exhibits contained therein should be excluded in their entirety.

### III. Chief Arciero Should Not Be Permitted to Testify to the Matters Contained in His Internal Affairs Report

For the reasons stated above, Chief Arciero should not be permitted to testify to the opinions contained in his report. Since he was not a firsthand observer to the events that actually occurred, he also should not be permitted to

---

[4] The plaintiff recognizes that she may open the door for limited rebuttal testimony on violations under certain circumstances. For example, if the plaintiff seeks to introduce evidence of intentional violations Canton Police Policy as circumstantial evidence of discriminatory intent for her Equal Protection violations, appropriate testimony rebutting this may be potentially admissible. If this occurs, the issue is best addressed at trial before the defendant presents her case.

marshal the evidence that already is contained in the record and comment and draw conclusions about it.

**CONCLUSION**

Wherefore, the plaintiff respectfully requests that her motion in limine be granted.

>THE PLAINTIFF,
>NICOLE CHASE
>
>By: *Lewis Chimes (CT 07023)*
>Lewis Chimes (Juris No. CT 07023)
>Mary-Kate Smith (Juris No. CT 26820)
>Law Office of Lewis Chimes LLC
>45 Franklin Street
>Stamford, CT 06901
>Phone: (203)324-7744/Fax (203)969-1319
>Email: lchimes@chimeslaw.com
>msmith@chimeslaw.com

## **CERTIFICATION**

**I HEREBY CERTIFY that on the 17th day of December 2021 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.**

                                                 ___*/s/ Lewis Chimes*___
                                                 **Lewis Chimes**