# Exhibit 1



CERTIFIED MAIL

7014 2120 0004 3713 0041

LAW OFFICE OF LEWIS CHIMES LLC
45 FRANKLIN STREET
STAMFORD, CONNECTICUT 06901

Christopher Arciero
Chief of Police and Director of Emergency Management
45 River Road (Rt-179)
Canton, CT 06019

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Christopher Arciero
    Chief of Police and Director of
    Emergency Management
    45 River Road (Rt-179)
    Canton, CT 06109

9590 9402 2404 6249 1530 13

2. Article Number (Transfer from service label)

    7014 2120 0004 3713 0041

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X                                    ☐ Agent
                                        ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery
     (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# LAW OFFICE OF LEWIS CHIMES LLC

45 FRANKLIN STREET
STAMFORD, CONNECTICUT 06901
PHONE: (203) 324-7744 • FAX: (203) 969-1319
WWW.CHIMESLAW.COM

LEWIS CHIMES * †
MARY-KATE SMITH *
* ALSO ADMITTED IN NY
† ALSO ADMITTED IN MA

February 9, 2018

Christopher Arciero
Chief of Police and Director of Emergency Management
45 River Road (Rt-179)
Canton, CT 06019

Re: **Nicole Chase**

Dear Chief Arciero:

Attached for your review is a Notice of Claim that I am filing on behalf of Nicole Chase against you and various members of your police department relating to the abominable treatment that she received at the hands of two of your police officers. Nicole Chase is a citizen of Canton, and came to your Department seeking fair treatment and justice after being sexually assaulted by her employer. As a result of your department's mishandling of this case, a sexual assailant has gotten away with the crime, and the victim was charged with the crime. I am also including for your education a recent New York Times article about police departments who wrongfully charge victims of sexual assault with crimes.

I have been an attorney for over thirty years and a former sex crimes prosecutor. In addition to screening and prosecuting these cases, I have been handling both criminal and civil sexual assault cases for over twenty-five years. When I first read the arrest warrant in this case, I was dumbfounded. I could not believe that in 2017, a sexual assault victim who reported the crime immediately and was completely consistent that it was a forcible, nonconsensual sexual assault was being charged with making a false statement because she did not initially give all of the details in her initial interview with the police. Victims of sexual assault frequently do not provide all of the details when they initially come forward, for many reasons; this does not mean that they are lying about the criminal act. Clearly the Detective and police officers in your department had no understanding about how to interview victims of sexual assault and investigate sexual assault claims. Ms. Chase's treatment by your department is the reason that women who have been sexually assaulted are reluctant to report these crimes to law enforcement.

1

While I will be aggressively representing Ms. Chase's interests and claims against the Department, you have an obligation and responsibility to do justice and serve all members of your community. I suggest the following:

1. Take all necessary precautions to make sure that nobody in your department or town at the behest of any member of the department retaliates against Nicole Chase.
2. Re-open the investigation of the sexual assault investigation against Ms. Chase by Calvin Nodine and refer it to the State Police for an objective investigation.
3. Refer the treatment and false accusation of Nicole Chase by your officers to the State Police or an outside law enforcement agency for potential civil rights violations.
4. Provide appropriate training to all members of your police department on investigation of sexual assault claims and treatment of victims of sexual assault.
5. Educate your police department about the need to provide victims of sexual assault with access to and information about support organizations such as the "Connecticut Sexual Assault Crisis Center."
6. Improve your all male department's efforts at diversity.

Your Department's "victim-shaming" of Ms. Chase is disgraceful, and reflects poorly on your department and your town. Instead of reflexively defending your officers, I hope that you will use this unfortunate event as an opportunity to make positive changes to your department.

Yours truly,

Lewis Chimes

Cc: Leslie Hill
First Selectman
Town of Canton
P.O. Box 168
4 Market Street
Collinsville, CT 06022

Robert Skinner
Chief Administrative Officer
P.O. Box 168
4 Market Street
Collinsville, CT 06022

## NOTICE OF INTENT TO FILE CLAIM

**TO:** Town Clerk
Town of Canton
4 Market Street
Collinsville, CT 06022

**Claimant:** Nicole Chase
C/o Law Office of Lewis Chimes
45 Franklin Street
Stamford, CT 06901

**Date:** May 7 - September 8, 2017
**Location:** Canton Police Department
45 River Road
Canton, CT 06019

**Nature of Claim:** False Arrest, Negligence, Malicious Prosecution, Negligent and Intentional Infliction of Emotional Distress, Invasion of Privacy, Deprivation of Civil Rights, Denial of Equal Protection of the Laws

**Your Employees:** Chief Christopher Arciero
Detective John Colangelo
Police Officer Adam Gompper
Other Canton Police Officers and Dispatchers Involved in the Investigation of Nicole Chase's Sexual Assault Complaint and Her Arrest For Making a False Statement

Pursuant to Conn. Gen. Stat. § 7-465, the plaintiff, Nicole Chase, through counsel, hereby gives notice that she intends to commence a cause of action against Chief of Police Christopher Arciero, Detective John Colangelo, and Police Officer Adam Gompper as follows:

On May 6, 2017, Nicole Chase was sexually assaulted by her employer, Calvin Nodine, at Nodine's restaurant in Canton, Connecticut. The following morning, she reported the sexual assault to the Canton Police Department. Police Officer Adam Gompper spoke to her.

Over the next three months, Nicole Chase was victimized a second time by Police Officer Gompper, Detective Colangelo, and other Canton Police Officers assisting in this investigation and overseeing them. Officer Gompper and Detective Colangelo treatment of Ms. Chase failed to meet even the most minimal standards of care for persons interviewing and investigating a victim of sexual assault. They treated her with complete disrespect and never took her complaint seriously. Their interviewing techniques were entirely unsuited for victims of sexual assault.

1

Their investigation was abominable, unreasonably delayed and failed to meet even the most basic standard of care for investigation of allegations of sexual assault. Many areas of potential corroboration or supportive evidence were ignored. Their investigation was totally biased against Ms. Chase, and thus violated minimal standards of care for competent police investigations. In contrast, their treatment of the rapist was cordial, deferential, and accommodating from the outset.

On July 17, 2017, Detective Colangelo drafted and an Arrest Warrant against Nicole Chase for violation of Conn. Gen. Stat. 53a-127(b). Ms. Chase was arrested on September 8, 2017. Calvin Nodine, the rapist, was never charged.

At no time prior to being told that she was being arrested did Det. Colangelo and Officer Gompper, and any and all officers involved in the investigation and oversight of the investigation tell her that she was a criminal suspect or advise her that she had a right to remain silent or seek counsel.

Det. Colangelo and Officer Gompper, and any and all officers involved in the investigation and oversight of the investigation lacked probable cause to arrest Ms. Chase for the crime. The warrant that was submitted for judicial review was made with malice, in bad faith and the product of corruption. It was filled with lies, innuendoes, and distortions of the facts. Det. Colangelo and Officer Gompper, and any and all officers involved in the investigation and oversight of the investigation failed to submit the reviewing court numerous pieces of evidence that exculpated and/or demonstrated that the charge was patently false.

Det. Colangelo and Officer Gompper, and any and all officers involved in the investigation and oversight of the investigation violated Ms. Chase's privacy rights and Conn. Gen. Stat. §1-210 and §1-215 by disclosing documents from the ingoing criminal investigation to Calvin Nodine, Nodine's company (Nodine's Smokehouse, LLC), and their attorneys. Det. Colangelo and Officer Gompper, and any and all officers involved in the investigation and oversight of the investigation disclosed to Calvin Nodine, Nodine's company (Nodine's Smokehouse, LLC), and their attorneys the fact that Ms. Chase was being arrested prior to telling her.

Police Chief Christopher Arciero was, at all times mentioned herein, responsible for the supervision and training of Det. Colangelo and Officer Gompper, and any and all officers involved in the investigation and oversight of the investigation. It is evident that Det. Colangelo and Officer Gompper, and any and all officers involved in the investigation and oversight of the investigation, were not properly trained in (1) the investigation of complaints of sexual assault; (2) the resources available to victims of sexual assault; (3) How to properly interview victims of sexual assault.

Nicole Chase was treated differently as a crime victim because of her gender, in violation of her Right to Equal Protection under the Fourteenth Amendment of the United States Constitution and Article Five of the Connecticut Constitution by Det. Colangelo and Officer Gompper, and any and all officers involved in the investigation and oversight of the investigation.

Police Chief Christopher Arciero permitted a policy and practice of discrimination on the basis of sex in the Canton Police Department, resulting in Nicole Chase's improper treatment and arrest.

As a result of her treatment as outlined above, Nicole Chase has suffered economic damages and emotional distress.

RESPECTFULLY SUBMITTED
NICOLE CHASE

By: _____

Lewis H. Chimes
*Juris No. 303446*
Law Office of Lewis Chimes LLC
45 Franklin Street
Stamford, CT 06901
(203)-324-7744
Fax 203-969-1319
lchimes@chimeslaw.com

**The New York Times** | https://nyti.ms/2i1pVKN

SundayReview | OPINION

# When Sexual Assault Victims Are Charged With Lying

By KEN ARMSTRONG and T. CHRISTIAN MILLER   NOV. 24, 2017

The women accusing the Republican Senate candidate Roy Moore of sexual misconduct have faced doubt and derision. Other women, who have alleged sexual assault or harassment by powerful men in Hollywood, Silicon Valley and elsewhere, have become targets for online abuse or had their careers threatened. Harvey Weinstein went so far as to hire ex-Mossad operatives to investigate the personal history of the actress Rose McGowan, to discourage her from publicly accusing him of rape.

There are many reasons for women to think twice about reporting sexual assault. But one potential consequence looms especially large: They may also be prosecuted.

This month, a retired police lieutenant in Memphis, Tenn., Cody Wilkerson, testified, as part of a lawsuit against the city, not only that police detectives sometimes neglected to investigate cases of sexual assault but also that he overheard the head of investigative services in the city's police department say, on his first day in charge: "The first thing we need to do is start locking up more victims for false reporting." It's an alarming choice of priorities — and one that can backfire.

In 2015 we wrote an article for ProPublica and the Marshall Project about Marie, an 18-year-old who reported being raped in Lynnwood, Wash., by a man who

4
ARTICLES REMAINING                         SEE MY OPTIONS          Subscriber login

discrepancies. Instead of interviewing her as a victim, they interrogated her as a suspect. Under pressure, Marie eventually recanted — and was charged with false reporting, punishable by up to a year in jail. The court ordered her to pay $500 in court costs, get mental health counseling for her lying and go on supervised probation for one year. More than two years later, the police in Colorado arrested a serial rapist — and discovered a photograph proving he had raped Marie.

What happened to Marie seemed unthinkable. She was victimized twice — first raped, then prosecuted. But cases like hers can be found around the country. In 1997, a legally blind woman reported being raped at knife point in Madison, Wis. That same year, a pregnant 16-year-old reported being raped in New York City. In 2004, a 19-year-old reported being sexually assaulted at gunpoint in Cranberry Township, Pa.

In all three instances, the women were charged with lying. In all three instances, their reports turned out to be true. The men who raped them were later identified and convicted.

In 2001, a 13-year-old in White Bear Lake, Minn., reported being abducted and molested. "You keep lying and lying and lying and lying," a police detective told her. In 2015, a physical therapist in Vallejo, Calif., reported being kidnapped and sexually assaulted. The police called her story a hoax. One lieutenant said that she "owes this community an apology." In both instances, video footage later surfaced affirming the victims' reports.

In Marie's case, and with some of the other cases, the victims hadn't acted the way the police thought a victim should act. Their affect seemed off, or they declined help from an advocate, or they looked away instead of making eye contact. As a result, their stories became suspect.

In Lynnwood, the police have since changed the way they do things to prevent anything like Marie's case from happening again. Detectives today receive additional training about trauma and cannot doubt a rape report absent "definitive proof" that it is false. In an effort to build trust, the department ensures that victims get immediate help from specially trained advocates. Those changes correspond with guidelines for rape investigations that sex-crimes experts have urged for police

departments around the country. Those guidelines stress: The police should investigate thoroughly while reserving judgment. Evidence trumps assumptions. The police should be wary of stereotypes; they should not, for example, find an adolescent victim less believable than an adult. Some victims will be hysterical, others stoic; police should not measure credibility by a victim's response. Police should not interrogate victims. They should listen.

Nationally, police departments, victim advocates and academics have experimented with ways to relieve the burden on rape victims who might fear dismissal, or even arrest, by reporting their attacks to the police. Perhaps the most influential campaign to change police procedures is known as Start by Believing, sponsored by End Violence Against Women International, an organization that conducts training for the police and victim advocates. The campaign asks participants to make a simple pledge: Start the process of investigation by believing those who come forward. Police agencies in nearly every state have joined up.

Police in Ashland, Ore., started a program called You Have Options. Agencies that participate handle sexual-assault complaints in a radically different way. Victims can report a rape but request that the police not pursue criminal charges. The idea is to give more control to victims, who might otherwise be reluctant to involve themselves with law enforcement. The detective who founded the program believes it will help the police in the long term by increasing the number of people who come forward and allowing police to collect information that could be used in future investigations if a victim changes his or her mind.

Both programs are controversial. For instance, Stacy Galbraith, the detective in Colorado who arrested the serial rapist in Marie's case, told us her starting point isn't believing: "I think it's listen to your victim. And then corroborate or refute based on how things go."

You Have Options is an even tougher sell. Many police officers are instinctively resistant to the idea of not immediately investigating a rape. Their job, after all, is to catch bad guys, not let them get away.

It is clear that some law enforcement agencies have begun to experiment with ways to be more responsive to rape victims. It is equally clear that there are no

simple solutions. The path forward will almost certainly be contentious. But if we are going to make it easier for victims to tell their stories to law enforcement, change is essential.

Ken Armstrong and T. Christian Miller are senior reporters at ProPublica and the authors of "A False Report: A True Story of Rape in America," to be published in February.

*Follow The New York Times Opinion section on Facebook and Twitter (@NYTopinion), and sign up for the Opinion Today newsletter.*

A version of this op-ed appears in print on November 26, 2017, on Page SR9 of the New York edition with the headline: First Raped, Then Prosecuted.

© 2017 The New York Times Company

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Chase 2/9/18

Letter to Chief Arciero

Sent To
Street & Apt. No., or PO Box No.
City, State, ZIP+4

PS Form 3800, July 2014         See Reverse for Instructions

7014 2120 0004 3713 0041

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
   Christopher Arciero
   Chief of Police and Director of Emergency Management
   45 River Road (Rt-179)
   Canton, CT 06109

9590 9402 2404 6249 1530 13

2. Article Number (Transfer from service label)
   7014 2120 0004 3713 0041

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _Ryan Kerr_    ☑ Agent   ☐ Addressee

B. Received by (Printed Name): Ryankerr304
C. Date of Delivery: 2/12/18

D. Is delivery address different from item 1?  ☐ Yes   ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery (over $500)
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053         Domestic Return Receipt